UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASA NIDO PARTNERSHIP,<br><br>    Plaintiff,<br><br>    v.<br><br>JAE KWON, et al.,<br><br>    Defendants. | Case No. 20-cv-07923-EMC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Docket No. 46 |

## I.     INTRODUCTION

Plaintiff Casa Nido Partnership ("Plaintiff") filed suit against Defendants Catherine O'Hanks, Jae Kwon, and Lynn Marie Garibotti ("Defendant Garibotti"), who sequentially owned and operated a dry-cleaning facility over a 47-year period. Docket No. 38 ("FAC") at 1. Plaintiff alleges that the Defendants, while operating the facility, released Tetrachloroethylene ("PCE") onto the floor and into the groundwater below the facility, for which Plaintiff spent hundreds of thousands of dollars remediating. *Id.* at 1. Plaintiff alleges that it is entitled to indemnification and contribution from the Defendants under the federal Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), California's Hazardous Substance Account Act ("HSAA"), the California Water Code, and on other California state law grounds. *Id.* Pending before the Court is Defendant Garibotti's motion to dismiss for failure to state a claim upon which relief can be granted. Defendant Garibotti argues that she was not a trustee but a trust beneficiary, and therefore cannot be held liable. Docket No. 63 ("Mot.") at 1. As the basis for her argument, she seeks to introduce documents showing that she was a trust beneficiary under the incorporation by reference doctrine. *Id.* at 2.

## II. BACKGROUND

According to Plaintiff's FAC, Defendants Catherine O'Hanks, Jae Kwon, and Defendant Garibotti sequentially owned and operated a dry-cleaning facility in California from 1960 to 2007. FAC at 1. Plaintiff alleges that in the operation of the dry-cleaning facility, the Defendants released or caused the release of PCE onto the floor, through the drains, and into the groundwater below the facility. *Id*. PCE is a manufactured chemical and hazardous substance, as well as a potential carcinogen. *Id.*

Plaintiff owned the Property from 1976 to 1992. Plaintiff alleges that Defendant Garibotti was the successor trustee of the Claudio Garibotti Trust, which owned the Property between 1952 to 1976. *Id*. at 1, 3–4. Therefore, Plaintiff alleges that Defendant Garibotti held title to and managed the Property, including the building, during the time Defendant O'Hanks operated the dry-cleaning business on the Property and improperly disposed of fluids containing PCE. *Id*.

Plaintiff learned of the contamination when the facility closed in 2016, spent hundreds of thousands of dollars remediating the site, and filed this lawsuit. *Id.* Plaintiff further states that the total costs associated with the investigations and remediation of this contamination will likely be as much as $1,000,000 or more. FAC at 6.

## III. DISCUSSION

The premise of Defendant Garibotti's motion to dismiss lies entirely on the assertion that Defendant Garibotti was not a trustee but a trust beneficiary, and therefore cannot be held liable. Mot. at 1. Therefore, Defendant Garibotti attempts to introduce a Trust Agreement and a letter from a bank discussing the trust as evidence that she was not a trustee, under the incorporation by reference doctrine. *Id.* at 2.

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), evidence beyond the pleading should generally not be considered. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). An exception to this rule is when the document is incorporated by reference into the complaint. *Id*. The incorporation by reference doctrine "is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Id*. at 1002. The doctrine's purpose is to "prevent[ ] plaintiffs from selecting only portions of documents that

1    support their claims, while omitting portions of those very documents that weaken—or doom—

2    their claims." *Id*. at 1002.  Such documents may be considered as "part of the complaint" without

3    converting the Rule 12(b)(6) motion into one for summary judgment.  *United States v. Ritchie*,

4    342 F.3d 903, 908 (9th Cir. 2003).  Therefore, "a court may assume [that an incorporated

5    document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."  *Khoja*,

6    899 F.3d at 1003.

7    The doctrine "permits a district court to consider documents whose contents are alleged in

8    a complaint and whose authenticity no party questions, but which are not physically attached to

9    the . . . pleadings."  *Ritchie*, 342 F.3d at 908 (internal quotation marks omitted).  Such documents

10   may be incorporated "if the plaintiff refers extensively to the document or the document forms the

11   basis of the plaintiff's claim."  *Id.*

12   Whether a document "forms the basis" of a complaint turns on whether the complaint

13   "necessarily relies" on that document.  *Ecological Rights Foundation v. Pacific Gas and Elec. Co.*,

14   713 F.3d 502 (9th Cir. 2013).  "A court may consider evidence on which the complaint

15   "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the

16   plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6)

17   motion."  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  An example of necessary reliance

18   is when a document serves as the foundation for an element of the claim.  *See Khoja*, 899 F.3d at

19   1005 (finding the district court did not abuse its discretion in incorporating by reference an article

20   that "revealed the materiality of [the defendant's] alleged misrepresentations and omissions"); *see*

21   *also Marder*, 450 F.3d at 448–49 (a release of claims was incorporated by reference when the

22   interpretation of the release was necessary to the plaintiff's claims).

23   The Ninth Circuit in *Knievel* extended this doctrine to allow the defendant to attach a

24   document in its motion to dismiss where the plaintiff does not explicitly allege the contents of the

25   document in the complaint, under some circumstances.  In order for this extension to apply, the

26   plaintiff's claim must depend on the contents of the document and the parties must not dispute the

27   authenticity of the document.  *Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005) (allowing the

28   introduction of a website's contents that were seen alongside the disputed contents and were not

disputed for authenticity in a defamation lawsuit).

Defendant Garibotti argues that the proposed trust documents can be incorporated because the FAC relies on them, allowing the Court to consider their contents. Reply at 3. Plaintiff counters that Defendant Garibotti cannot introduce extrinsic documents in support of her motion. Opp'n at 2.

Neither the trust agreement nor the letter is discussed in the FAC; therefore, they cannot be introduced on the basis that Plaintiff refers extensively to the document. The only remaining argument Defendant Garibotti can make is that the proposed documents "form the basis" of the FAC because the FAC necessarily relies on those documents. However, while it may seem firsthand that the issue of Defendant Garibotti's role in the trust is "central" to the FAC, the allegations in the FAC itself do not depend on the contents of the proposed documents. Rather, the FAC depends on the factual premise that Defendant Garibotti is a trustee, which Defendant Garibotti attempts to refute using the proposed documents. Therefore, it is not Plaintiff's claims in the FAC that depend on the document, but Defendant's motion to dismiss that depends on the proposed documents.

Furthermore, Plaintiff disputes the authenticity of the proposed documents. Opp'n at 4–5. Plaintiff argues that Defendant Garibotti is not a signatory to the trust instrument and that Defendant Garibotti was a minor at the time. *Id*. at 5. Plaintiff argues that there is no credible evidence indicating that the documents submitted by Defendant Garibotti are the only Trust documents detailing her role in the Trust over the many years it existed. *Id.* Plaintiff further alleges that the documents Defendant Garibotti seeks to introduce were "cherry-picked documents taken out of context from other relevant Trust documents, in violation of Rule 106 of the Federal Rules of Evidence[,]" and that Plaintiff, as an adverse party, may require the introduction of any other part. *Id.* If Plaintiff disputes the authenticity of the document, "the court must accept her representation that there is a dispute for purposes of applying the incorporation by reference doctrine." *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1027 n.77 (C.D. Cal. 2015) (declining to consider the defendant's argument that the plaintiff's dispute was not truly a dispute of authenticity); *Butcher v. Advanced Min. Techs., Inc.*, No. 2:10-CV-01802-PMP, 2011 WL

810256, at *4 (D. Nev. Mar. 2, 2011) (declining to incorporate by reference "where, although the letter might have constituted a document upon which the counterclaimant's claims depended, the counterclaimant disputed the authenticity and completeness of the letter attached to the motion to dismiss."). If the plaintiff's dispute of authenticity has facial plausibility, the court cannot make a credibility finding concerning the matter at this stage. *Id*. at 1027.

The Court declines to incorporate by reference the Trust Agreement and letter from Defendant Garibotti 's bank because: (1) the FAC does not "necessarily rely" on the documents proposed, and (2) Plaintiff disputes the authenticity of the documents in its opposition.

### IV.     CONCLUSION

As Defendant Garibotti's motion to dismiss is premised entirely on the ground that she is not a trustee based on the contents of the Trust Agreement and letter they sought to introduce, the Court must also deny Defendant Garibotti's motion to dismiss. Plaintiff also seeks leave to amend its complaint in light of this new development. Opp'n at 10. The Court therefore **DENIES** Defendant Garibotti 's motion to dismiss and **GRANTS** Plaintiff leave to amend. Plaintiff must amend within thirty (30) days from the date of this order.

This order disposes of Docket No. 46.

**IT IS SO ORDERED**.

Dated: November 1, 2021

_____
EDWARD M. CHEN
United States District Judge