OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT

Northern District of California

CIVIL MINUTES

| | | |
|---|---|---|
| **Date:** January 20, 2022 | **Time:** 3:41-4:35= 54 Minutes | **Judge:** EDWARD M. CHEN |

**Case No.**: 3:20-cv-07923-EMC        **Case Name:** Casa Nido Partnership v. Kwon et al.

**Attorneys for Plaintiff:** Jessica Taylor and Paul Kibel

**Attorneys for Defendants:** Rohit A. Sabnis and Christopher Dow (Catherine O'Hanks); Samuel Lipsitz (Sentry Insurance Co.) and Alan Jacobs (Lynne Marie Garibotti)

**Deputy Clerk:** Vicky Ayala        **Court Reporter:** Marla Knox

PROCEEDINGS HELD BY ZOOM WEBINAR

Motions to Dismiss and Initial Case Management Conference.

SUMMARY

Parties stated appearances.

**Court denied Sentry's motions to dismiss for the following reasons.**

Defendant Sentry Insurance ("Sentry") moves to dismiss Plaintiff Casa Nido's First Amended Complaint ("FAC") and Defendant O'Hanks' Cross-Claim. Casa Nido and O'Hanks both allege that Sentry breached its insurance policy by refusing to defend and indemnify them. Parties dispute the application of the "manifestation" standard and its definition in determining whether the occurrence of the pollution took place during the policy period.

First, Casa Nido's argument that the "manifestation" standard was rejected in favor of the alternative "continuous injury trigger" theory[1] in *Montrose* is inapposite because the California Supreme Court specifically noted that the insurance policy in *Montrose* did not have language requiring manifestation. *Montrose Chem. Corp. v. Admiral Ins. Co.*, 10 Cal. 4th 645, 654 (1995). In contrast, Sentry's insurance policy includes a Dry Cleaners Endorsement ("DCE") which explicitly states: "For purposes of pollution liability, including limits of liability, occurrence is the date on which 'bodily injury' or 'property damage' *first manifests itself*."

---

[1] Pollution damage occurs on "the date of manifestation or discovery" under the manifestation theory, and "over the continuous period from exposure through manifestation and beyond . . . throughout a policy period" under the continuous injury trigger theory. *Montrose Chem. Corp. v. Admiral Ins. Co.*, 10 Cal. 4th 645, 674 (1995).

Docket No. 74-1 ("Sentry Policy") Section (II)(M)(1)-(2) (emphasis added).  Accordingly, manifestation is a requirement under the express terms of the contract.

The second issue pertains to the definition of "manifest."  Sentry argues that the California Supreme Court has already defined manifestation of damage as "that point in time when appreciable damage occurs and is or should be known to the insured, such that a reasonable insured would be aware that his notification duty under the policy had been triggered."  Mot. 1 at 14 (citing *Montrose*, 10 Cal. 4th at 674); *see also Prudential-LMI Com. Ins. v. Superior Ct.*, 51 Cal. 3d 674, 678 (1990).  Casa Nido and O'Hanks argue that the Sentry Policy predates this definition and that a plain reading of the DCE makes clear that manifestation occurs at the time of discharge or release of pollutants, not at the time pollution was discovered.

The Court need not rule on which definition of manifestation applies at this stage; the FAC survives under either definition.[2]  The FAC alleges that between 1960 and 1997, "significant" and "detectible amounts" of PCE associated with O'Hanks' dry-cleaning operations were released.  Docket No. 63 at 1.  The FAC also states that Casa Nido "is informed and believes that there were sudden and accidental spills and equipment overflows of PCE (due to equipment malfunction, equipment breakdown, or improper equipment usage)."  *Id*.  These facts are sufficient for a plausible claim that there was actual release within the policy period, as well as a plausible inference of appreciable damage under *Montrose*'s known or should have known standard.[3]

Accordingly, the Court **DENIES** Sentry's motion to dismiss Casa Nido's FAC and **DENIES** Sentry's motion to dismiss O'Hanks' Cross-Claim.

Court set a **Status Conference for April 26, 2022, at 2:30 p.m.**  Joint Status Report **due by April 19, 2022.**

---

[2] The Court also leaves open the question whether a third-party or a first-party insurance context would affect the definition of "manifestation" applicable here.  *See Montrose*, 10 Cal. 4th at 674 (Court applied different theories for trigger of coverage to the first-party and third-party insurance liability contexts but appears to retain the same definition of "manifestation" in both contexts); *Prudential*-LMI, 51 Cal. 3d at 678.

[3] The FAC also survives the "discoverable" definition under *Morrow Corp. v. Harleysville Mutual. Ins. Co.*, 101 F. Supp. 2d 441 (E.D. VA 2000) for the same reason.