Rachel S. Doughty, Cal. Bar No. 255904
Jessica L. Blome, Cal. Bar No. 314898
Richard Brody, Cal. Bar No. 100379
GREENFIRE LAW
P.O. Box 8055
Berkeley, CA 94707
Telephone: (510) 900-9502
Facsimile: (510) 900-9502
rdoughty@greenfirelaw.com
jblome@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiff and Counter-Defendant*
*CASA NIDO PARTNERSHIP*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CASA NIDO PARTNERHSIP, a California Partnership,<br><br>Plaintiff,<br><br>v.<br><br>CATHERINE O'HANKS; JAE KWON aka JAY KWON aka JAY KWON SHIK aka JAY SHIK KWON; LYNNE MARIE GARIBOTTI aka LYNNE GARIBOTTI BLOWER aka LYNNE G. BLOWER, as trustee the Claudio Garibotti Trust, dated May 1, 1952; and SENTRY INSURANCE COMPANY,<br><br>Defendant.<br><br>―――――――――――――――――<br><br>CATHERINE O'HANKS,<br><br>Counter-Claimant<br><br>v. | Case No. 3:20-cv-07923 EMC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER REFERRING THIS CASE TO MEDIATION**<br><br>**Date: August 18, 2022**<br>**Time: 1:30 p.m.**<br>**Department: Courtroom 5-17th Floor**<br>**Trial Date: Not Assigned** |

1
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER REFERRING THIS CASE TO MEDIATION**

CASA NIDO PARTNERSHIP, a California Partnership,

Counter-Defendant.

## I. INTRODUCTION AND RELIEF REQUESTED

Full, formal litigation of claims can impose large economic burdens on parties and can delay the resolution of disputes for considerable periods. To ease those burdens, the Northern District of California has adopted ADR Local Rules to make available to litigants a quicker, less expensive and potentially more satisfying alternative to continuing litigation. ADR Local Rule 1-2(a). Casa Nido Partnership ("Casa Nido"), a California general partnership consisting of many elderly individuals of relatively limited means, respectfully request that the Court provide assistance to all parties by issuing an order requiring that the mediation in this matter take place no later than September 30, 2022.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Casa Nido, the owner of a commercial property on San Pablo Avenue in Richmond, California, has brought this action seeking to recover monetary damages for the contamination of its property with Tetrachloroethylene ("PCE") over a 47-year period. During those 47 years, Defendants Catherine O'Hanks and Jae Kwon operated a dry-cleaning facility there. This action was filed on November 10, 2020, one and a half years ago. Docket Document 001. Sentry Insurance Company was added as a Defendant on July 9, 2021, due to its refusal to indemnify and defendant Casa Nido. Docket Document 038.

On January 20, 2022, this Court denied Defendant Sentry Insurance Company's ("Sentry") Motion to Dismiss Casa Nido's First Amended Complaint and also denied Sentry's

Motion to dismiss the Cross-Claim of Defendant Catherine O'Hanks.  Docket Document 104.  This Order removed the last remaining obstacle to resolving this litigation.

At the hearing of the Motion to Dismiss, the Court stated that "…I would like to see this go to mediation sooner rather than later…" Transcript of Videoconference Proceedings, January 20, 2022, pp. 23:12-21, 29:6-16, attached to the Declaration of Rachel S. Doughty (the "Doughty Declaration") as Exhibit A.  At that hearing, in response to a question from the Court asking for a target date to try to get to mediation, counsel for Ms. O'Hanks advised the Court that he was in touch with "one additional carrier who is doing a policy search…" and that it would take "…as least 60 days, probably 90, to let that play out."  Exhibit A, pp. 25:22-26:3.  The Court also stated that mediation should occur "…within the next five months, something like that, not a year from now." Exhibit A, pp. 32:20-33:10.  Doughty Declaration, Paragraph 5.  This Motion is being filed in July, 6 months later, and mediation has neither taken place nor been scheduled.

On February 3, 2022, counsel for Casa Nido sent a letter to all defense counsel to meet and confer regarding the discovery and mediation plan requested by the Court at the January 20, 2022, hearing.  That letter also stated that "…counsel for Ms. O'Hanks is in the process of identifying additional potential insurance carriers that may be involved here, with that search expected to be complete by April…"  Doughty Declaration, Exhibit B.

During meet and confer efforts in February, counsel for Casa Nido suggested several possible mediators.  However, on March 1, 2022, counsel for Ms. O'Hanks strong preference for mediator Tim Gallagher.  As of March 1, 2022, all counsel were considering a mediation date in March or April 2022.  Doughty Declaration, Paragraph 7.

3
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER REFERRING THIS CASE TO MEDIATION**

On April 19, 2022, four months after the hearing on the Motion to Dismiss, the parties filed their Joint Status Conference Statement. The parties (other than Defendant Kwon who was appearing in pro se) advised the Court that they had "agreed to focus discovery to that which is necessary for the mediation of this case to keep litigation costs low." Docket Document 111, pg. 2:21-22.  The parties also advised the Court that they had agreed to use Tim Gallagher as the mediator of first choice.  The parties also agreed to use Joshua Bloom as the mediator of second choice if necessary.  Docket Document 111, pg. 7:2-4.  The parties all agreed "that the case will be ready for mediation sometime in June (2022)…" Docket Document 111, pg. 7:10-14.  Mr. Gallagher was available to conduct a mediation on June 24, 2022, but Casa Nido was unavailable on that date, so the parties sought available dates in July 2022.  Doughty Declaration, Paragraph 8.

On May 6, 2022, counsel for Ms. O'Hanks wrote to all counsel and advised that his office "want to wait for Mr. Gallagher's availability in July."  On that same day, Ms. Doughty directed her staff to check on Mr. Gallagher's availability to conduct a mediation on July 15, July 22, or a date in August.  On May 12, 2022, after efforts to reach Mr. Gallagher were unsuccessful, counsel for Ms. O'Hanks said that they "would make it a point to try to contact Mr. Gallagher." Doughty Declaration, Paragraph 9.  Counsel for Sentry was subsequently able to contact Mr. Gallagher and confirmed his availability to conduct the mediation in this case on July 15, 2022.

On May 13, 2022, after months of substantial effort to secure a mediator and mediation date, counsel for Casa Nido was first advised that Tim Gallagher, the mediator requested by counsel for O'Hanks, was the uncle of Mike Gallagher, a partner at the law firm representing O'Hanks.  At the same time, counsel for Casa Nido was also first advised that Lisa Stevenson,

the daughter of Marty Refkin, the mediation partner of Tim Gallagher, was also a partner at the law firm representing O'Hanks.  Despite the obvious, multiple conflicts of interest, counsel for O'Hanks said that "…Marty's opinion is that these relationships have not impacted their neutrality in mediations." Doughty Declaration, Paragraph 10.

On May 28, 2022, counsel for Casa Nido notified all parties that Casa Nido would not agree to a mediation team with such close familial ties to counsel for O'Hanks. On June 3, 2022, counsel for Casa Nido circulated dates in July and August 2022, when Joshua Bloom would be available to conduct the mediation in this case.  Doughty Declaration, Paragraph 11.

All parties except O'Hanks had agreed to mediate this case on July 20 and July 21, 2022. Mediator Joshua Bloom had confirmed his availability for that date. Counsel for O'Hanks would not agree to this date, again citing the need for more time to investigate additional potential insurers.  Doughty Declaration, Paragraph 16.

Mr. Bloom appears to be available to conduct the mediation in this case on either August 25 and 26, 2022, or September 29 and 30, 2022.  All counsel have been advised of Mr. Bloom's availability to conduct the mediation on these dates.  Doughty Declaration, Paragraph 17.  Counsel for Defendant Sentry Insurance Company has advised Plaintiff's counsel that her client is not available for a mediation in the month of August 2022.

On June 10, 2022, counsel for Casa Nido wrote to counsel for O'Hanks with her client's reluctant agreement to delay mediation until September if O'Hanks would agree to make certain affirmative representations to ensure that Ms. O'Hanks was not transferring or shedding assets that could otherwise be available to contribute towards the funding of the cleanup costs for the polluted property.  As of the date that this Motion is being filed, there has been no response to this request.  Doughty Declaration, Paragraph 12.

Despite the best efforts of counsel for Casa Nido to obtain documents from the other parties that are necessary to conduct a meaningful mediation, counsel largely have not produced the documents requested. Counsel for O'Hanks has also refused to provide a date for the deposition of Ms. O'Hanks, despite multiple requests from counsel for Casa Nido. Counsel for Plaintiff Casa Nido has therefore noticed the deposition of Ms. O'Hanks to take place on September 12, 2022. Doughty Declaration, Paragraph 13.

To date, all defendants with the exception of O'Hanks, have been willing to honor their original agreement to mediate this case promptly and have now at least twice worked to find mutually agreeable dates to which each has been willing to commit. Despite this case being on file for a year and a half, counsel for O'Hanks continues to claim that his client needs more time to attempt to locate potential additional insurance policies. To date, the efforts to find additional insurance policies have not been documented. It is unclear to Casa Nido what efforts have been conducted to date to identify any additional insurance policies. Given the months that have now elapsed from the time when counsel for O'Hanks said this search would be complete, it does not appear that there is a substantial likelihood that an additional two months will lead to the discovery of additional insurance policies that provide coverage for the PCE clean up at the subject property. Doughty Declaration, Paragraph 13.

### III.   CASA NIDO'S PARTNERS HAVE SUFFERED SUBSTANTIAL FINANCIAL HARDSHIP BECAUSE OF THE DELAYS IN CONDUCTING THE MEDIATION

The individual partner members of the Casa Nido Partnership have suffered substantial financial hardship because of the unnecessary and continuing delays in getting this case into mediation. The Casa Nido Partnership has paid over $1.1 million dollars to date to remediate the pollution caused by the dry cleaning business on its property, despite the Casa Nido

Partnership never owning or operating the actual dry cleaning business. No other party, including the former property owner, or the two owners of the polluting dry cleaning businesses, has paid anything towards the remediation of the PCE which has leaked into the ground over the past 47 years. Casa Nido respectfully submits that this Court must issue an Order requiring that the mediation of this matter take place by the end of September. Without such an Order, Casa Nido's justifiable fear is that O'Hanks will continue to drag her feet and delay mediation, allowing time to potentially place assets out of reach, while Casa Nido continues to bleed its limited monetary assets.

A case may be referred to a Court ADR process by order of the assigned Judge following a stipulation by all parties, by motion of a party under Civil L.R. 7, or on the Judge's initiative. ADR Local Rule 2-3. Thus, this Motion is appropriately before the Court.

The delay in mediating this matter is not the fault of Casa Nido. Rather, the delays in mediation were first caused by the failure of counsel for O'Hanks to immediately disclose Mr. Gallagher's conflicts of interest. The second cause is the ongoing delay caused by counsel for O'Hanks' unsupported, repeated contentions that additional months are needed to attempt to locate additional insurance policies, even though this was not asserted as a problem earlier this year when all parties represented to the Court that this matter could be mediated in July.

Mediators on the Court's panel agree to adhere to applicable standards of professional conduct as may be officially adopted by the Court. ADR Local Rule 6-3(b). Although it is true that Mr. Gallagher was proposed as a private mediator, rather than as a mediator on the Court's panel, ethical considerations still apply for proposed mediators. California Rule of Professional Conduct 1.7c provides in pertinent part that a written disclosure is required when (1) the lawyer has, or knows that another lawyer in the lawyer's firm has, a legal, business,

financial, professional, or personal relationship with or responsibility to a party or witness in the same matter, or (2) the lawyer knows or reasonably should know that another party's lawyer is a spouse, parent, child, or sibling of the lawyer or another lawyer in the lawyer's firm…"

Simply stated, Tim Gallagher should never have been proposed as a mediator in this case. Counsel for O'Hanks knew but failed to disclose that both Mr. Gallagher and Mr. Gallagher's business partner were related to partners at the law firm representing O'Hanks. The failure to disclose this obvious conflict of interest until months had passed unreasonably delayed the mediation of this case.

Second, there has been no factual showing that a further delay will likely lead to the discovery of additional insurance policies issued previously to Defendants O'Hanks or Kwon, or a likelihood that any such theoretical policies will be free of exclusions that would be asserted as a basis for denial of the duty to indemnify and defend.

## IV. CONCLUSION

This case is ready to be mediated. The parties have all previously agreed to Joshua Bloom as a mediator for this case. Mr. Bloom has availability during the months of August and September. This Court should order the mediation of this case to be held with Mr. Bloom no later than September 30, 2022.

Dated: July 15, 2022			Respectfully submitted,

By: _____
Rachel S. Doughty
Richard A. Brody
*Attorneys for Plaintiff and Counter-Defendant CASA NIDO PARTNERSHIP, a California Partnership*