VENABLE LLP
William M. Sloan (SBN 203583)
wmsloan@venable.com
Sarah M. K. Hoffman (SBN 308568)
smhoffman@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:    415.653.3750
Facsimile:    415.653.3755

Attorneys for Defendant,
JAE KWON

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASA NIDO PARTNERSHIP, a California Partnership,<br><br>                    Plaintiff,<br><br>        v.<br><br>CATHERINE O'HANKS; JAE KWON aka JAY KWON aka JAY KWON SHIK aka JAY SHIK KWON; LYNNE MARIE GARIBOTTI aka KYNNE GARIBOTTI BLOWER aka LYNNE G. BLOWER, as trustee the Claudio Garibotti Trust, dated May 1, 1952; and SENTRY INSURANCE COMPANY,<br><br>                    Defendants. | Case No. 3:20-cv-07923-EMC<br><br>**DEFENDANT JAE KWON'S ANSWER TO PLAINTIFF CASA NIDO'S SECOND AMENDED COMPLAINT**<br><br>Assigned to: Judge Edward M. Chen<br>Dept. # Courtroom 5-17th Floor |

Defendant JAE KWON aka JAY KWON aka JAY KWON SHIK aka JAY SHIK KWON ("Kwon"), by his attorneys Venable LLP, answers Plaintiff's Second Amended Complaint for Cost Recovery, Injunctive Relief and Punitive Damages (the "Second Amended Complaint" or "SAC") as follows:

1.      Answering sentence 1 of paragraph 1 of the SAC, Kwon admits that he operated a dry-cleaning facility located on San Pablo Ave in Richmond, California from around 1992 to 2007, and denies the allegations insofar as they allege Kwon was an operator under CERCLA. Kwon otherwise lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in sentence 1 and 2 of paragraph 1, and on that basis denies them. Answering sentences 3, 4, 5, 6, and 7 of paragraph 1 of the Complaint, these allegations call for legal conclusions to which no response is required. To the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations and on that basis denies them.

## JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

2.      Answering paragraph 2, this paragraph contains Plaintiff's legal conclusions, and characterizations of CERCLA, 28 U.S.C. §§ 1331, 2202, 42 U.S.C. §§ 9607, 9613, and Federal Rules of Civil Procedure Rule 57, which speak for themselves and are the best evidence of their content, and no response is required.  To the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations and on that basis denies them.

3.      Answering paragraph 3, this paragraph contains Plaintiff's legal conclusions, and characterizations of CERCLA, 28 U.S.C. §§ 1391(b) and 42 U.S.C. §§ 9613 and 6972(a), which speak for themselves and are the best evidence of their content, and no response is required.  To the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations and on that basis denies them.

## THE PARTIES

4.      Kwon lacks sufficient knowledge or information to form a belief regarding the

DEFENDANT KWON'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT
Case No. 3:20-cv-07923-EMC

truth of the allegations in paragraph 4 of the SAC, and on that basis denies them.

5.     Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 5 of the SAC, and on that basis denies them.

6.     Answering paragraph 6 of the SAC, Kwon admits that he is a natural person residing in the state of California. Kwon admits that from around 1992 to 2007 he operated a dry-cleaning facility at the Property. Kwon denies the remaining allegations in paragraph 6.

7.     Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 7 of the SAC, and on that basis denies them.

8.     Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 8 of the SAC, and on that basis denies them.

## GENERAL ALLEGATIONS

9.     Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 9 of the SAC, and on that basis denies them.

10.     Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 10 of the SAC, and on that basis denies them.

11.     Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 11 of the SAC, and on that basis denies them.

12.     Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 12 of the SAC, and on that basis denies them.

13.     Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 13 of the SAC, and on that basis denies them.

14.     Answering paragraph 14 of the SAC, Kwon admits that he was a tenant on the Property and operated a drycleaning business on the Property from around 1992 to 2007.

15.     Answering paragraph 15 of the SAC, Kwon admits that while he operated a dry-cleaning business at the Property, he utilized commercially supplied products as part of the dry-cleaning process. The remaining allegations in paragraph 15 call for a legal conclusion to which no response is required. To the extent a response is required, Kwon lacks sufficient knowledge or

information to form a belief regarding the truth of the allegations in paragraph 15 of the SAC, and on that basis denies them.

16.      Answering paragraph 16 of the SAC, Kwon denies that PCE associated with dry-cleaning operations was discharged or otherwise released into the soil and groundwater beneath the Property while he  operated a dry-cleaning business at the Property. Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in paragraph 16 of the SAC, and on that basis denies them.

17.      Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 17 of the SAC, and on that basis denies them.

18.      Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 18 of the SAC, and on that basis denies them.

19.      Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 19 of the SAC, and on that basis denies them.

20.      Answering paragraph 20 of the SAC, Kwon denies that he used PCE throughout his operation of his dry-cleaning business.

21.      Answering paragraph 21 of the SAC, Kwon denies the allegations.

22.      Answering paragraph 22 of the SAC, Kwon denies the allegations.

23.      Answering sentence 1 of paragraph 23 of the SAC, Kwon admits that other persons operated a drycleaning business on the property from around 2007. Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in paragraph 23 of the SAC, and on that basis denies them.

24.      Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 24 of the SAC, and on that basis denies them.

25.      Answering paragraph 25 of the SAC, this paragraph contains Plaintiff's characterizations of the Site Assessment Report, which speaks for itself and is the best evidence of its contents, and no response is required. To the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in

paragraph 25 of the SAC, and on that basis denies them.

26.     Answering paragraph 26 of the SAC, this paragraph contains Plaintiff's legal conclusions and characterizations of the Site Assessment Report, which speaks for itself and is the best evidence of its contents, and no response is required. To the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 26 of the SAC, and on that basis denies them.

27.     Answering paragraph 27 of the SAC, this paragraph contains Plaintiff's legal conclusions and characterizations of the National Contingency Plan, which speaks for itself and is the best evidence of its contents, and no response is required. To the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 27 of the SAC, and on that basis denies them.

28.     Answering paragraph 28 of the SAC, this paragraph contains Plaintiff's legal conclusions and characterizations of the National Contingency Plan, which speaks for itself and is the best evidence of its contents, and no response is required. To the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 28 of the SAC, and on that basis denies them.

29.     Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 29 of the SAC, and on that basis denies them.

30.     Answering paragraph 30 of the SAC, this paragraph contains Plaintiff's legal conclusions and characterizations of the Tolling and Standstill Agreement, which speaks for itself and is the best evidence of its contents, and no response is required. To the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 30 of the SAC, and on that basis denies them.

31.     Answering paragraph 31 of the SAC, this paragraph contains Plaintiff's legal conclusions and characterizations of the second Tolling and Standstill Agreement, which speaks for itself and is the best evidence of its contents, and no response is required. To the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding

the truth of the allegations in paragraph 31 of the SAC, and on that basis denies them.

32.     Answering paragraph 32 of the SAC, this paragraph contains Plaintiff's legal conclusions and characterizations of the Complaint, which speaks for itself and is the best evidence of its contents, and no response is required. To the extent a response is required, Kwon admits the allegations.

33.     Answering paragraph 33 of the SAC, this paragraph contains Plaintiff's legal conclusions and characterizations of Defendant O'Hanks' counterclaim, which speaks for itself and is the best evidence of its contents, and no response is required. To the extent a response is required, Kwon admits the allegations.

34.     Answering paragraph 34 of the SAC, this paragraph contains Plaintiff's legal conclusions and characterizations of Sentry Policy No. 33-15146-01 ("Policy"), which speaks for itself and is the best evidence of its contents, and no response is required. To the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations, and on that basis denies them.

35.     Answering paragraph 35 of the SAC, this paragraph contains Plaintiff's legal conclusions and characterizations the Policy and Tender of Defense and Indemnity, which speak for themselves and are the best evidence of its contents, and no response is required. To the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in, and on that basis denies them.

36.     Answering paragraph 36 of the SAC, this paragraph contains Plaintiff's legal conclusions and characterizations of the Tender of Defense and Indemnity, which speaks for itself and is the best evidence of its contents, and no response is required. To the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations, and on that basis denies them.

37.     Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 37 of the SAC, and on that basis denies them.

38.     Answering paragraph 38 of the SAC, this paragraph contains Plaintiff's legal

conclusions and no response is required. To the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 36 of the SAC, and on that basis denies them.

39.     Answering paragraph 39 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 36 of the SAC, and on that basis denies them.

40.     Answering paragraph 40 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 36 of the SAC, and on that basis denies them.

## **FIRST CLAIM FOR RELIEF**

(Cost Recovery: CERCLA, 42 U.S.C. § 9607(a); Plaintiff against Defendants O'Hanks, Kwon, and Garibotti)

41.     Answering Paragraph 41 of the SAC, Kwon incorporates by reference and repleads all of the admissions, denials, and allegations above.

42.     Answering paragraph 42 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

43.     Answering paragraph 43 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

44.     Answering paragraph 44 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

45.     Answering paragraph 45 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

46.     Answering paragraph 46 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

47.     Answering paragraph 47 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 47 of the SAC, and on that basis denies them.

48.     Answering paragraph 48 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 48 of the SAC, and on that basis denies them.

49.     Answering paragraph 49 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

50.     Answering paragraph 50 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

51.     Answering paragraph 51 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

52.     Answering paragraph 52 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

## SECOND CLAIM FOR RELIEF

(Indemnity, HSAA: Cal. Health & Saf. Code, §§ 25300, 25363; Plaintiff against Defendants O'Hanks, Kwon, and Garibotti)

53.     Answering Paragraph 53 of the SAC, Kwon incorporates by reference and repleads all of the admissions, denials, and allegations above.

54.     Answering paragraph 54 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

55.     Answering paragraph 55 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

56.     Answering paragraph 56 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

57.     Answering paragraph 57 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

58.     Answering paragraph 58 of the SAC, this paragraph contains Plaintiff's legal conclusions and characterization of state and federal statutes, which speak for themselves and no response is required. To the extent a response is required, Kwon admits that the HSAA allows a person who has incurred response or corrective action costs in accordance with the HSAA or CERCLA to seek contribution or indemnity from any person who is liable.

59.     Answering paragraph 59 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

60.     Answering paragraph 60 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

61.     Answering paragraph 61 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

**THIRD CLAIM FOR RELIEF**
(Innocent Landowner, Health & Saf. Code §§ 25395.80, 25395.84; Plaintiff against Defendants O'Hanks, Kwon, and Garibotti)

62.     Answering Paragraph 62 of the SAC, Kwon incorporates by reference and repleads all of the admissions, denials, and allegations above.

63.     Answering paragraph 63 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

64.     Answering paragraph 64 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

65.     Answering paragraph 65 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

66.     Answering paragraph 66 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

**FOURTH CLAIM FOR RELIEF**
(Water Pollution: Cal. Water Code, §§ 13304, 13350; Plaintiff against Defendants O'Hanks, Kwon, and Garibotti)

67.     Answering Paragraph 67 of the SAC, Kwon incorporates by reference and repleads all of the admissions, denials, and allegations above.

68.     Answering paragraph 68 of the SAC, this paragraph contains Plaintiff's legal conclusions and characterization of the California Water Code, and no response is required. To the extent a response is required, Kwon admits that the California Water Code provides, in certain circumstances, that a person who discharges waste into the waters of the state is liable for injunctive relief and civil penalties.

69.     Answering paragraph 69 of the SAC, this paragraph contains Plaintiff's legal conclusions and characterization of the California Water Code, and no response is required. To

DEFENDANT KWON'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT
Case No. 3:20-cv-07923-EMC

the extent a response is required, Kwon admits that the California Water Code provides, in certain circumstances, that a person who has caused or permitted waste to be discharged or deposited into the waters of the state, thereby creating a condition of public nuisance, must take necessary remedial action to abate the nuisance.

70.     Answering paragraph 70 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

71.     Answering paragraph 71 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

72.     Answering paragraph 72 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

## FIFTH CLAIM FOR RELIEF
(Continuing Public Nuisance: Cal. Civil Code §§ 1021.5, 3479, 3480, 3491, 3493; Plaintiff against Defendants O'Hanks, Kwon, and Garibotti)

73.     Answering Paragraph 73 of the SAC, Kwon incorporates by reference and repleads all of the admissions, denials, and allegations above.

74.     Answering paragraph 74 of the SAC, this paragraph contains Plaintiff's legal conclusions and characterization of the California Civil Code, sections 3479 and 3480, and no response is required. To the extent a response is required, Kwon denies the allegations.

75.     Answering paragraph 75 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

76.     Answering paragraph 76 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

77.     Answering paragraph 77 of the SAC, this paragraph contains Plaintiff's legal

DEFENDANT KWON'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT
Case No. 3:20-cv-07923-EMC

conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

78.     Answering paragraph 78 of the SAC, this paragraph contains Plaintiff's legal conclusions and characterization of California Civil Code, section 3491, and no response is required. To the extent a response is required, Kwon denies the allegations.

## SIXTH CLAIM FOR RELIEF

(Per Se Nuisance: Cal. Civ. Code, § 3491; Plaintiff against Defendants O'Hanks, Kwon, and Garibotti)

79.     Answering Paragraph 79 of the SAC, Kwon incorporates by reference and repleads all of the admissions, denials, and allegations above.

80.     Answering paragraph 80 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

81.     Answering paragraph 81 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

82.     Answering paragraph 82 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

83.     Answering paragraph 83 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

84.     Answering paragraph 84 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

## SEVENTH CLAIM FOR RELIEF

(Negligence; Plaintiff against Defendants O'Hanks, Kwon, and Garibotti)

85.     Answering Paragraph 85 of the SAC, Kwon incorporates by reference and

repleads all of the admissions, denials, and allegations above.

86.     Answering paragraph 86 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

87.     Answering paragraph 87 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

88.     Answering paragraph 88 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

## EIGHTH CLAIM FOR RELIEF

(Negligence Per Se; Plaintiff against Defendants O'Hanks, Kwon, and Garibotti)

89.     Answering Paragraph 89 of the SAC, Kwon incorporates by reference and repleads all of the admissions, denials, and allegations above.

90.     Answering paragraph 90 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

91.     Answering paragraph 91 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

92.     Answering paragraph 92 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

93.     Answering paragraph 93 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

94.     Answering paragraph 94 of the SAC, this paragraph contains Plaintiff's legal

conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

95. Answering paragraph 95 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

96. Answering paragraph 96 of the SAC, this paragraph contains Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon denies the allegations.

**NINTH CLAIM FOR RELIEF**

*(Breach of Contract; Plaintiff against Defendant Sentry)*

97. Answering paragraph 97 of the SAC, the allegations in this paragraph are not directed against Kwon and contain Plaintiff's legal conclusions, and no response is required. To the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegation, and on that basis denies them.

98. Answering paragraph 98 of the SAC, the allegations in this paragraph are not directed against Kwon and contain Plaintiff's legal conclusions, and no response is required. To the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegation, and on that basis denies them.

99. Answering paragraph 99 of the SAC, the allegations in this paragraph are not directed against Kwon and contain Plaintiff's legal conclusions, and no response is required. To the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegation, and on that basis denies them.

100. Answering paragraph 100 of the SAC, the allegations in this paragraph are not directed against Kwon and contain Plaintiff's legal conclusions, and no response is required. To the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegation, and on that basis denies them.

## TENTH CLAIM FOR RELIEF

*(Declaratory Relief; Plaintiff against Defendant Sentry)*

101.    Answering paragraph 101 of the SAC, the allegations in this paragraph are not directed against Kwon and contain Plaintiff's legal conclusions, and no response is required. To the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegation, and on that basis denies them.

102.    Answering paragraph 102 of the SAC, the allegations in this paragraph are not directed against Kwon and contain Plaintiff's legal conclusions, and no response is required. To the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegation, and on that basis denies them.

## ELEVENTH CLAIM FOR RELIEF

*(Breach of Covenant of Good Faith and Fair Dealing; Plaintiff against Defendant Sentry)*

103.    Answering Paragraph 103 of the SAC, Kwon incorporates by reference and repleads all of the admissions, denials, and allegations above.

104.    Answering paragraph 104 of the SAC, the allegations in this paragraph are not directed against Kwon and contain Plaintiff's legal conclusions and characterization of a legal authority, and no response is required. To the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations, and on that basis denies them.

105.    Answering paragraph 105 of the SAC, the allegations in this paragraph are not directed against Kwon and contain Plaintiff's legal conclusions and characterization of legal authorities, and no response is required. To the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations, and on that basis denies them.

106.    Answering paragraph 106 of the SAC, the allegations in this paragraph are not directed against Kwon and contain Plaintiff's legal conclusions and characterization of legal authorities, and no response is required. To the extent a response is required, Kwon lacks

sufficient knowledge or information to form a belief regarding the truth of the allegations, and on that basis denies them.

107.    Answering paragraph 107 of the SAC, the allegations in this paragraph are not directed against Kwon and no response is required. To the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations, and on that basis denies them.

108.    Answering paragraph 108 of the SAC, the allegations in this paragraph are not directed against Kwon and contain Plaintiff's legal conclusions and characterization of a legal authority, and no response is required. To the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations, and on that basis denies them.

109.    Answering paragraph 109 of the SAC, the allegations in this paragraph are not directed against Kwon and contain Plaintiff's legal conclusions and characterization of a legal authority, and no response is required. To the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations, and on that basis denies them.

110.    Answering paragraph 110 of the SAC, the allegations in this paragraph are not directed against Kwon and contain Plaintiff's legal conclusions and characterization of a legal authority, and no response is required. To the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations, and on that basis denies them.

111.    Answering paragraph 111 of the SAC, the allegations in this paragraph are not directed against Kwon and contain Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations, and on that basis denies them.

112.    Answering paragraph 112 of the SAC, the allegations in this paragraph are not directed against Kwon and contain Plaintiff's legal conclusions and no response is required. To

the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations, and on that basis denies them.

113.    Answering paragraph 113 of the SAC, the allegations in this paragraph are not directed against Kwon and contain Plaintiff's legal conclusions and no response is required. To the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations, and on that basis denies them.

114.    Answering paragraph 114 of the SAC, the allegations in this paragraph are not directed against Kwon and contain Plaintiff's legal conclusions and characterization of a legal authority, and no response is required. To the extent a response is required, Kwon lacks sufficient knowledge or information to form a belief regarding the truth of the allegations, and on that basis denies them.

## DEMAND FOR JUDGMENT

The remainder of the Crossclaim consists of the prayer for relief and requires no response. To the extent that a response is required, Kwon denies that Garibotti is entitled to the relief they request or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1.    The SAC is barred because Plaintiff's claims were discharged by bankruptcy. Kwon was discharged from bankruptcy in 2013 – after the releases allegedly occurred and before this lawsuit was filed.

2.    The Complaint is barred by the relevant and applicable statute of limitations, including those set forth in § 113(g) of CERCLA, 42 U.S.C. § 9613(g), and California Code of Civil Procedure §§ 337, 338 and 343.

3.    The Complaint is barred because it fails to state facts sufficient to constitute a claim upon which relief can be granted.

4.    The Complaint is barred on the ground that all, or a significant portion of, the costs of response for which Plaintiffs seek recovery are not in compliance with the National Contingency Plan, or were not incurred in response to a release or threatened release of a

hazardous substance and therefore are not recoverable in this action.

5.     The Complaint is barred by the doctrine of laches, in that Plaintiff unreasonably delayed raising the claims set forth in the Complaint in a manner that has resulted in prejudice to Kwon.

6.     Plaintiff waived each and every cause of action claimed.

7.     By virtue of the acts, conduct and omissions of Plaintiff, Plaintiff is estopped from asserting the claims alleged in the Crossclaim.

8.     The demand for attorney's fees and costs in the Complaint is inapplicable because there is no contract or statute at issue conferring attorney's fees and costs here.

9.     The Complaint is barred on the ground that Plaintiff failed to exercise reasonable efforts to minimize or avoid any damages which are alleged to have been caused by Kwon.

10.     The Complaint is barred on the ground that, if the Comprehensive Environmental Response, Liability and Recovery Act, 42 U.S.C. §§ 9601, et seq. ("CERCLA") can be applied to Kwon, which Kwon denies, Kwon is not now, and was not at any time past, within one of the categories of persons enumerated as liable under Section 107(a)(1)-(4) of CERCLA, 42 U.S.C. § 9607(a)(1)-(4).

11.     The Complaint is barred on the ground that, to the extent that Plaintiffs have suffered any harm, such harm was caused in whole or in part by Plaintiffs and/or by third parties unrelated by contract or otherwise to Kwon.

12.     In the event Kwon is held responsible for any of the harm or endangerment alleged in the Complaint and affirmative relief is granted against Kwon, the imposition of joint and several liability on Kwon is not permitted under the provisions of CERCLA. Substances discharged by Kwon, if any, are entirely or reasonably divisible or distinct from the contamination and/or harm caused by discharges of hazardous substances by Plaintiff or third parties. Kwon can only be held responsible for that harm, if any, attributable to Kwon.

13.     In the event Plaintiff is entitled to contribution from Kwon in connection with any condition alleged to exist in connection with the Property, which entitlement is denied and

posited only for pleading purposes, any such contribution would be reduced by an amount reflecting Plaintiff' and other parties' contributions to such conditions.

14.     Plaintiff may not recover from Kwon contribution for more than her fair, equitable and proportionate share of costs, if any, for which Plaintiff is held liable, or otherwise recover more than the amount for which Kwon may be held liable, which liability is denied.

15.     Pursuant to Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), such equitable factors as the Court deems appropriate must be considered in resolving actions for contribution under CERCLA. Kwon alleges that, upon application of appropriate equitable factors, the share of responsibility of Kwon is zero.

16.     The Complaint is barred on that ground that Plaintiff had knowledge of the risks necessarily incident to matters alleged in the Complaint, and thus if Plaintiff has suffered injuries or are entitled to any damages alleged in the Complaint, which is expressly denied, those injuries and/or damages arise from and were caused by said risks knowingly and voluntarily assumed by Plaintiff.

17.     The Complaint is barred on the ground that the alleged release or threatened release of a hazardous substance and the alleged damages resulting from that release were caused solely by the act or omission of a third party other than an employee or agent of Kwon, or one whose act or omission occurred in connection with a contractual relationship with Kwon, and that Kwon exercised due care with respect to the hazardous substance concerned and took precautions against foreseeable acts or omissions of those third parties and the consequences that could foreseeably result from those acts or omissions.

18.     Kwon has fully performed each and every obligation arising under each of the permits, standards, regulations, conditions, requirements, prohibitions, or orders required by law, or any implementing regulations, or judicial interpretations as such the Crossclaim fails to state a claim against Kwon premised upon violation of any such law, permit, standard or regulation.

19.     The Complaint is barred on the ground that Plaintiff has failed to join necessary and/or indispensable parties. Those necessary and/or indispensable parties are liable for alleged

damages/injury relating to the subject matter of this action. Thus, such necessary and/or indispensable parties are so situated that the disposition of this action in their absence may both impair and impede their ability to protect that interest and expose Kwon to a substantial risk of multiple liability or otherwise inconsistent obligations. The just and complete adjudication of the subject matter of this action thus requires the joinder of these absent parties

20.     The Complaint is barred by the doctrine of estoppel.

21.     The Complaint is barred on the ground that, as a result of its own acts and omissions, Plaintiffs has waived any right to recover under each claim appearing in the Complaint.

22.     The Complaint is barred on the ground that the contribution of Kwon to the alleged contamination, if any, is de minimis.

23.     The Complaint is barred on the ground that the contribution of Kwon to the alleged contamination, if any, is de micromis.

24.     The Complaint is barred by other affirmative defenses that Kwon may allege as those defenses become known in connection with this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Kwon prays that judgment be entered as follows:

1. That all relief requested in the Cross-Claim be denied with prejudice;

2. That Plaintiff take nothing by its action;

3. That judgment be entered in favor of Kwon;

4. That Kwon be awarded its cost of suit and attorneys and expert witness fees related to this action; and

5. That Kwon be granted such other and further relief as the Court deems just and proper.

1

2   Dated:  July 29, 2022                           VENABLE LLP

3

4                                By:

William M. Sloan
Sarah M. K. Hoffman
Attorneys for Defendant/Cross-Defendant
JAE KWON

DEFENDANT KWON'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT
Case No. 3:20-cv-07923-EMC

# PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )   ss.
COUNTY OF SAN                )
FRANCISCO

I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is Venable LLP, 101 California Street, Suite 3800, San Francisco, CA 94111.

On, July 29, 2022 I served a copy of the foregoing document(s) described as DEFENDANT KWON'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT on the interested parties in this action addressed as follows:

Jessica Blome
Greenfire Law, PC
P.O. Box 8055
Berkeley, CA 94707
510-900-9502
Email: jblome@greenfirelaw.com

Paul Stanton Kibel
Water and Power Law Group, P.C.
2140 Shattuck Avenue
Suite 801
Berkeley, CA 94704
510-499-1649
Fax: 866-407-8073
Email: pkibel@fablaw.com

Rachel Susanna Doughty
Greenfire Law
P.O. Box 8055
Berkeley, CA 94707
510-900-9502
Fax: 510-900-9502
Email: rdoughty@greenfirelaw.com

Rohit A. Sabnis
Keller and Heckman LLP
Three Embarcadero Center, Suite 1420
San Francisco, CA 94111
(415) 948-2800
Fax: (415) 948-2808
Email: sabnis@khlaw.com

Jesper Ihde Rasmussen
Edlin Gallagher Huie + Blum
500 Washington St Ste 700,
San Francisco, CA (510) 763-1900
Fax: (510) 763-5952
Email: jrasmussen@eghblaw.com

Brendan Holland Browne
Edlin Gallagher Huie + Blum
500 Washington Street
Suite 700
San Francisco, CA 94111
(415) 397-9006
Fax: (415) 397-1339
Email: bbrowne@behblaw.com

Noel Edlin
Edlin Gallagher Huie + Blum
500 Washington Street
Suite 700
San Francisco, CA 94111
415-397-9006
Fax: 415-397-1339
Email: nedlin@behblaw.com
nedlin@eghblaw.com

Shannon Ball Jones
Shannon B. Jones Law Group
208 W. El Pintado Road
Danville, CA 94526
925/837.2315
Fax: 925/837.4831
Email: sbj@sbj-law.com
sbjlg@sbj-law.com

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

1

2   Christopher J Dow                           Alan Palmer Jacobus
    Bassi, Edlin, Huie and Blum                 Alan Palmer Jacobus, Attorney-at-Law
3   500 Washington Street, Ste 700              981 Mission Street
    San Francisco, CA 94111                     San Francisco, CA 94013
4   415-397-9006                                3474635190
    Email: cdow@behblaw.com                     Email: alan@apj-esq.com
5   cdow@eghblaw.com                            apj@sbj-law.com

6   Samuel Ellis Lipsitz                        Linda Sharon Wendell Hsu
    Selman Breitman LLP                         Selman Breitman LLP
7   33 New Montgomery                           33 New Montgomery Street, 6th Floor
    Sixth Floor                                 San Francisco, CA 94105
8   San Francisco, CA 94105                     415/979-0400
    United States                               Email: lhsu@selmanlaw.com
9   415-979-0400
    Fax: 415-979-2099                           Richard A. Brody, Esq.
10  Email: slipsitz@selmanlaw.com               GREENFIRE LAW, PC
                                                P.O. Box 8055
11  Emily Empero                                Berkeley, CA 94707
    Edlin Gallagher Huie + Blum                 Telephone: (510) 900-9502
12  500 Washington Street, Ste 700              Facsimile: (510) 900-9502
    San Francisco, CA 94111                     rbrody@greenfirelaw.com
13  eempero@eghblaw.com

14

15  ☑      By placing true copies thereof enclosed in a sealed envelope(s) addressed as
    stated above.

16         ☑      **BY MAIL (FRCP 5(b)(2)(C)):**  I am readily familiar with the firm's
                  practice of collection and processing correspondence for mailing with
17                the U.S. Postal Service.  Under that practice such envelope(s) is
                  deposited with the U.S. postal service on the same day this declaration
18                was executed, with postage thereon fully prepaid at 101 California
                  Street, Suite 3800, San Francisco, California, in the ordinary course of
19                business.

20         ☑      **BY ELECTRONIC MEANS (FRCP 5(b)(2)(E)):**  Pursuant to FRCP
                  5(b)(2)(E), I service the above stated document by electronic means to
21                the interested parties in this action whose names and e-mail addresses
                  are listed above.  I did not receive, within a reasonable time after the
22                transmission, any electronic message or other indication that the
                  transmission was unsuccessful.  Service by e-mail or electronic means
23                was agreed upon based on an agreement of the parties to accept service.

24         I declare that I am employed in the office of a member of the Bar of this
    Court at whose direction the service was made.  I declare under penalty of perjury
25  under the laws of the United States of America that the foregoing is true and correct.

26         Executed on, July 29, 2022 at San Francisco, California.

27

28         Khatoun Haerizadeh

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750