Rachel S. Doughty, Cal. Bar No. 255904
Jessica L. Blome, Cal. Bar No. 314898
Richard A. Brody, Cal.Bar No. 100379
GREENFIRE LAW, PC
P.O. Box 8055
Berkeley, CA 96707
Telephone: (510) 900-9502
Facsimile: (510) 900-9502
rdoughty@greenfirelaw.com
jblome@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASA NIDO PARTNERSHIP, a California Partnership,<br><br>Plaintiff,<br><br>v.<br><br>CATHERINE O'HANKS and JAE KWON aka JAY KWON aka JAY KWON SHIK aka JAY SHIK KWON,<br><br>Defendant.<br><br>CATHERINE O'HANKS,<br><br>Counter-Claimant<br><br>v.<br><br>CASA NIDO PARTNERSHIP, a California Partnership,<br><br>Counter-Defendant. | Case No. 20-cv-07923-EMC<br><br>**NOTICE OF MOTION; MOTION FOR LEAVE TO FILE THIRD AMENDED AND SUPPLEMENTAL COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF RACHEL S. DOUGHTY, ESQ. AND [PROPOSED] ORDER**<br><br>DATE: September 15, 2022<br>TIME: 1:30 p.m.<br>COURTROOM: 5-17th Floor<br>JUDGE: Hon. Edward M. Chen |

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Thursday, September 15, 2022, at 1:30 p.m. or as soon thereafter as the matter may be heard, in Courtroom 5-17th Floor, 450 Golden Gate Avenue, San Francisco, CA. 94102, Plaintiff Casa Nido Partnership, a California Partnership (hereinafter "Plaintiff" and/or "Casa Nido") will move this Court for an Order allowing Plaintiff to file a Third Amended and Supplemental Complaint. As set forth herein, the proposed Third Amended Complaint only contains additional allegations as to Defendant Sentry Insurance Company (hereinafter "Sentry"), and an update of the ultimate cost of cleanup. Granting this Motion is in the interests of justice, will not prejudice any other party other than Sentry, and will not result in any unnecessary delays in the prosecution on this action.

This Motion is brought pursuant to Federal Rule of Civil Procedure 15(a)(2) and 15(d). This Motion is based upon the attached Memorandum of Points and Authorities, Declaration of Rachel S. Doughty, Esq., upon the pleadings on file herein, and upon such other and further evidence as may be elicited at the hearing of this matter.

DATE: August 8, 2022

Respectfully submitted,

*/s/ Rachel S. Doughty*
Rachel S. Doughty
Richard A. Brody

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Casa Nido brings this motion seeking leave of court to file a Third Amended and Supplemental Complaint (hereinafter the "TAC"). The proposed TAC contains amended and supplemental allegations as to defendant Sentry Insurance Company (hereinafter "Sentry") only. The primary cause of action which will be modified by the filing of the TAC is the Eleventh Claim for Relief (Breach of Covenant of Good Faith and Fair Dealing). The TAC is an Amended Complaint because it adds language primarily concerning Sentry's obligations as an insurance company to provide a defense and to indemnify an insured. The TAC is also a Supplemental Complaint in that it sets out transactions, occurrences and events that have taken place since the filing of the Second Amended Complaint. Casa Nido is an additional named insured under policies issued by Sentry which Casa Nido contends provide insurance coverage for both the actions alleged by Plaintiff and the relief sought by Plaintiff, and a defense and indemnity contributions for the allegations by Counter-Claimant Catherine O'Hanks (hereinafter "O'Hanks") against Casa Nido.

Prior to filing this Motion, counsel for Plaintiff met and conferred with counsel for Sentry in an attempt to avoid the filing of this Motion and to allow the filing of the TAC by stipulation and Court Order. Counsel for Sentry was unwilling to stipulate to the filing of the TAC, thereby necessitating the filing of this Motion. Declaration of Rachel S. Doughty (hereinafter the "Doughty Declaration"), ¶ 7.

### II. STATEMENT OF FACTS

Plaintiff Casa Nido's Complaint for Cost Recovery and Injunctive Relief was filed on November 10, 2020. The Complaint named Catherine O'Hanks and Jae Kwon as Defendants. Docket Document 1. Plaintiff's First Amended Complaint for Cost Recovery, Injunctive Relief and Punitive Damages was filed on July 9, 2021. The First Amended Complaint added Lynne Marie Garibotti and Sentry Insurance Company as Defendants. Docket Document 38. Plaintiff's Second Amended Complaint for Cost Recovery, Injunctive Relief and Punitive Damages was filed on December 1, 2021. Docket Document 88.

Attached hereto as Exhibit A to the Doughty Declaration is the proposed Third Amended and Supplemental Complaint. The proposed changes to the existing Second Amended Complaint are highlighted in redline strike-out print, to assist the Court and the litigants. If this Motion is granted, the final Third Amended and Supplemental Complaint will "accept all changes" and file the final document without proposed edits indicated.

The proposed TAC is an amended pleading in that it adds the allegation in Paragraph 110 that the insurer's duty to indemnify and defend Casa Nido arises if the underlying complaint alleges that the insured's liability for damages (is) potentially covered under the policy. That same Paragraph in the TAC also alleges that "…any doubt as to whether the fact establish the existence of the defense duty must be resolved in the insured's favor.

The proposed TAC is also a supplemental pleading in that it sets out transactions, occurrences and events involving Defendant Sentry that have taken place subsequent to the date of the filing of the First Amended Complaint. Federal Rule of Civil Procedure 15(d).  Paragraphs 111 through 124 set forth allegations concerning positions taken in this case by Sentry which allege that Sentry knowingly and intentionally maintained a position with its insured (Casa Nido) which lacks any basis in law. The TAC alleges that by taking these actions, Sentry breached its duty of good faith and fair dealing to Casa Nido. The proposed TAC also alleges that Defendant Sentry has refused to provide a legal defense without monetary limitation to the counterclaim filed against Casa Nido by Defendant O'Hanks, despite its continuing, clear obligation to provide such a legal defense to Plaintiff. Paragraphs 123 and 124.

Finally, the proposed TAC alleges that "many of the facts set forth…were only discoverable by Plaintiff Casa Nido subsequent to the filing of the original Complaint and First Amended Complaint" and provides examples of such subsequently discovered facts.  Paragraph 124.

**NOTICE OF MOTION; MOTION FOR LEAVE TO FILE THIRD AMENDED AND SUPPLEMENTAL COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF RACHEL S. DOUGHTY, ESQ. AND [PROPOSED] ORDER**

### III. GOOD CAUSE EXISTS FOR GRANTING PLAINTIFF CASA NIDO LEAVE TO FILE A THIRD AMENDED AND SUPPLEMENTAL COMPLAINT

#### A. Good Cause Exists for an Order Allowing Casa Nido to Amend the Current Second Amended Complaint

Federal Rule of Civil Procedure Rule 15 allows a party to amend its pleading "with the opposing party's written consent or the court's leave." The rule instructs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Trial courts have discretion in deciding whether to grant leave to amend, but "[i]n exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citing *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957)). The judicial policy of Rule 15 favoring amendments should be applied with "extreme liberality." Id. (citing *Rosenberg Brothers & Co. v. Arnold*, 283 F.2d 406 (9th Cir. 1960) (per curiam). Leave to amend should be granted freely "even if a plaintiff's claims have previously been dismissed." *Hampton v. Steen,* No. 2:12-CV- 00470-AA, 2017 WL 11573592, at *2 (D. Or. Nov. 13, 2017) (citing *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002)).

The Federal Rules of Civil Procedure require that leave to amend a complaint should be given freely, even without the consent of the opposing party. Federal Rule of Civil Procedure 15(a)(2) provides in pertinent part that, other than in situations where a party may amend its pleading once as a matter of right "…a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Courts consider four factors when determining whether leave to amend should be granted: 1) prejudice to the opposing party; 2) bad faith; 3) futility of amendment; and 4) undue delay. *Foman v. Davis*, 371 U.S. 178, 182 (1962); see also *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). Not all factors are equal and only when prejudice or bad faith is shown should leave to amend be denied. *Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973). In reviewing which factor "carries the greatest weight" in such an inquiry, the Ninth Circuit Court of Appeal reasoned that "it is the consideration of prejudice to the opposing party that carries

the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (referencing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining Forman factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." (*Id*.) "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, *supra,* 833 F.2d at 187.

All four factors support the granting this Motion. First, there is no prejudice to Sentry or to any other party by granting this Motion. The proposed TAC essentially fleshes out the allegations of the current Second Amended Complaint by specifying additional claimed misconduct alleged here. These additional details in fact save Sentry time and expenses of discovery by providing additional facts to support Casa Nido's allegations against Sentry.

Second, Casa Nido has not engaged in any actions which can reasonably be construed as being in bad faith. Third, there is no futility involved in the proposed TAC, such as raising a claim clearly barred by the applicable statute of limitations, or the like. Finally, Casa Nido has not engaged in any undue delay. Rather, Casa Nido is taking the voluntary step of seeking to amend and supplement its operative pleading to assert post-filing conduct by Sentry which has only occurred in the past year, since the filing of Casa Nido's Second Amended Complaint.

### B. Good Cause Exists to Allow Casa Nido to Supplement the Current Second Amended Complaint

Federal Rule of Civil Procedure 15(d) states as follows:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

The United States Supreme Court has stated that "Rule 15(d) of the Federal Rules of Civil Procedure plainly permits supplemental amendments to cover events happening after suit…" *Griffin v. County School Board of Prince Edward County*, (1964) 377 U.S. 218, 227, 84 S.Ct. 1226, 12 L.Ed.2d 256. The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial

**NOTICE OF MOTION; MOTION FOR LEAVE TO FILE THIRD AMENDED AND SUPPLEMENTAL COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF RACHEL S. DOUGHTY, ESQ. AND [PROPOSED] ORDER**

pleadings are filed. *Keith v. Volpe*, 858 F. 2d 467, 473-474 (9th Cir. 1988), citing *William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.* 668 F. 2d 1014, 1057 (9th Cir. 1982). The Court has discretion to permit a supplemental pleading when to do so will promote speedy disposition of the entire controversy, will not cause undue delay, and will not prejudice other parties' rights. *Keith v. Volpe*, id at 858 F. 2d 467, 475 (9th Cir. 1988), citing *Lerman v. Chuckleberry Publishing, Inc.* 521 F.Supp. 228, 231-232 (S.D.N.Y. 1981).

By advising Sentry of factual allegations which have occurred since the filing of the Second Amended Complaint, the proposed TAC will further the purposes of Federal Rule of Civil Procedure 15(d). The proposed TAC puts at issue the alleged continuing misconduct of Sentry in refusing to provide a defense for Casa Nido without financial limitation, and its concurrent failure to indemnify Casa Nido from the claims alleged against it by O'Hanks.

## IV.    CONCLUSION

For the reasons set forth herein, Plaintiff Casa Nido Partnership respectfully requests that the Court grant this Motion and permit Plaintiff Casa Nido Partnership to file its proposed Third Amended and Supplemental Complaint.

Dated:  August 8, 2022                                    Respectfully Submitted,

_____
Rachel S. Doughty, Esq.
Richard A. Brody, Esq.