LINDA WENDELL HSU (SBN 162971)
lhsu@selmanlaw.com
SAM LIPSITZ (SBN 331407)
slipsitz@selmanlaw.com
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105-4537
Telephone: 415.979.0400
Facsimile: 415.979.2099

Attorneys for Defendant/Counter-Defendant
SENTRY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASA NIDO PARTNERSHIP, a California Partnership,<br><br>            Plaintiff,<br><br>      v.<br><br>CATHERINE O'HANKS, JAE KWON aka JAY KWON aka JAY KWON SHIK aka JAY SHIK KWON; LYNNE MARIE GARIBOTTI aka LYNNE GARIBOTTI BLOWER aka LYNNE G. BLOWER as trustee the Claudio Garibotti Trust dated May 1, 1952; and SENTRY INSURANCE COMPANY,<br><br>            Defendants.<br><br>CATHERINE O'HANKS<br><br>            Counter-Claimant,<br><br>      v.<br><br>JAE KWON aka JAY KWON aka JAY KWON SHIK aka JAY SHIK KWON; LYNNE MARIE GARIBOTTI aka LYNNE GARIBOTTI BLOWER aka LYNNE G. BLOWER as trustee the Claudio Garibotti Trust dated May 1, 1952; and SENTRY INSURANCE COMPANY<br><br>            Counter-Defendants. | CASE NO. 3:20-CV-07923-EMC-TSH<br><br>SENTRY INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED AND SUPPLEMENTAL COMPLAINT<br><br>Date:        September 15, 2022<br>Time:        1:30 p.m.<br>Judge:       Edward M. Chen<br>Courtroom.:  5 – 17th Floor<br><br>Complaint Filed:   November 10, 2020 |

SENTRY'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED AND SUPPLEMENTAL COMPLAINT
CASE NO. 3:20-CV-07923-EMC-TSH

138 48370 4859-2692-0239 .v1

# TABLE OF CONTENTS

Page

I. INTRODUCTION ....................................................................................................... 1

II. FACTUAL / PROCEDURAL BACKGROUND ....................................................... 1

III. ARGUMENT ............................................................................................................... 3

    A. Statutory Authority ......................................................................................... 3

    B. Plaintiff's Motion To Amend Should Be Denied Because Making The Proposed New Allegations Would Be Futile ............................................ 5

        1. *Montrose* Was A Third Party Case, Not A First Party Case ................ 5

        2. Plaintiff's Proposed New Allegation That Sentry's Denial Of Coverage Was Based On The "Extent" of PCE Contamination, Rather Than Its "Manifestation," Is Demonstrably Untrue, And Therefore It Would Be Futile To Allow Such Amendment ................................................................... 7

        3. The *Okada* Decision, Decided Under Hawai'i Law, Was Based On Completely Different Policy Language, Such That Plaintiff's Proposed New Allegation At Paragraph 114 Would Be Futile .............................................................................. 8

    C. Plaintiff's Motion To Supplement Should Be Denied Due To California's Litigation Privilege And Anti-SLAPP Statute ........................... 10

IV. CONCLUSION .......................................................................................................... 11

i
SENTRY'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED AND SUPPLEMENTAL COMPLAINT
CASE NO. 3:20-CV-07923-EMC-TSH

138 48370 4859-2692-0239 .v1

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Amerisure Mut. Ins. Co. v. Arch Specialty Ins. Co.*,
 784 F.3d 270 (5th Cir. 2015) ...................................................................................................9

*Diamond Resorts U.S. Collection Development, LLC v. Pandora Marketing, LLC*,
 541 F.Supp 3d 1020 (C.D.Cal.2021) .....................................................................................10

*Eminence Capital, LLC v Aspeon, Inc.*,
 316 F.3d 1048 (9th Cir. 2003) .................................................................................................3

*Francis ex rel. Estate of Francis v. Northumberland County*,
 636 F.Supp.2d 368 (M.D.Pa. 2009) .........................................................................................3

*Graham-Sult v. Clainos*,
 756 F.3d 724 (9th Cir. 2014) .................................................................................................10

*Khai v. County of Los Angeles*,
 730 Fed.Appx. 408 (9th Cir. 2018) ..........................................................................................5

*Nat'l Union Fire Ins. Co. v. West Lake Academy*,
 548 F.3d 8 (1st Cir. 2008) ........................................................................................................9

*Okada v MGIG Indem. Corp.*,
 823 F.2d 276 (9th Cir. 1986) ........................................................................................1, 2, 8, 9

*PSG Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
 417 F.2d 659 (9th Cir. 1969) ...................................................................................................3

*San Luis & Delta-Mendota Water Authority v. U.S. Dept. of Interior*,
 236 F.R.D. 491 (E.D.Cal.2006) ...............................................................................................4

*Steckman v. Hart Brewing, Inc.*,
 143 F.3d 1293 (9th Cir. 1998) .................................................................................................3

*Travelers Cas. Ins. Co. of America v. Hirsh*,
 831 F.3d 1179 (9th Cir. 2016) .................................................................................................5

**California Cases**

*Austero v. National Cas. Co. of Detroit, Mich.*
 84 Cal.App.3d 1 (1978) ...........................................................................................................6

*Essex Ins. Co. v. City of Bakersfield*
 154 Cal.App.4th 696 (2007) ....................................................................................................6

ii
SENTRY'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED AND
SUPPLEMENTAL COMPLAINT
CASE NO. 3:20-CV-07923-EMC-TSH

138 48370 4859-2692-0239 .v1

*Garvey v. State Farm Fire & Cas. Co.*
    48 Cal.3d 395 (1989) ................................................................................................. 5

*McKinley v. XL Specialty Ins. Co.*
    131 Cal.App.4th 1572 (2005) .................................................................................... 6

*Montrose Chem. Corp. v. Admiral Ins. Co.*
    10 Cal.4th 645 (1995) ......................................................................................... *passim*

*Shekhter v. Financial Indemnity Co.*
    89 Cal.App.4th 141 (2001) ...................................................................................... 10

*Weeden v. Hoffman*
    285 Cal.Rptr.3d 262 (2021) ..................................................................................... 10

**Other State Cases**

*Albert D. Seeno Construction Co. v. Aspen Ins. UK Limited*,
    2020 WL 5760170 (USDC N.D. CA) ....................................................................... 9

*Clarity Co. Consulting, LLC v. Gabriel*,
    2022 WL 1090573 .................................................................................................. 10

**Federal Statutes**

Unruh Civil Rights Act ..................................................................................................... 10

**Other Authorities**

FRCP Rules 15(a)(2) and 15(d) ......................................................................................... 3

138 48370 4859-2692-0239 .v1

Selman Breitman LLP
ATTORNEYS AT LAW

## I. INTRODUCTION

Plaintiff's motion for leave to file an amended and supplemental complaint should be denied. The amended allegations against Sentry are legally and factually incorrect on their face, and it would therefore be futile to assert these new claims. The supplemental allegations involve protected activity under the litigation privilege and California's anti-SLAPP statute, such that it would be unduly prejudicial to require Sentry to defend against such allegations. If an amended complaint is allowed to be filed with those allegations, Sentry reserves the right to bring a special motion to strike under the anti-SLAPP statute and seek the attorney's fees and costs necessary to do so.

## II. FACTUAL / PROCEDURAL BACKGROUND

With respect to the motion to amend its complaint, plaintiff requests leave to make the following new allegations:

- Paragraph 112: Sentry allegedly "misrepresented" to its insured that the decision in *Montrose Chem. Corp. v. Admiral Ins. Co*. (1995) 10 Cal.4th 645[1] applied to third party claims, "even though *Montrose* specifically held that it only applied to first party claims."

- Paragraph 113: Sentry allegedly "misrepresented" to its insured that coverage under the Policy was determined by the "<u>extent</u> of subsurface contamination" rather than the manifestation of property damage during the policy periods."

- Paragraph 114: Sentry allegedly "misrepresented" to its insured that the term "expenses" in the Policy meant that there was no duty to defend, when "this exact argument" was rejected in *Okada v MGIG Indem. Corp*., 823 F.2d 276 (9th Cir. 1986).

However, none of these allegations are legally or factually accurate as shown by a cursory reading of the above case law and the Court record in this case. As discussed below,

---

[1] In paragraph 111 of its proposed TAC, plaintiff incorrectly states that the Montrose decision can be found at page 545.

1

*Montrose* was a third-party case, not a first party case; Sentry's initial denial of coverage was based on <u>when</u> the pollution allegedly manifested, not on the <u>extent</u> of the pollution; and the Sentry policy has completely different language than the policy language analyzed in the *Okada* decision. As such, allowing these allegations would be futile, such that plaintiff's motion for leave to assert these new allegations should be denied.

With respect to the motion to supplement its complaint, plaintiff seeks leave to make the following new allegations, all of which involve Sentry's written statements or writings made before this Court or in connection with the issues under consideration by the Court in this case:

- Paragraph 117: Sentry filed a Motion to Dismiss plaintiff's First Amended Complaint ("FAC"):
- Paragraph 118: plaintiff opposed that motion;
- Paragraph 119: the Court denied Sentry's motion;
- Paragraph 120: after the Court's Order, Sentry allegedly "refused to provide a legal defense without monetary limitation",
- Paragraph 121: these actions occurred "subsequent to the filing of the FAC," including a letter Sentry's counsel allegedly sent to plaintiff's counsel stating its current legal position in this case.

As discussed below, these allegations are improper because they violate California's anti-SLAPP statute found in CCP section 425.16 and the litigation privilege codified in CCP section 47. As such, the proposed amendments would result in undue prejudice to Sentry[2].

For these reasons, plaintiff's motion should be denied[3].

///

///

---

[2] If the Court allows plaintiff to file the TAC with these allegations, Sentry reserves the right to bring a special motion to strike under the anti-SLAPP statute, which if successful, would allow Sentry to recover its attorney's fees and costs in bringing that motion.

[3] Sentry has no objection (for leave to amend purposes) to the amendments in paragraphs 28, 107, 108, or 110 of the TAC, although it does not concede that those allegations are true or accurate.

## III. ARGUMENT

### A. Statutory Authority

Plaintiff's motion is based on FRCP Rules 15(a)(2) and 15(d), which state:

> Rule 15. Amended and Supplemental Pleadings
>
> (a) Amendments Before Trial.
>
> . . .
>
> (2) Other Amendments. In all other cases [i.e. more than 21 days after service of a pleading or 21 days after service of a responsive pleading or motion], a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
>
> . . .
>
> (d) Supplemental Pleadings. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented[.]

"Amending" a pleading involves entirely replacing the earlier pleading with a new pleading containing matters that occurred prior to the filing of the original pleading, while "supplementing" a pleading involves adding to the original pleading events occurring subsequent to the earlier pleading. *See Francis ex rel. Estate of Francis v. Northumberland County*, 636 F.Supp.2d 368 (M.D.Pa. 2009).

With respect to plaintiff's motion to amend, allowing a plaintiff to amend a complaint after a responsive pleading has been served is within the sound discretion of the trial court. *PSG Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 417 F.2d 659 (9th Cir. 1969). Sentry recognizes that in general, leave to amend should be liberally allowed. *Eminence Capital, LLC v Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). However, leave to amend should not be granted when "any amendment would be an exercise in futility." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). As discussed below, it would be futile to allow plaintiff to

3

SENTRY'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED AND SUPPLEMENTAL COMLAINT
CASE NO. 3:20-CV-07923-EMC-TSH

add new paragraphs 112-115 to their complaint since the case law and policy language cited therein is simply wrong.

With respect to plaintiff's motion to file a supplemental pleading, leave to file such a pleading should also be freely given, unless it results in undue prejudice to the opposing party. *See San Luis & Delta-Mendota Water Authority v. U.S. Dept. of Interior*, 236 F.R.D. 491 (E.D.Cal.2006). Here, allowing plaintiff to add new paragraphs 117-121 to their complaint would result in undue prejudice since the allegations violate California's anti-SLAPP statute found in CCP section 425.16, which states in relevant part:

> (a) The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, this section shall be construed broadly.
>
> (b)
>
> > (1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.
> >
> > (2) In making its determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.
> >
> > (3) If the court determines that the plaintiff has established a probability that he or she will prevail on the claim, neither that determination nor the fact of that determination shall be admissible in evidence at any later stage of the

4

case, or in any subsequent action, and no burden of proof or degree of proof otherwise applicable shall be affected by that determination in any later stage of the case or in any subsequent proceeding.

(c)(1) . . . in any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs[.]

. . .

(e) As used in this section, "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes:

(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, [or]

(2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law[.]

This statute applies to cases brought in federal court. *See Khai v. County of Los Angeles*, 730 Fed.Appx. 408 (9th Cir. 2018); *Travelers Cas. Ins. Co. of America v. Hirsh*, 831 F.3d 1179 (9th Cir. 2016).

Moreover, these allegations violate CCP 47, which states:

A privileged publication or broadcast is one made:

…

(b) In any … (2) judicial proceeding[.]

**B.  Plaintiff's Motion To Amend Should Be Denied Because Making The Proposed New Allegations Would Be Futile**

**1.  *Montrose* Was A Third Party Case, Not A First Party Case**

"First party" insurance policies protect against loss or damage <u>sustained directly by the insured</u> (e.g., fire, theft, disability insurance). *See Garvey v. State Farm Fire & Cas. Co.* (1989)

48 Cal.3d 395, 399.  In "first party" cases, plaintiff is the insured and seeks to recover benefits under the policy payable directly to the insured, not to a third party. *See McKinley v. XL Specialty Ins. Co*. (2005) 131 Cal.App.4th 1572, 1576.

In contrast, "third party" coverages protect the insured against liability to another based on the insured's acts. *See Essex Ins. Co. v. City of Bakersfield* (2007) 154 Cal.App.4th 696, 705. In a "third party" case, an injured party is making a claim against the insured, and the insured seeks coverage from the insurer to indemnify the insured against liability to the third party, and to defend claims by the third party against the insured. *See Austero v. National Cas. Co. of Detroit, Mich*. (1978) 84 Cal.App.3d 1, 26-28.

It is undisputed that this case is a third-party coverage dispute.  Plaintiff alleges that it purchased the subject Property in 1976 (TAC at paragraph 12).  Plaintiff then alleges that it is subject to claims by a third party, the California Department of Toxic Substances Control (DTSC) to undertake soil and groundwater testing related to Tetrachloroethylene (PCE), to conduct soil vapor testing, to arrange for removal and proper disposal of soils contaminated with PCE, the treat the PCE in the groundwater, and to install and operate a soil vapor extraction system (TAC at paragraph 27)[4].

It is alleged that, in denying a duty to defend plaintiff from the DTSC's third party claims, Sentry relied in part on the California Supreme Court's decision in *Montrose*, *supra* (TAC at paragraphs 38-40).  Plaintiff now wants to allege that Sentry's reliance on Montrose in its coverage position letter to plaintiff was a "misrepresentation" because "*Montrose* specifically held that [its decision] only applied to first party claims."

This allegation is futile because it is clearly an inaccurate statement of law.  In the very first paragraphs of the *Montrose* decision, the Court stated in relevant part:

> In *Prudential–LMI Com. Insurance v. Superior Court* (1990) 51 Cal.3d 674, 274 Cal.Rptr. 387, 798 P.2d 1230 (*Prudential–LMI*), we examined the issue of

---

[4] Plaintiff also tendered a third-party claim to Sentry on February 23, 2021 when it asked Sentry to defend it against the cross-complaint brought by Catherine O'Hanks.  (*See* ECF 64-4).

allocation of indemnity among insurers <u>in a first party property insurance case</u>, where a loss had occurred over several policy periods but was not discovered until several years after it commenced. … We expressly <u>reserved the question of what rules should apply in third party liability insurance cases</u> involving continuous or progressively deteriorating damage or injury. … <u>In this case we address the issue reserved</u> in *Prudential–LMI*.

*Montrose, supra*, 10 Cal.4th at 654 (emphasis added).

Ultimately, pursuant to the "standard occurrence-based CGL policy" language at issue in that case (*Id*. at 688), the *Montrose* Court held that the "continuous injury" trigger of coverage should be adopted for <u>third party</u> liability insurance cases involving continuous or progressively deteriorating losses. *Id*. at 654.

Thus, a cursory reading of the *Montrose* decision makes clear that it was a third-party case. For plaintiff to attempt to allege that it was a first party case that Sentry "misrepresented" as a first party case is simply wrong. Because it would be futile to allow such allegation, plaintiff's motion to amend to include the new allegations in paragraph 112 should be denied.

**2.  Plaintiff's Proposed New Allegation That Sentry's Denial Of Coverage Was Based On The "Extent" of PCE Contamination, Rather Than Its "Manifestation," Is Demonstrably Untrue, And Therefore It Would Be Futile To Allow Such Amendment**

Plaintiff alleges that it first learned of the PCE subsurface contamination in August 2016 (TAC paragraph 25). In fact, plaintiff alleges that it "did not know, or had any reason to know, before 2016, of the existence of the contamination and injury to Plaintiff." (*Id*.)

Plaintiff now wants to allege that Sentry denied a duty to defend "on the basis that the <u>extent</u> of the PCE subsurface contamination was not determined until after the policy period ended" (TAC paragraph 113, lines 17-18; emphasis added). However, Sentry's March 25, 2021, letter is already before the Court – see ECF 64.5. In that letter, Sentry makes clear that its denial is based on the fact "that the subject contamination did not <u>manifest</u> itself until after the Policy had expired, such that the Dry Cleaners Additional Coverages Endorsement does not apply,

7

SENTRY'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED AND SUPPLEMENTAL COMLAINT
CASE NO. 3:20-CV-07923-EMC-TSH

138 48370 4859-2692-0239 .v1

leaving this matter within the Policy's pollution exclusion." (*Id*.) Nowhere does the letter state that coverage was being denied because of the <u>extent</u> of the contamination. Thus, plaintiff's proposed allegation in paragraph 113 would be futile, and plaintiff's motion to amend its complaint to assert this baseless allegation should be denied.

### 3. The *Okada* Decision, Decided Under Hawai'i Law, Was Based On Completely Different Policy Language, Such That Plaintiff's Proposed New Allegation At Paragraph 114 Would Be Futile

In *Okada*, the insureds held a Directors and Officers Errors and Omissions policy issued by MGIC. *Id*. at 277. After three directors refused to accept MGIC's defense payments under a reservation of rights, MGIC stopped paying their defense costs, and the insureds filed suit seeking a judicial determination that MGIC had a duty to pay defense costs as those costs were incurred. *Id*. at 279.

The policy at issue in *Okada* included the following language:

1. DEFINITIONS

....

(d) The term "Loss" … shall include but not be limited to … defense of legal actions, claims or proceedings and appeals therefrom and cost of attachment or similar bonds[.]

…

5. COSTS, CHARGES AND EXPENSES

(a) No costs, charges and expenses shall be incurred or settlements made without the Insurer's consent which consent shall not be unreasonably withheld; however, in the event such consent is given, the Insurer shall pay, subject to the provisions of Clause 4, such costs, settlements, charges and expenses.

....

(c) The Insurer may at its option and upon request, advance on behalf of the Directors or Officers, or any of them, expenses which they have incurred in connection with claims made against them, prior to disposition of such claims,

provided always that in the event it is finally established the Insurer has no liability hereunder, such Directors and Officers agree to repay to the Insurer, upon demand, all monies advanced by virtue of this provision.

*Id*. at 279.

MGIC attempted to argue that the provisions of section 5 of the policy (governing "costs, charges and expenses") excluded legal costs. *Id*. at 280. The court rejected that argument, pointing out that "nowhere does the policy define "expenses" to exclude defense costs. *Id*. at 281.

In stark contrast, the Sentry policy (*see* ECF 64.6) is a Businessowners Policy issued to a dry cleaner (EDF 64.6 at page 4). The Businessowners Liability Coverage Form includes a pollution exclusion which applies to preclude coverage for the third-party claim (ECF 64.6 at page 12-13). However, the Policy includes a Dry Cleaners Endorsement ("DCE") which includes a "Pollution Liability Insurance" provision (EDF 64.6 at page 18). That provision states that "a separate pollution limit of $100,000 applies to all damages, including sums paid under Coverage Extension – Supplementary Payments, for all occurrences during the policy period." (*Id*.) The Policy's Supplementary Payments provision, in turn, states that the insurer will pay "all expenses we incur" (EDF 64.6 at page 10). Based on this policy language, Sentry has taken the position that the $100,000 limit includes defense fees and costs. *See Albert D. Seeno Construction Co. v. Aspen Ins. UK Limited*, 2020 WL 5760170 (USDC N.D. CA) (under the subject endorsement, attorneys' fees incurred by the insurer to defend the insured were "supplementary payments" that eroded the policy limits); *Amerisure Mut. Ins. Co. v. Arch Specialty Ins. Co.*, 784 F.3d 270, 274-75 (5th Cir. 2015); *Nat'l Union Fire Ins. Co. v. West Lake Academy*, 548 F.3d 8, 18 (1st Cir. 2008).

Whether Sentry's position is correct will be decided on another day. For purposes of this opposition, however, it is obvious that Hawai'i's decision in Okada involves different facts and policy language then the allegations and policy language in this California case. As such, it would be futile for plaintiff to make the "misrepresentation" allegation in paragraph 114 of the TAC, and as such, plaintiff's motion should be denied.

9
SENTRY'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED AND SUPPLEMENTAL COMLAINT
CASE NO. 3:20-CV-07923-EMC-TSH

138 48370 4859-2692-0239 .v1

## C. Plaintiff's Motion To Supplement Should Be Denied Due To California's Litigation Privilege And Anti-SLAPP Statute

In paragraphs 117 through 121, plaintiffs wish to allege that Sentry's efforts to defend itself and state its coverage position in this case is evidence of its "bad faith" conduct. However, such allegations are not allowed under California's anti-SLAPP statute or litigation privilege statute, cited above.

In determining whether speech is protected under California's anti-SLAPP statute, courts also look to the litigation privilege as an aid in construing the scope of the anti-SLAPP statute, because the two statutes serve similar policy interests. *Diamond Resorts U.S. Collection Development, LLC v. Pandora Marketing, LLC*, 541 F.Supp 3d 1020 (C.D.Cal.2021). California's litigation privilege, which immunizes defendants from virtually any tort liability, with the sole exception for causes of action for malicious prosecution, applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve objects of litigation; and (4) that has some connection or logical relation to action. *Graham-Sult v. Clainos*, 756 F.3d 724 (9th Cir. 2014). Legal advice made in connection with litigation is within the anti-SLAPP statute, and protects defendants from suits brought by third parties on any legal theory or cause of action arising from those protected activities. *Clarity Co. Consulting, LLC v. Gabriel*, 2022 WL 1090573. Anti-SLAPP protection for petitioning activities applies not only to the filing of pleadings in lawsuits, but also extends to conduct that relates to such litigation, including statements made in connection with the litigation. *Weeden v. Hoffman* (2021) 285 Cal.Rptr.3d 262.

In *Shekhter v. Financial Indemnity Co*. (2001) 89 Cal.App.4th 141, the insurer filed suit against the insured for insurance fraud. *Id*. at 145. The insured filed a cross-complaint against the insurer for unfair business practices and the Unruh Civil Rights Act arising from the acts of filing complaints against the insured and the subsequent litigation. *Id*. at 149. The *Shekhter* court agreed with the insurer that the insured's causes of action arising from that litigation activity was the appropriate subject of an anti-SLAPP motion. *Id*. at 151 (citations omitted).

///

10
SENTRY'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED AND SUPPLEMENTAL COMLAINT
CASE NO. 3:20-CV-07923-EMC-TSH

138 48370 4859-2692-0239 .v1

Here, plaintiff is attempting to supplement its "bad faith" allegations against Sentry by asserting that the motion to strike filed by Sentry in this case, as well as its coverage position following the Court's order on that motion to dismiss, supports its claims. Such activity by Sentry is protected. Especially since plaintiff makes no effort to assert that it will prevail in its coverage position (it will not), it would be unduly prejudicial to allow plaintiff to file its proposed TAC with these supplementary allegations.

## IV.   CONCLUSION

Based on the foregoing, Sentry respectfully requests that this Court issue an Order denying plaintiff's motion for leave to amend its complaint to assert new and supplemental claims against Sentry that are futile and unduly prejudicial.

DATED: August 22, 2022                              SELMAN BREITMAN LLP


By: */s/ Linda Wendell Hsu*
    LINDA WENDELL HSU
    Attorneys for Defendant/Counter-Defendant
    SENTRY INSURANCE COMPANY

11
SENTRY'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED AND SUPPLEMENTAL COMLAINT
CASE NO. 3:20-CV-07923-EMC-TSH

138 48370 4859-2692-0239 .v1