1  Rachel S. Doughty (CBN 255904)
2  Richard A. Brody (SBN 100379)
   GREENFIRE LAW, PC
3  2748 Adeline Street, Suite A
   Berkeley, CA 94703
4  Ph/Fx: (510) 900-9502
   rdoughty@greenfirelaw.com
5  rbrody@greenfirelaw.com

6  *Attorneys for Plaintiff/Counter-Defendant
   Casa Nido Partnership*
7

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CASA NIDO PARTNERSHIP, a California Partnership, | Case No. 20-cv-07923-EMC |
| Plaintiff, | |
| v. | **NOTICE OF MOTION AND MOTION TO SUBSTITUTE SUCCESSOR IN INTEREST FOR DECEASED DEFENDANT JAE KWON (FED. R. CIV. PR. 25(A)(1))** |
| CATHERINE O'HANKS; JAE KWON aka JAY KWON aka JAY KWON SHIK aka JAY SHIK KWON; LYNNE MARIE GARIBOTTI aka LYNNE GARIBOTTI BLOWER aka LYNNE G. BLOWER, as trustee the Claudio Garibotti Trust, dated May 1, 1952; and SENTRY INSURANCE COMPANY, | DATE: December 21, 2023
TIME: 1:30 p.m.
COURTROOM: 5
JUDGE: Hon. Edward M. Chen |
| Defendant. | Complaint Filed: November 10, 2020 |
| CATHERINE O'HANKS, | |
| Counter-Claimant | |
| v. | |
| CASA NIDO PARTNERSHIP, a California Partnership, | |
| Counter-Defendant. | |

i

**TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on December 21, 2023, at 1:30 pm, or as soon thereafter as it may be heard, in Courtroom 5-17th Floor of the above-entitled Court, the Hon. Edward M. Chen, Judge Presiding, Plaintiff Casa Nido Partnership ("Casa Nido") will move the Court for an Order appointing Ji Beom Kwon as successor in interest to deceased Defendant Jae Kwon, aka Jay Kwon aka Jay Kwon Shik aka Jay Shik Kwon. Ji Beom Kwon is the surviving spouse of Decedent Jae Kwon and is believed to still be living. Alternatively, Casa Nido requests that the Court appoint Eunice E. Kwon, an adult daughter of Mr. and Mrs. Kwon, as Successor in Interest to Defendant Jae Kwon. This Motion is brought pursuant to the provisions of Federal Rule of Civil Procedure 25(a)(1).

DATED: November 7, 2023           GREENFIRE LAW, PC

                                  By: _/s/ R*ichard A. Brody*___
                                      Rachel S. Doughty
                                      Richard A. Brody
                                      Attorney for Plaintiff

1

**NOTICE OF MOTION AND MOTION TO SUBSTITUTE SUCCESSOR IN INTEREST FOR DECEASED DEFENDANT JAE KWON (FED. R. CIV. PR. 25(A)(1)) --- 20-CV-07923-EMC**

## I. INTRODUCTION

Plaintiff Casa Nido Partnership ("Casa Nido") respectfully requests that the Court grant this motion to appoint Ji Beom Kwon as successor in interest to Defendant Jae Kwon ("Kwon"), who died on August 23, 2023. Ji Beom Kwon is the spouse of Decedent Jae Kwon and is believed to be living. Alternatively, Casa Nido respectfully requests that the Court appoint Eunice E. Kwon, an adult daughter of Mr. and Mrs. Kwon, as successor in interest. Plaintiff also seeks an order from the Court, if necessary, to compel former counsel for Kwon to provide non-privileged information in its possession, if any, concerning the legal heirs to Mr. Kwon, in order to assist the parties and the Court in determining the correct person or entity to name as the successor in interest to Mr. Kwon, should Ji Kwon no longer be living. This information is necessary because a successor in interest to Jae Kwon was not identified in the Suggestion of Death filed by former counsel to Mr. Kwon.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On September 11, 2023, Venable LLP, the Court-appointed counsel for Defendant Jae Kwon, filed its "Suggestion of Death of Defendant Jae Kwon on the Record" (ECF No. 197). The Suggestion of Death stated that "counsel for Mr. Kwon were notified by Mr. Kwon's daughter on August 24, 2023, that he had passed away on August 23, 2023." (ECF No. 197). The Suggestion of Death also stated that "counsel is advised that the assets in Mr. Kwon's estate are minimal to non-existent, and that probate will not be opened." (ECF No. 197). The Suggestion of Death did not name the successor-in-interest to Mr. Kwon and did not provide the name of Mr. Kwon's daughter. (ECF No. 197). To the best knowledge of Plaintiff's counsel, no Proof of Service has been filed showing service of the Suggestion of Death on any individual or entity other than counsel of record for the parties to this case. (Declaration of Richard A. Brody, ¶2).

On September 28, 2023, the Court issued its Order Terminating Limited Scope Representation of pro bono counsel William M. Sloan and Sarah M. Hoffman, of the law firm Venable LLP. (ECF 198).

Plaintiff's counsel has made numerous attempts to identify a successor in interest to Mr. Kwon, without success to date. On September 18, 2023, Plaintiffs' counsel Richard Brody held a

2
NOTICE OF MOTION AND MOTION TO SUBSTITUTE SUCCESSOR IN INTEREST FOR DECEASED DEFENDANT JAE KWON (FED. R. CIV. PR. 25(A)(1)) --- 20-CV-07923-EMC

1 Zoom meeting with Mr. Sloan and Ms. Hoffman to attempt to ascertain the identity of a successor in interest to Mr. Kwon, and to attempt to determine whether Mr. Kwon had left any sort of testamentary document. Both Mr. Sloan and Ms. Hoffman indicated that they did not have a client at present in this matter and that they were concerned about divulging information that might be confidential and/or privileged. Mr. Sloan and Ms. Hoffman indicated that they did not know whether Mr. Kwon had left any sort of testamentary document. They also indicated that they did not know the name of Mr. Kwon's daughter. (Declaration of Richard A. Brody, ¶ 2)

Plaintiff's counsel then sent two e-mails to Ms. Hoffman requesting non-privileged information regarding Mr. Kwon and his potential heirs. Those e-mails have gone unanswered. (Declaration of Richard A. Brody, ¶¶ 3, 4, 5).

Mr. Kwon was not deposed prior to his death. (Declaration of Richard A. Brody, ¶ 6).

Plaintiff's counsel has been unable to find an obituary or other online statement that would provide information about a successor in interest. (Declaration of Richard A. Brody, ¶ 7).

Mr. Kwon's Rule 26(A) Initial Disclosures contained a copy of a Voluntary Petition in the United States Bankruptcy Court for the Northern District of California filed on behalf of Mr. Kwon and his spouse and co-debtor Ji Beom Kwon. Plaintiffs' counsel has not been able to determine whether Ji Beom Kwon is living or deceased. (Declaration of Richard A. Brody, ¶ 8).

Plaintiffs' counsel retained the services of a private investigator to attempt to locate the heirs of Jae Kwon. A database search conducted by this private investigator indicates that Ji Beom Kwon may be alive and living in Hercules, California. That search also disclosed that there may be as many as 7 adult children of Mr. Kwon, with at least 4 of those potential adult children living in various locations in Northern California. One of the daughters, Eunice E. Kwon, is listed as living at the same address in Hercules, California, as is Mrs. Kwon. Eunice E. Kwon is shown to be 41 years of age. (Declaration of Richard A. Brody, ¶ 9).

**III.  THIS COURT SHOULD EITHER JI BEOM KWON OR EUNICE E. KWON AS SUCCESSOR IN INTEREST FOR DECEASED DEFENDANT JAE KWON OR ALTERNATIVELY ORDER MR. KWON'S FORMER COUNSEL TO PROVIDE INFORMATION CONCERNING MR. KWON'S LEGAL HEIRS**

Federal Rule of Civil Procedure 25(a)(1) provides as follows:

3

**NOTICE OF MOTION AND MOTION TO SUBSTITUTE SUCCESSOR IN INTEREST FOR DECEASED DEFENDANT JAE KWON (FED. R. CIV. PR. 25(A)(1)) --- 20-CV-07923-EMC**

(a) Death.
(1) *Substitution if the Claim Is Not Extinguished*. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

To be properly served, the statement noting the death must be served on the parties and also on "non-party successors or representatives in the manner provided by Rule 4 for the service of a summons." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). A motion to substitute, together with a notice of hearing," must be served in the same manner as a suggestion of death and service may be made in any judicial district. Fed. R. Civ. P. 25(a)(3). *Rivington Partners, LLC v. Rovens*, 2022 U.S. Dist. LEXIS 116816 at *4-5, 2022 WL 2391033 (U.S.D.C. N.D.Cal., July 1, 2022).

There is no proof of service attached to the Suggestion of Death. A successor-in-interest has also not been identified in the Suggestion of Death. Thus, it appears that the Suggestion of Death is incomplete and has not been properly served, and that the 90-day time period for filing of a motion to substitute successor in interest has not begun to run.

California Code of Civil Procedure §377.42 allows for the continuation of an action previously pending against the decedent. Thus, it is appropriate for Plaintiffs to continue this action against Mr. Kwon's estate through service on a successor in interest.

## IV.     CONCLUSION

For the reasons set forth herein, Plaintiff Casa Nido Partnership respectfully requests that that the Court grant this motion to appoint Ji Beom Kwon as successor in interest to deceased Defendant Jae Kwon ("Kwon"), who died on August 23, 2023. Alternatively, Plaintiff Casa Nido Partnership requests that Eunice E. Kwon be appointed as successor in interest to deceased Defendant Jae Kwon. If necessary, Plaintiff also seeks an order from the Court to compel former counsel for Kwon to provide non-privileged information in its possession, if any, concerning the legal heirs to Mr. Kwon, in order to assist the parties and the Court in determining the correct person or entity to name as the successor in interest to Mr. Kwon. Such an Order is proper because the Suggestion of Death did not include the identity of Mr. Kwon's successor in interest, as

required.

DATED: November 7, 2023                GREENFIRE LAW, PC

                                       By: _/s/ *Richard A. Brody*___
                                           Rachel S. Doughty
                                           Richard A. Brody
                                           Attorneys for Plaintiff

   Under N.D. Cal. Local Rule 5-1(i)(3), in lieu of a signature, I attest that I obtained approval, on November 7, 2023, from Richard Brody for the filing of this pleading.

                                           __/s/ *Rachel S. Doughty*
                                           Rachel S. Doughty