Rachel S. Doughty, Cal. Bar No. 255904
Richard A. Brody, Cal. Bar No. 100379
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 96707
Telephone: (510) 900-9502
Facsimile: (510) 900-9502
rdoughty@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASA NIDO PARTNERSHIP, a California Partnership,<br><br>Plaintiff,<br><br>v.<br><br>CATHERINE O'HANKS et al.,<br><br>Defendants.<br><br>CATHERINE O'HANKS,<br><br>Counter-Claimant<br><br>v.<br><br>CASA NIDO PARTNERSHIP et al.,<br><br>Counter-Defendants | Case No. 20-cv-07923-EMC<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT, MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF RACHEL S. DOUGHTY, ESQ. AND [PROPOSED] ORDER**<br><br>DATE: January 4, 2024<br>TIME: 1:30 p.m.<br>COURTROOM: 5 - 17th Floor<br>JUDGE: Hon. Edward M. Chen |

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Thursday, January 4, 2024, at 1:30 p.m. or as soon thereafter as the matter may be heard, in Courtroom 5 - 17th Floor, 450 Golden Gate Avenue, San Francisco, CA. 94102, Plaintiff Casa Nido Partnership, a California Partnership (hereinafter

"Plaintiff" and/or "Casa Nido") will move this Court for an Order allowing Plaintiff to file a Motion for Summary Judgment against Defendants Catherine O'Hanks, Sandra Kate Vernell, Earl Ray Anderson, Lynne Marie Garibotti, and the Estate of Jae Kwon (deceased). In addition, Plaintiff seeks leave of Court to file one Motion for Summary Judgment of 40 pages collectively as to all such Defendants, with a page limit of 40 pages excluding the cover page, declarations and exhibits.

As set forth herein, the granting of this motion is in the interests of substantial justice, is in the interests of judicial economy, will not unduly prejudice any party this action, and will not result in any unnecessary delays in the prosecution on this action.

This Motion is brought pursuant to Federal Rules of Civil Procedure 16(b) and 56, as well as this Court's Civil Standing Order, ¶9. This Motion is based upon the attached Memorandum of Points and Authorities, Declaration of Rachel S. Doughty, Esq., upon the pleadings on file herein, and upon such other and further evidence as may be elicited at the hearing of this matter.

Dated: November 16th, 2023                             Respectfully Submitted,


                                                        /s/ Rachel Doughty
                                                       Rachel S. Doughty, Esq.
                                                       Richard A. Brody, Esq.
                                                       Attorneys for Plaintiff Casa Nido Partnership,
                                                       a California Partnership

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.     **INTRODUCTION**

Plaintiff Casa Nido seeks an Order allowing Plaintiff to file a second Motion for Summary Judgment as to Defendants Catherine O'Hanks, Sandra Kate Vernell, Earl Ray Anderson, Lynne Marie Garibotti, and the Estate of Jae Kwon (deceased) (hereinafter referred to as the "Five Defendants"). Plaintiff previously filed a Motion for Summary Judgment as to Defendant Sentry Insurance Company, (hereinafter "Sentry") which was granted in part. (ECF No. 196). Plaintiff also seeks an Order allowing Plaintiff to file one Motion for Summary Judgment collectively as to these five defendants, with a page limit for the memorandum of points and authorities of 40 pages

exclusive of the cover page, exhibits and declarations. The issues that will be addressed in this collective Motion for Summary Judgment largely concerns common issues of liability and damages that are wholly distinct from the issues presented in Casa Nido's Sentry Motion for Summary Judgment, which largely concerned insurance-related issues.

## II.   STATEMENT OF PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff Casa Nido is a California General Partnership, consisting primarily of older men and women. Casa Nido is the current owner of an approximately 5,200 square foot parcel (the "Property") located at 12210 San Pablo Avenue in Richmond, California. From 1960 through 2015, a dry-cleaning facility was located on the Property, which business was owned and operated by Catherine O'Hanks, Sandra Kate Vernell, Earl Ray Anderson, and Jae Kwon. The Claudio Garibotti Trust owned the Property prior to Casa Nido. For ease of reference, Plaintiff will refer to these Defendants as "the Five Defendants" in this Motion. Declaration of Rachel S. Doughty (Doughty Decl.) ¶2.

Casa Nido never had an ownership interest in any dry-cleaning or laundry business located on the Property. Casa Nido also never controlled or managed any of the business operations of any of the dry-cleaning businesses located at the Property. The building in which the dry-cleaning plant operated was demolished in July 2017 and the Property has remained undeveloped to the present day. Doughty Decl. ¶3.

During many or most of the years that the commercial dry-cleaning facility was operated at the Property, the dry-cleaning facility generated halogenated solvent wastes including tetrachloroethene ("PCE") and its breakdown product trichloroethene ("TCE"), which is now a known carcinogen. In April 2011, the Department of Toxics Substance Control ("DTSC") performed a Site Screening Assessment for the Property with the following recommendation: "Recommend DTSC pursue further action to determine if a past release of hazardous substances has occurred at the site." On October 6, 2023, the DTSC issued an Imminent and Substantial Endangerment Determination and Order and Remedial Action Order, in which the DTSC made a finding that Casa Nido, O'Hanks, Anderson, and Vernell were responsible parties as defined by

California Health and Safety Code section 25323.5. It is likely that Garibotti and Kwon may also be found to be responsible parties. Doughty Decl., ¶¶ 4 and 5.

In its Third Amended Complaint (ECF No. 147), Casa Nido has asserted Claims for Relief against all Defendants, with the exception of Sentry Insurance Company, as follows:

1. First Claim for Relief (Cost Recovery, CERCLA, 42 U.S.C. §9607(a),
2. Second Claim for Relief (Indemnity, The Carpenter-Presley-Tanner Hazardous Substance Act, California Health & Safety Code §§25300, 25363),
3. Third Claim for Relief (Innocent Landowner, California Health & Safety Code §§25395.80, 25395.84),
4. Fourth Claim for Relief (Water Pollution: California Water Code §§13304, 13350),
5. Fifth Claim for Relief (Continuing Public Nuisance, California Civil Code §§1021.5, 3479, 3480, 3491, 3493),
6. Sixth Claim for Relief (Per Se Nuisance: California Civil Code §3491),
7. Seventh Claim for Relief (Negligence), and
8. Eighth Claim for Relief (Negligence Per Se).

The claims against the Five Defendants involve common claims of fact and liability. As such, Plaintiff submits that it is in the interests of judicial economy to allow Plaintiff to file one Motion for Summary Judgment as to the Five Defendants, rather than requiring the filing of five separate Motions for Summary Judgment.

The Suggestion of Death of Defendant Jae Kwon on the Record states that Mr. Kwon died on August 23, 2023. (ECF No. 197). Plaintiff has filed a Motion to Substitute Successor in Interest to Deceased Defendant Jae Kwon, which is set for hearing on December 21, 2023. (ECF No. 200). Thus, a Successor in Interest to Mr. Kwon will be in place prior to the anticipated filing of Plaintiff's Motion for Summary Judgment.

### III. ISSUES OF FACT AND LAW COMMON TO THE FIVE DEFENDANTS

There are numerous issues of fact and law common to the Five Defendants. Common issues of fact and law include the following:

1. Each defendant owned or lawfully occupied the Property at a relevant point in time;
2. PCEs were used at the Property by each Defendant during the time that each occupied the Property, with the exception of Garibotti,
3. PCEs were released onto the Property during the time that the Property was owned or lawfully occupied by each of the Five Defendants,
4. Each of the Five Defendants is a Potentially Responsible Party for the release of PCEs,
5. The actions of each of the Five Defendants is alleged to have caused damage and actual harm to Plaintiff,
6. The evidence of liability is substantially similar for each of the Five Defendants. (Doughty Decl. ¶6).

## IV. GOOD CAUSE EXISTS FOR THE GRANTING OF THIS MOTION

Granting this motion will promote the issues of judicial economy by allowing the Court to consider common issues of law and fact in one dispositive motion involving the Five Defendants, rather than requiring the Court to consider five separate dispositive motions. In addition, Plaintiff's Motion for Summary Judgment may narrow or entirely eliminate issues to be presented at trial, which is also in the interests of judicial economy.

Granting this motion will not disrupt the Court's schedule in this case. All parties have made general appearances. Written discovery has taken place and a significant volume of documents have been exchanged among the parties. Mediation has taken place, which was unsuccessful. No trial date has been assigned. Doughty Decl. ¶7.

The legal and factual issues to be presented in Plaintiff's Motion for Summary Judgment are entirely distinct from those presented in Plaintiff's first Motion for Summary Judgment against Defendant Sentry Insurance Company. The Sentry motion concerned issues of insurance coverage, including the definitions of the terms "occurrence" and "manifestation" as used in the Sentry insurance policy. By contrast, the upcoming motion will address other issues, including but not

limited to the six legal issues addressed in the preceding section. Doughty Decl. ¶8. This motion does not seek to bring any motion against Sentry.

Granting this motion will not unduly prejudice the Five Defendants. As a general matter, absent this Court's prohibition on filing more than one Motion for Summary Judgment, Plaintiff could have moved for summary judgment previously. The Five Defendants are aware of the basis for their liability in this case from a multitude of sources including but not limited to discovery responses and documents produced by Plaintiff's counsel, as well as Declaration of Robert Clark-Riddell and extensive exhibits thereto, filed in this case in February 2023 (ECF No. 168-1), a comprehensive 1,342 page document (including exhibits) which addressed in great detail the release of PCEs at the Property.

This Court's Standard Order-General states:

> Motions for Summary Judgment. Each party or side is limited to filing one summary judgment motion. Any party wishing to exceed this limit must request leave of the Court. Briefing shall comply with Civil Local Rules 7-2 through 7-5. Separate statements of undisputed facts will not be considered by the Court. Joint statements of undisputed facts are not required, but are helpful if agreed upon.

Civil Local Rule 7-2(b) sets forth a mandatory page limit of 25 pages per motion. In this instance, a limit of 25 pages for a dispositive motion regarding five different defendants is insufficient to allow a full and proper briefing of issues. Doughty Decl. ¶9.

FED. R. CIV. P. 16(b)(4) states in pertinent part that: "A schedule may be modified only for good cause and with the judge's consent." Thus, the Court has discretion to grant leave to file additional motions for summary judgment if the party requesting such relief shows good cause to do so.

"[D]istrict courts have discretion to entertain successive motions for summary judgment." *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010). Although a court "retain[s] discretion to 'weed out frivolous or simply repetitive motions,'" the filing of a second motion for summary judgment can encourage the efficient resolution of lawsuits. *Id.* (*quoting Knox v. Southwest Airlines*, 124 F.3d 1103, 1106 (9th Cir. 1997)).

Courts have granted motions for leave to file summary judgment motions on this basis, noting that the filing of a second motion for summary judgment can encourage the efficient resolution of lawsuits. *Peasley v. Spearman,* No. 15-CV- 01769-LHK, 2018 U.S. Dist. LEXIS 160375, at *26-29 (granting defendants motion for leave to file second motion for summary judgment because doing so promotes judicial efficiency). Indeed, a successive summary judgment motion potentially can save all concerned from the far greater expenses of trial. *Hoffman v. Tonnemacher,* 593 F.3d 908, 911, 912 (9th Cir. 2010)*; see also In re Cell Tower Litig., 2011 U.S. Dist. LEXIS 105454, at *4-5* ([A] trial on each of these claims, when the Court did not find any genuine issues of material fact, would be a waste of the parties and the Courts resources, when the claims can be resolved without a trial.).

The Ninth Circuit has explicitly held that district courts have discretion to entertain successive motions for summary judgment. *Hoffman v. Tonnemacher* at 911 (affirming grant of second summary-judgment motion following denial of first motion, denial of a motion for judgment as a matter of law, and a mistrial). Allowing a party to file a second motion for summary judgment is logical, as it fosters the "just, speedy, and inexpensive resolution of suits" and "is particularly appropriate on an expanded factual record." *Id*. Indeed, "a successive summary judgment motion potentially can save all concerned from the far greater expenses of trial." *Id*. at 912.

Granting leave is particularly appropriate here because the grounds for this motion for summary judgment are separate and distinct from Plaintiff's previous motion as to Sentry Insurance Company. Plaintiff's second motion for summary judgment is not frivolous or repetitive of the first motion for summary judgment. *See Peasley*, *supra*, 2018 U.S. Dist. LEXIS 160375, at *28-29 ("Dr. Ahmed's motion is also not frivolous or repetitive. His previous summary judgment motion addressed only Counts 2 and 14, which are not at issue in the instant motion, and his legal arguments have a basis in the relevant law".); *Culley v. Lincare, Inc.,* No. 2:15-cv-00081-MCE-CMK, 2017 U.S. Dist. LEXIS 62772, at *3-6 (E.D. Cal. Apr. 24, 2017); *Means v. City & County of San Francisco,* No. CV 09-0941 TEH, 2011 U.S. Dist. LEXIS 69724, at *4-5 (N.D. Cal. June 29, 2011) ("[T]he City has raised novel issues not addressed in its original motion. Accordingly, the

City is not barred from bringing a second motion for summary judgment."). That Plaintiff's proposed second summary judgment motion raises entirely separate issues from its first motion demonstrates that Plaintiff's motion is presented in good faith and is not intended to harass or annoy Defendants or this Court. See *Supreme Foodservice GmbH v. Fluor Intercontinental, Inc.,* No. 2:11-cv-08803-SVW-FFM, 2013 WL 12122579, at *3 (C.D. Cal. Jan. 15, 2013) (allowing successive summary judgment motions because defendants [m]otion is not frivolous, repetitious, or an abuse of procedure. Instead, the motion presents new evidence and arguments the Court did not consider in its prior Order.); *Henderson v. Wal-Mart Stores, Inc.,* 2015 WL 3901755, at *3 (E.D. Tex. Jun. 23, 2015) ("While at some point successive motions for summary judgment may be improper or even harassing, this is not such a case. Therefore, the undersigned finds that Wal-Marts motion is both timely and proper.").

## V.   CONCLUSION

For the reasons set forth herein, Plaintiff Casa Nido Partnership respectfully requests that the Court grant this Motion and allow Plaintiff to file a second Motion for Summary Judgment and also allow Plaintiff to file a second Motion for Summary Judgment with a page limit of 40 pages (exclusive of the cover page and exclusive of any declarations and exhibits).

Dated: November ___, 2023                          Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　 /s/ Rachel Doughty
　　　　　　　　　　　　　　　　　　　　　　　Rachel S. Doughty, Esq.
　　　　　　　　　　　　　　　　　　　　　　　Richard A. Brody, Esq.
　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff Casa Nido Partnership,
　　　　　　　　　　　　　　　　　　　　　　　a California Partnership