Rachel S. Doughty (CBN 255904)
Jessica L. Blome (CBN 314898)
Richard A. Brody (SBN 100379)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fx: (510) 900-9502
rdoughty@greenfirelaw.com
jblome@greenfirelaw.com
rbrody@greenfirelaw.com
*Attorneys for Plaintiff/Counter-Defendant
Casa Nido Partnership*

UNITED STATES DISTRICT COURT

NOTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASA NIDO PARTNERSHIP, a California Partnership,<br><br>Plaintiff,<br><br>v.<br><br>CATHERINE O'HANKS et al.,<br><br>Defendant.<br><br>CATHERINE O'HANKS,<br><br>Counter-Claimant<br><br>v.<br><br>CASA NIDO PARTNERSHIP, et al.,<br><br>Counter-Defendants. | Case No. 20-cv-07923-EMC<br><br>**DECLARATION OF RACHEL DOUGHTY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT**<br><br>DATE: January 4, 2024<br>TIME: 1:30 p.m.<br>COURTROOM: 5<br>JUDGE: Hon. Edward M. Chen<br><br>Complaint Filed: November 10, 2020 |

I, Rachel S. Doughty, do declare and state:

1. I am an attorney at law duly licensed to practice before the United States District Court for the Northern District of California, and all the Courts of the State of California. I am the Founder and Managing Shareholder for Greenfire Law, PC, co-counsel of record for Plaintiff Casa Nido Partnership ("Casa Nido"). If sworn as a witness, I could and would testify to my personal knowledge of the facts set forth herein.

2. Plaintiff Casa Nido is a California General Partnership, consisting primarily of older men and women. Casa Nido is the current owner of an approximately 5,200 square foot parcel (the "Property") located at 12210 San Pablo Avenue in Richmond, California. From 1960 through 2015, a dry-cleaning facility was located on the Property, which business was owned and operated by Catherine O'Hanks, Sandra Kate Vernell, Earl Ray Anderson. and Jae Kwon. The Claudio Garibotti Trust owned the Property prior to Casa Nido.

3. Casa Nido never had an ownership interest in any dry-cleaning or laundry business located on the Property. Casa Nido also never controlled or managed any of the business operations of any of the dry-cleaning businesses located at the Property. The building in which the dry-cleaning plant operated was demolished in July 2017 and the Property has remained undeveloped to the present day.

4. Casa Nido has been informed that during many or most of the years that the commercial dry-cleaning facility was operated at the Property, the dry-cleaning facility generated halogenated solvent wastes including tetrachloroethene ("PCE") and its breakdown product trichloroethene ("TCE"), which is now a known carcinogen. In April 2011, the Department of Toxics Substance Control ("DTSC") performed a Site Screening Assessment for the Property with the following recommendation: "Recommend DTSC pursue further action to determine if a past release of hazardous substances has occurred at the site."

5. On October 6, 2023, the DTSC issued an Imminent and Substantial Endangerment Determination and Order and Remedial Action Order, in which the DTSC made a finding that Casa Nido, O'Hanks, Anderson, and Vernell were responsible parties as defined by California

Health and Safety Code section 25323.5. Based upon my years of representing individuals and entities in environmental litigation, it is my belief that it is likely that Garibotti and Kwon will also be found to be responsible parties by the DTSC.

6. There are numerous issues of fact and law common to Casa Nido's claims against Defendants O'Hanks, Anderson, Vernell, Kwon, and Garibotti ("the Five Defendants"). Common issues of fact and law include the following:

   a. Each defendant owned or lawfully occupied the Property at a relevant point in time,
   b. PCEs were used at the Property by each Defendant during the time that each occupied the Property, with the exception of Garibotti,
   c. PCEs were released onto the Property during the time that the Property was owned or lawfully occupied by each of the Five Defendants,
   d. Each of the Five Defendants is a Potentially Responsible Party for the release of PCEs,
   e. The actions of each of the Five Defendants is alleged to have caused damage and actual harm to Plaintiff, and
   f. The evidence of liability is substantially similar for each of the Five Defendants.

7. Granting this motion will not disrupt the Court's schedule in this case. All parties have made general appearances. Written discovery has taken place and a significant volume of documents have been exchanged among the parties. Plaintiff's counsel has produced extensive amounts of documents over several different productions. This case was mediated over one year ago on October 18, 2022, without any resolution of any issues as to any of the Five Defendants. In addition, no trial date has been assigned.

8. The legal and factual issues to be presented in Plaintiff's Motion for Summary Judgment are entirely distinct from those presented in Plaintiff's first Motion for Summary Judgment against Defendant Sentry Insurance Company. The Sentry motion concerned issues of insurance coverage, including the definitions of the terms "occurrence" and "manifestation" as used in the Sentry insurance policy. By contrast, the upcoming motion will address other issues,

including but not limited to the six legal issues addressed in the preceding section. This motion does not seek to bring any motion against Sentry.

9. Plaintiff is requesting leave to file a second Motion for Summary Judgment as to all remaining defendants with the exception of Defendant Sentry Insurance Company. It will be more efficient to address the common issues as to the Five Defendants through the filing of a single motion. However, because there are five defendants who will be the subject of the Motion for Summary Judgment, the statutory limit of 25 pages does not allow for a full briefing of the applicable facts and law. Accordingly, I respectfully request that the Court allow Plaintiff to submit a motion with a memorandum of points and authorities not to exceed 40 pages, exclusive of the cover page, declarations and exhibits.

I make this declaration under penalty of perjury under the laws of the United States of America, executed this 16th day of November, 2023 in Berkeley, California.

By: __/s/ Rachel S. Doughty__
RACHEL S. DOUGHTY