WILLIAM NOEL EDLIN, ESQ. (SBN 107796)
nedlin@eghblaw.com
CHRISTOPHER J. DOW, ESQ. (SBN 250032)
cdow@eghblaw.com
ANDREW D. PEREZ, ESQ. (SBN 348645)
aperez@eghblaw.com
EDLIN GALLAGHER HUIE + BLUM
500 Washington Street, Suite 700
San Francisco, CA 94111
Telephone:    (415) 397-9006
Facsimile:    (415) 397-1339

Attorneys for Defendant
CATHERINE O'HANKS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| CASA NIDO PARTNERSHIP, a California Partnership,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CATHERINE O'HANKS; JAE KWON aka JAY KWON aka JAY KWON SHIK aka JAY SHIK KWON; LYNNE MARIE GARIBOTTI aka LYNNE G. BLOWER, individually and as Trustee of the Claudio Garibotti Trust, dated May 1, 1952; SENTRY INSURANCE COMPANY; SANDRA KATE VERNELL (f/k/a SANDRA KATE ANDERSON) and EARL RAY ANDERSON,<br><br>　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 3:20-cv-7923-EMC<br><br>**DEFENDANT CATHERINE O'HANKS' OPPOSITION TO PLAINTIFF CASA NIDO'S MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT**<br><br>Date:　January 4, 2024<br>Time:　1:30 PM<br>Place:　Courtroom 5, 17th Floor<br>Judge:　Hon. Edward M. Chen |

3553529

1

DEFENDANT CATHERINE O'HANKS' OPPOSITION TO PLAINTIFF CASA NIDO'S MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT

Defendant CATHERINE O'HANKS ("Defendant") hereby submits this Memorandum of Law and Declaration of Christopher J. Dow ("Dow Decl.") in opposition to Plaintiff CASA NIDO PARTNERSHIP's ("Plaintiff") Motion for Leave to File Second Motion for Summary Judgment.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

As argued in detail below, Plaintiff's Motion for Leave to File a Second Motion for Summary Judgment should be denied by the Court. Namely, Plaintiff does not show good cause meriting leave to file a second summary judgment motion where it presents no evidence that was not available to it, or could not have been obtained by it, upon its first motion for summary judgment.

Even assuming Plaintiff can demonstrate its second summary judgment motion is based on new evidence it could not have obtained prior to its first summary judgment motion (and Defendant Catherine O'Hanks does not concede this point), this new evidence cannot eliminate triable issues of material fact germane to its prima facie case under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") and the Carpenter–Presley–Tanner Hazardous Substance Account Act ("HSAA"), i.e., whether any release or threatened release of hazardous substances has caused Plaintiff to incur response costs that were necessary and consistent with the National Contingency Plan ("NCP"), the regulations that govern site investigation and cleanup under CERCLA and the HSAA.

For the foregoing reasons, Defendant respectfully requests this Court deny Plaintiff's motion for leave to file a second summary judgment motion. Defendant also respectfully requests the Court order the parties to meet and confer on a case management statement for completion of fact discovery, expert discovery, and Defendants' dispositive motion practice, and for such case management statement to be filed by the parties with the Court.

### II. LEGAL STANDARD

Federal Rule of Civil Procedure 56, setting forth guidelines for motions for summary judgment, does not limit the number of motions that may be filed in an action. See

3553529

2

DEFENDANT CATHERINE O'HANKS' OPPOSITION TO PLAINTIFF CASA NIDO'S MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT

1   Fed.R.Civ.P.56(a).  Rule 56 was amended in December 2009 to expressly allow a district court
2   to control the timing of motions for summary judgment.  Hoffman v. Tonnemacher, 593 F.3d
3   908, 910 (9th Cir. 2010).  It now states that its default limits on the timing of such motions
4   "apply unless… the court orders otherwise."  Fed. R. Civ. P.56(c).

5   In the present litigation, the express limitation on summary judgment motions comes
6   from paragraph 9 of the Honorable Edward M. Chen's General Civil Standing Order, which
7   provides "[e]ach party or side is limited to filing one summary judgment motion.  Any party
8   wishing to exceed this limit must request leave of the Court."  Civil Standing Order – General,
9   ¶9.  In order to file a successive motion for summary judgment, the movant must make a
10  showing of good cause.  Peasley v. Spearman, Case No. 15-CV-01769-LHK, 2017 WL 5451709,
11  at *3 (N.D. Cal., Nov. 14, 2017) (denying successive motion for summary judgment where
12  movant did not show good cause); see Fed. R. Civ. P.16(b)(4)(a scheduling order "may be
13  modified only for good cause and with the Judge's consent").

14  The Ninth Circuit reviews decisions concerning a second summary judgment motion
15  under an abuse of discretion standard.  See Hoffman, 593 F.3d at 911.  In Hoffman, the Ninth
16  Circuit found the district court exercised sound discretion in allowing the parties to bring
17  successive motions for summary judgment in light of the "availability of new evidence" or "an
18  expanded factual record" from the time the first summary judgment motion was filed. *Id*.
19  Specifically, the Ninth Circuit found a successive motion for summary judgment permissible
20  where after a mistrial, defendant moved for modification of the pretrial order to add a new expert
21  witness, the factual record was thereby expanded, and the trial court allowed a second summary
22  judgment motion before the second trial.  Id. at 912.  However, the Hoffman Court cautioned
23  district courts to be "conscious of the potential for abuse of the procedure" and to retain
24  discretion in order to "weed out frivolous or simply repetitive motions."  Hoffman, 953 F.3d at
25  911.

26  Here, Plaintiff does not show good cause, and, as demonstrated below, Plaintiff's
27  proposed second summary judgement motion is frivolous, futile and a waste of judicial resources
28  because it cannot eliminate a triable issue of material fact concerning whether Plaintiff complied

3553529

3

DEFENDANT CATHERINE O'HANKS' OPPOSITION TO PLAINTIFF CASA NIDO'S MOTION FOR LEAVE TO FILE SECOND
MOTION FOR SUMMARY JUDGMENT

with the NCP.

### III. ARGUMENT

**1. PLAINTIFF DOES NOT SHOW GOOD CAUSE MERITING A SECOND SUMMARY JUDGMENT MOTION BECAUSE IT PRESENTS NO EVIDENCE THAT WAS NOT AVAILABLE TO IT, OR EVIDENCE IT COULD NOT HAVE OBTAINED, UPON ITS FIRST MOTION FOR SUMMARY JUDGMENT.**

The Northern District has found that a party moving for leave to file a second summary judgment motion shows good cause when it demonstrates the second motion will be based on new evidence or an expanded factual record, and does not show good cause when the evidence or factual information could have been obtained and included with the first summary judgment motion. Peasley, 2017 WL 5451709, at *3. See Armentero v. Willis, No. CIV S–08–2790 GGH P, 2013 WL 144253, at **2, 5 (E.D. Cal. Jan. 11, 2013) (stating "the 'expanded factual record' that defendant claims to now have before it does not include any evidence that could not have been obtained and included in defendant's first motion for summary judgment," and denying leave to file a second motion for summary judgment.).

Here, Plaintiff states in its Motion for Leave that "absent this Court's prohibition on filing more than one Motion for Summary Judgment, Plaintiff could have moved for summary judgment previously." Plaintiff's Memorandum of Points and Authorities (ECF 203), 6:3-5. Plaintiff continues, "[t]he Five Defendants are aware of the basis for their liability in this case from a multitude of sources including but not limited to discovery responses and documents produced by Plaintiff's counsel, as well as Declaration of Robert Clark-Riddell and extensive exhibits thereto, filed in this case in February 2023." Id. at 6:5-8. A review of the Clark-Riddell Declaration (ECF 168-1) reveals that that the exhibits concerning environmental conditions at the Property appended thereto predate the December 19, 2022 filing of Plaintiff's Motion for Partial Summary Judgment (ECF 148) in this action. Dow Decl., ¶ 4. In any event, upon this motion, Plaintiff admits it presents no new evidence that it did not possess or that it could not have obtained before it chose to file its first motion for summary judgment. Therefore, Plaintiff's motion should be denied by the Court.

3553529

4

DEFENDANT CATHERINE O'HANKS' OPPOSITION TO PLAINTIFF CASA NIDO'S MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT

2.  **EVEN ASSUMING PLAINTIFF CAN DEMONSTRATE ITS SECOND SUMMARY JUDGMENT MOTION IS BASED ON NEW EVIDENCE IT COULD NOT OBTAIN PRIOR TO ITS FIRST SUMMARY JUDGMENT MOTION, THIS NEW EVIDENCE CANNOT ELIMINATE TRIABLE ISSUES OF MATERIAL FACT.**

Even assuming Plaintiff could show there is new evidence justifying a grant of leave to file a second summary judgment motion (and Defendant in no way concedes this point), a court also will deny leave where "none of the purportedly new evidence would compel summary judgment on a genuine issue of material fact." Armentero, 2013 WL 144253, at *3.

As just one example of why Plaintiff likely cannot prevail on its proposed second motion for summary judgment, it is unlikely that any purported new evidence presented by Plaintiff will eliminate a genuine issue of material fact on an essential element of its CERCLA claims and its HSAA claims,[1] i.e., whether any "'release' or 'threatened release' has caused the plaintiff to incur response costs that were 'necessary' and 'consistent with the national contingency plan.'" Coppola v. Smith, 935 F.Supp.2d 993 (E.D. Cal. 2013) (quoting City of Colton v. Am. Promotional Events, Inc.-West, 614 F.3d 998, 1002–03 (9th Cir.2010)).

Here, the state agency overseeing the investigation and eventual cleanup of Plaintiff's property, the California Department of Toxic Substances Control ("DTSC"), has twice expressed severe reservations as to whether Plaintiff's alleged investigative and cleanup activities to date have complied with the NCP. In DTSC's November 19, 2020 teleconference meeting minutes, DTSC states the following about Plaintiff's cleanup work at the Property relative to NCP compliance:

> The cleanup work has so far not followed State or federal law or the voluntary agreement. **Therefore, DTSC cannot determine** whether the work was completed <u>safely</u>, or whether the work was <u>effective</u>, or necessary, or **if that work would have been in compliance with National Contingency Plan (NCP).** In addition, there are already legal options to quickly completing emergency/time-critical removals. **The work performed by the Owner and consultant did not follow those**

---

[1] "Although the HSAA is not identical to CERCLA, the HSAA expressly incorporates the same liability standards, defenses, and classes of responsible person as those set forth in CERCLA. As such, the HSAA is generally interpreted consistent with CERCLA." Coppola v. Smith, 935 F.Supp.2d 993, 1011 (E.D. Cal. 2013) (internal citations omitted). Therefore, if a plaintiff's "CERCLA cause of action fails, so too fails the HSAA." Id. at 1011-1012.

3553529

5

DEFENDANT CATHERINE O'HANKS' OPPOSITION TO PLAINTIFF CASA NIDO'S MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT

> **legal options as they moved forward without input from DTSC even though they had signed an Enforceable Agreement that would if followed had led them to an NCP-compliant cleanup and been protective of human health and the environment.** The work that DTSC requested several years ago, which remains incomplete, was intended to ascertain whether surrounding properties were endangered. Casa Nido's exhaustion of the $1 million was a business decision. Casa Nido should perform its obligations under the Enforceable Agreement Statement/Scope of Work.

November 19, 2020 DTSC Teleconference Meeting Minutes, Omo Fabricare Dry Cleaner (Site Code 202121), p. 2 of 3 (bold added) (attached to the Dow Decl. as Exhibit A). DTSC recently reaffirmed its stance as to Plaintiff's claimed NCP compliance, stating the following:

> **DTSC rejects Casa Nido's claim that the Order improperly requires several "studies and investigations" that are duplicative of work Casa Nido may have previously performed without DTSC approval. Please note that in preparing the Order, DTSC conducted a thorough review of the records and reports documenting past work at the Site (see Exhibit D of the Order). Based on this review, DTSC found that existing data for the Site were insufficient**, and the Order sets out in detail the response actions, studies, and tasks DTSC has determined are necessary to address the imminent and/or substantial endangerment to the public health or welfare or to the environment because of the release and/or the threatened release of hazardous substances at the Site.

November 28, 2023 letter from Dakotah Griscom Benjamin, Office of Legal Counsel, DTSC to Paul S. Kibel et al., p. 3 (bold added) (attached to the Dow Decl. as Exhibit B.)

      Based on the foregoing DTSC documents, even if Plaintiff could meet the new evidence standard as it must in order to obtain leave to file a second summary judgment motion, it is unlikely the new evidence would compel summary judgment on a genuine issue of material fact, i.e., whether Plaintiff undertook its alleged investigative and cleanup work at the Property in way that complied with the NCP. These DTSC documents make clear that while Plaintiff claims the "Five Defendants" are parties responsible for the cleanup of contamination at the Property (Plaintiff's Memorandum of Points and Authorities, 6:3-5), it is just as likely the case, or even more likely the case, that the Five Defendants are not responsible to Plaintiff for its cleanup costs because Plaintiff cannot make out its prima facie case under CERCLA and the HSAA due to its probable NCP non-compliance as documented by DTSC. Therefore, under <u>Armentero</u> and the other authorities cited, Plaintiff's motion for leave to file a second summary judgment motion is futile, frivolous, a waste of judicial resources and should be denied.

3553529

6

DEFENDANT CATHERINE O'HANKS' OPPOSITION TO PLAINTIFF CASA NIDO'S MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's motion for leave to file a second summary judgment motion. Defendant also respectfully requests the Court order the parties to meet and confer on a case management statement for completion of fact discovery, expert discovery, and Defendants' dispositive motion practice, such case management statement to be filed with the Court.

Date: November 30, 2023

EDLIN GALLAGHER HUIE + BLUM

By: _____
CHRISTOPHER DOW, ESQ.
ANDREW D. PEREZ, ESQ.
Attorneys for Defendant
CATHERINE O'HANKS

3553529

7

DEFENDANT CATHERINE O'HANKS' OPPOSITION TO PLAINTIFF CASA NIDO'S MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT