WILLIAM NOEL EDLIN, ESQ. (SBN 107796)
nedlin@eghblaw.com
CHRISTOPHER J. DOW, ESQ. (SBN 250032)
cdow@eghblaw.com
ANDREW D. PEREZ, ESQ. (SBN 348645)
aperez@eghblaw.com
EDLIN GALLAGHER HUIE + BLUM
500 Washington Street, Suite 700
San Francisco, CA 94111
Telephone:   (415) 397-9006
Facsimile:   (415) 397-1339

Attorneys for Defendant
CATHERINE O'HANKS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CASA NIDO PARTNERSHIP, a California Partnership, <br><br> Plaintiff, <br><br> vs. <br><br> CATHERINE O'HANKS; JAE KWON aka JAY KWON aka JAY KWON SHIK aka JAY SHIK KWON; LYNNE MARIE GARIBOTTI aka LYNNE G. BLOWER, individually and as Trustee of the Claudio Garibotti Trust, dated May 1, 1952; SENTRY INSURANCE COMPANY; SANDRA KATE VERNELL (f/k/a SANDRA KATE ANDERSON) and EARL RAY ANDERSON, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS | Case No. 3:20-cv-7923-EMC <br><br> **DECLARATION OF CHRISTOPHER J. DOW IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT** <br><br> Date:   January 4, 2024 <br> Time:   1:30 PM <br> Place:  Courtroom 5, 17th Floor <br> Judge:  Hon. Edward M. Chen |

5481306

1

Declaration of Christopher J. Dow in Support of Defendant's Opposition to Plaintiff's Motion for Leave to File Second Motion for Summary Judgment

**DECLARATION OF CHRISTOPHER J. DOW**

I, Christopher J. Dow, declare:

1. I am an attorney at law licensed to practice before all Courts of the State of California and admitted to practice law before the United States District Court of the Northern District of California. I am a partner with the law firm Edlin Gallagher Huie & Blum, attorneys of record for Defendant Catherine O'Hanks.

2. This declaration is submitted in support of Defendant Catherine O'Hanks' Opposition to Plaintiff Casa Nido's Motion for Leave to File Second Motion for Summary Judgment.

3. Unless a matter is averred to upon information or belief, I have personal knowledge of the facts stated herein. If called and sworn as a witness, I could testify competently to the truth of the facts set forth in this declaration.

4. I have reviewed the Declaration of Bob Clark-Riddell ("Clark-Riddell Declaration") (ECF 168-1) and it appears to be the case that the creation of the documents concerning environmental conditions at the Property appended to and referred to in the Clark-Riddell Declaration predates the December 19, 2022 filing of Plaintiff's Motion for Partial Summary Judgment (ECF 148) in this action.

5. Upon information and belief, the California Department of Toxic Substances Control ("DTSC") maintains a website accessible to the public called EnviroStor. This website is located at https://dtsc.ca.gov/your-envirostor/. This website states the following:

> EnviroStor . . . is DTSC's online data management system for tracking our cleanup, permitting, enforcement, and investigation efforts at hazardous waste facilities and sites with known or suspected contamination issues.
>
> DTSC is a public agency, so EnviroStor is also your tool for learning about those topics. It's a tremendously useful tool, and it's incredibly easy to use.

6. On November 29, 2023, I went to the California Department of Toxic Substances Control's EnviroStor website at https://www.envirostor.dtsc.ca.gov/public/profile_report?global_id=60001434. At this web

5481306

2

DECLARATION OF CHRISTOPHER J. DOW IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT

address, I clicked on "Site/Facility Docs."  I then clicked on a link entitled "DTSC Meeting with Casa Nido Partnership Regarding Off-Site Characterization."  I next clicked on a link entitled, "20201123 Minutes for Teleconference of 11-19-2020.pdf."  Clicking on the aforementioned link took me to a document located at

https://www.envirostor.dtsc.ca.gov/getfile?filename=/public%2Fdeliverable_documents%2F4062779068%2F20201123%20Minutes%20for%20Teleconference%20of%2011-19-2020.pdf.  At this link, I was able to download a document entitled Teleconference Meeting Minutes, Omo Fabricare Dry Cleaner (Site Code 202121).  A true and correct copy of this document is attached hereto as **Exhibit A**.

      7.      On November 28, 2023, I received via email correspondence a letter from Dakotah Griscom Benjamin, Office of Legal Counsel, DTSC to Paul S. Kibel et al.  A true and correct copy of this letter is attached hereto as **Exhibit B**.

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on this 30th day of November 2023, in San Francisco, California.

_____
CHRISTOPHER J. DOW

5481306

3

Declaration of Christopher J. Dow in Support of Defendant's Opposition to Plaintiff's Motion for Leave to File Second Motion for Summary Judgment

DECLARATION OF CHRISTOPHER J. DOW IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT

# EXHIBIT A

<u>TELECONFERENCE MEETING MINUTES</u>

OMO FABRICARE DRY CLEANER (SITE CODE 202121)
NOVEMBER 19, 2020
9:00 AM to 10:40 AM
CONFERENCE LINE:  866-564-0930

1. **Attendees**

    - Ron Piziali (Proponent/Casa Nido Partnership Partner),
    - Paul Stanton Kibel, Esq. (Proponent's Counsel/Water and Power Law Group),
    - Bob Clark-Riddell (Proponent's Consultant/PANGEA Environmental Services),
    - Larry McDaniel, Esq.  (DTSC Office of Legal Counsel),
    - Whitney Smith (DTSC Unit Chief), and
    - Ian Utz (DTSC Project Manager).

2. **Agenda and Disclaimers**

    a. UTZ:  Standard roll call, this is not an open meeting, this is not being recorded, there are attorneys present for DTSC and Proponent (Casa Nido).

    b. UTZ:  The purpose of this teleconference, which Proponent's counsel requested, is to resolve the issue of an outstanding Workplan and Health and Safety Plan, and the issue of the Proponent running out of money allocated to this project.

    c. In advance of the teleconference, Proponent's counsel provided:

        i. Letter of November 5, 2020, entitled "Request for Meeting with DTSC to Discuss Responsible Parties and Sequencing of New Scope of Investigation Regarding Subterranean Creekbed."

        ii. E-mail of November 16, 2020, entitled "Case 4:20-cv-07923 Casa Nido Partnership v. Kwon et al Complaint," transmitting a filed lawsuit.

        iii. E-mails of November 2020, certain of which transmitted draft figures and an incomplete Health and Safety Plan.

    d. UTZ:  This discussion does <u>not</u> constitute DTSC agreement, approval, or any other affirmation of claims made in the matter of Casa Nido v. Kwon et al., nor of Power Law Group's communications throughout November 2020.   DTSC is not a party in the lawsuit.

3. **History**

    e. UTZ:  Thank you, Casa Nido for its participation in the Voluntary Cleanup Program, to cooperatively protect the people of the State through cleanup of the contaminated Site.

    f. KIBEL: Discussed initial involvement in the property (ownership, discovery of contamination, and dry cleaner operators).  KIBEL inherited this project from a previous attorney (Karl Morthole).   Casa Nido and/or its individual partners acquired the Site in the 1970s, when Environmental Site Assessment requirements did not yet exist, and allegedly discovered the contamination in the 2010s.  Some of the partners have since

acquired ownership interest through inheritance.  Casa Nido claims that under a fairness standard DTSC should allocate more responsibility for response and oversight costs to the operators of the dry cleaners (their tenants) and try to access the tenants' insurance policies.  Casa Nido represents that it did not carry commercial general liability (CGL) insurance, but was covered by being named an additional insured on tenants' CGL policies.  Casa Nido has not provided:  chain of title, history of tenancy/tenant operations, Workplan, or Health and Safety Plan, or completed Preliminary Endangerment Assessment (PEA) (with history of historical operators).  Casa Nido entered into a Voluntary Cleanup Agreement (VCA, or Enforceable Agreement), intending to use about $1 million in available funding from the partnership's sale of another property to address all the contamination at this Site. They then, without DTSC oversight, even though a VCA had been signed, made a business judgment to proceed quickly with several interim actions from 2017 to 2020, totaling almost $1 million, to address the known/discovered risk that this property poses to adjacent properties and the environment.  Having now run out of earmarked money because of that expenditure on activities conducted without DTSC oversight., Casa Nido has very little free capital to perform the environmental investigation/remediation anticipated under the VCA.

4. **Status of Voluntary Cleanup Agreement Scope of Work**

    a. KIBEL/PIZIALI:  Casa Nido claims that about $1 million was set aside after the sale of another property owned by Casa Nido, and was earmarked specifically for cleanup of the Site.  The Site is no longer generating an income for Casa Nido.   Casa Nido is projecting that within months, based on the contemplated near-term scope of work ($3,100/month for ongoing operation and maintenance of the Site and interim systems, and $40,000 for upcoming vapor intrusion investigation), the remaining earmarked funds will run out, and Casa Nido partners will be forced to pay for the remaining costs out of pocket as individuals.  Not all of the $1 million was spent on actual work at the Site; some went to legal fees, and additional sampling work, but the $1 million was the source of funds used so far to pay DTSC agency oversight costs

        a. KIBEL:  Casa Nido believes that reaching that point, where elderly and/or inheritor individuals are paying out of pocket, without DTSC having contacted other potentially responsible persons such as their tenants as former dry cleaner operators and their expected insurance, seems unfair and un-equitable.  Casa Nido refers DTSC to the CERCLA "Gore Factors" as a framework for allocating responsibility in a fair and equitable way.  KIBEL emphasized that Casa Nido has been attempting to expediently complete interim actions at the Site, based on potential liabilities under personal injury/tort liability law.

        b. UTZ: The cleanup work has so far not followed State or federal law or the voluntary agreement. Therefore, DTSC cannot determine whether the work was completed safely, or whether the work was effective, or necessary, or if that work would have been in compliance with National Contingency Plan (NCP).  In addition, there are already legal options to quickly completing emergency/time-critical removals. The work performed by the Owner and consultant did not follow those legal options as they moved forward without input from DTSC even though they had signed an Enforceable Agreement that would if followed had led them to an NCP-compliant cleanup and been protective of human health

and the environment. The work that DTSC requested several years ago, which remains incomplete, was intended to ascertain whether surrounding properties were endangered. Casa Nido's exhaustion of the $1 million was a business decision. Casa Nido should perform its obligations under the Enforceable Agreement Statement/Scope of Work.

  c. MCDANIEL/KIBEL: Discussed insurance policies and the nature of pursuing cost recovery through insurance.

  d. KIBEL: Reiterated request for DTSC to pursue other alleged potentially responsible persons, in order to activate insurance policies.

 b. UTZ: DTSC is <u>still</u> expecting a Sampling and Analysis Workplan and Health and Safety Plan (HASP), pursuant to the VCA, which Casa Nido already agreed to complete, and which DTSC asked for several years ago (PEA – Task 2, Work Plan – Task 3, HASP – Task 19). The Workplan and HASP were most recently due November 9, 2020 after prior extensions were granted. DTSC has not received the deliverables under Enforceable Agreement and no further extensions were granted. The soil vapor extraction and sub-slab depressurization systems may or may not be the appropriate remedy and/or mitigation for the Site, because the remedy selection process was not followed, and because DTSC has not reviewed or approved these systems. However, at this point, to prevent an endangerment to the public that could result from cessation of interim operations, DTSC anticipates their continued operation.

 c. CLARK-RIDDELL: PANGEA has <u>not</u> <u>yet</u> delivered a variety of historical, sampling, and engineering documentation to DTSC that were generated during the last three years.

**5. Path Forward**

 d. KIBEL: Can DTSC order other parties to complete work while preserving the existing VCA with Casa Nido?

  a. MCDANIEL: DTSC policy is to not expend State time issuing orders when there is already an Enforceable Agreement that allows for parties to seek contribution from third parties. Also, if an Order were to be issued, DTSC would need to identify "manageable" number of parties, including both owners and operators.

 e. CLARK-RIDDELL: Are there other options, at this juncture in the cleanup process, for DTSC to begin to involve other parties?

  a. MCDANIEL: DTSC can issue Information Requests, which carry a penalty of $25,000/day for noncompliance.

 f. UTZ: DTSC requires that Casa Nido finish its Workplan and HASP and perform the vapor intrusion investigation work, to ascertain safety of the adjoining properties. This is the most urgent task at hand.

  i. CLARK-RIDELL: Estimates that this will take 2 weeks.

 g. UTZ: Proponent should expect an e-mail from DTSC. DTSC needs to confer on the best path forward.

DECLARATION OF CHRISTOPHER J. DOW IN SUPPORT
OF OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND MOTION FOR SUMMARY JUDGMENT

# EXHIBIT B

 

## Department of Toxic Substances Control

**Yana Garcia**
Secretary for
Environmental Protection

Meredith Williams, Ph.D., Director
700 Heinz Avenue
Berkeley, California 94710-2721

**Gavin Newsom**
Governor

November 28, 2023

VIA EMAIL ONLY

| Paul Stanton Kibel<br>Water and Power Law Group PC<br>Counsel for Casa Nido Partnership<br>pskibel@waterpowerlaw.com | Rachel S. Doughty<br>Greenfire Law, PC<br>Counsel for Casa Nido Partnership<br>rdoughty@greenfirelaw.com |
|---|---|
| Christopher J. Dow<br>Edlin Gallagher Huie + Blum<br>Defense Counsel for Catherine O'Hanks<br>cdow@eghblaw.com | Rohit Sabnis<br>Keller and Heckman LLP<br>Cumis Counsel for Catherine O'Hanks<br>sabnis@khlaw.com |
| Sage R. Knauft<br>James L. Mink<br>WFBM, LLP<br>Counsel for Respondent Sandra Vernell<br>sknauft@wfbm.com | Daniel P. Costa<br>Gurnee Mason Rushford Bonotto & Forestiere LLP<br>Counsel for Earl R. Andersen<br>dcosta@gurneelaw.com |

RE: OMO FABRICARE DRY CLEANER, 12210 SAN PABLO AVENUE, RICHMOND, CONTRA COSTA COUNTY, CALIFORNIA (SITE CODE 202453) - IMMINENT AND SUBSTANTIAL ENDANGERMENT DETERMINATION AND ORDER AND REMEDIAL ACTION ORDER, DOCKET NO. HSA-FY23/24-022

Dear Counsel,

The California Department of Toxic Substances Control (DTSC) has reviewed your letters dated October 16, 2023 (the "Casa Nido letter"), and October 26, 2023 (the

Paul S. Kibel et al.
November 28, 2023
Page 2

"Intent to Comply"), regarding the Imminent and Substantial Endangerment Determination and Order and Remedial Action Order, Docket No. HSA-FY23/24-022 DTSC issued on October 6, 2023 (Order), and provides the following responses:

First, regarding Casa Nido's request for an administrative hearing to challenge certain aspects of the Order, as explained further below, no such administrative process exists to challenge this Order.  Casa Nido references hearings described in California Health and Safety Code (HSC) section 25187 and requests the "procedures for Casa Nido to administratively request modification of the Order."  Please note that HSC section 25187 refers to hearings available for orders issued under the Hazardous Waste Control Act (HSC section 25100 et seq.).  Here, DTSC issued the Order pursuant to the Hazardous Substances Account Act (HSC section 25300 et seq.) (HSAA).  As such, HSC section 25187's hearing provisions are not applicable to the Order.

Importantly, the HSAA does not contain any pre-enforcement administrative process for a respondent or responsible party to challenge an order issued by DTSC to require remedial action or removal action under HSC sections 25355.5 and 25358.3.  Instead, HSC section 25359.3 provides an administrative remedy for a respondent or a responsible party to challenge a Complaint for Penalty for non-compliance with an order issued by DTSC pursuant to HSC sections 25355.5 and 25358.3.

Second, with respect to Casa Nido's request that the Order be modified to name additional parties as Respondents, DTSC declines to do so for the following reasons.  HSC section 25356.1.3(a) sets forth the factors DTSC must consider in issuing orders to the "largest manageable number of potentially responsible parties."  Prior to issuing the Order, DTSC conducted a diligent search for potentially responsible parties and, after careful consideration of the factors listed in HSC section 25356.1.3(a), elected to name only four Respondents: Catherine O'Hanks, Earl Anderson, Sandra Vernell, and Casa Nido.

As to Jae Kwon, or his estate as the case may be, DTSC is not aware of any evidence or documentation suggesting that Mr. Kwon has assets or potential insurance coverage available to respond to the Order.  As for Ms. Garibotti, DTSC is similarly not aware of any evidence or documentation showing that Ms. Garibotti, as beneficiary of a trust that held title to the Site, has assets or potential insurance coverage available to respond to the Order.  If Respondents present information demonstrating that Mr. Kwon or Ms. Garibotti have available insurance coverage, DTSC may amend the Order to name

Paul S. Kibel et al.
November 28, 2023
Page 3

additional Respondents as appropriate. The Casa Nido letter, however, does not provide any new material information regarding potentially responsible parties, and DTSC declines to modify the Order to name additional Respondents at this time.

Third, DTSC has reviewed and considered Casa Nido's request that the Order be modified to include additional information related to: 1) Casa Nido's previous demolition and remedial work at the Site; 2) response action and oversight costs Casa Nido, incurred under the now terminated Voluntary Cleanup Agreement between DTSC and Casa Nido; and 3) the existence of an ongoing lawsuit in federal court related to the Site. DTSC has determined that the Order includes a detailed and accurate factual history of the Site, and Casa Nido has not presented any new material information that would require amending the Order.

Fourth, DTSC rejects Casa Nido's claim that the Order improperly requires several "studies and investigations" that are duplicative of work Casa Nido may have previously performed without DTSC approval. Please note that in preparing the Order, DTSC conducted a thorough review of the records and reports documenting past work at the Site (see Exhibit D of the Order). Based on this review, DTSC found that existing data for the Site were insufficient, and the Order sets out in detail the response actions, studies, and tasks DTSC has determined are necessary to address the imminent and/or substantial endangerment to the public health or welfare or to the environment because of the release and/or the threatened release of hazardous substances at the Site.

Fifth, in response to your request in the Intent to Comply that DTSC advise when it plans to afford Respondents the opportunity to "assert all defenses to the Order" under HSC section 25358.3(a)(1), DTSC directs Respondents to section 7 of the Order, which provides in part: "Respondents' written [Notice of Intent to Comply] shall describe, using facts that exist on or prior to the effective date of this Order, any 'sufficient cause' defenses asserted by Respondents under Health and Safety Code sections 25358.3(a) and 25355.5(a)(1)(B) or CERCLA section 107(c)(3), 42 U.S.C. section 9607(c)(3)." As described in section 7, Respondents were entitled to assert defenses to the Order in the written Notice of Intent to Comply. Additionally, while the HSAA does not set out a formalized process for asserting such defenses, DTSC will review and respond as appropriate to defenses Respondents may assert as this matter progresses.

If you have any questions regarding this letter, please contact me by e-mail at dakotah.griscombenjamin@dtsc.ca.gov or by telephone at 916-938-0903.

Paul S. Kibel et al.
November 28, 2023
Page 4


Sincerely,

Dakotah Griscom Benjamin, Attorney
Office of Legal Counsel
Department of Toxic Substances Control

cc:     Via Email Only

      Ian Utz, Senior Environmental Scientist
      Site Mitigation and Restoration Program
      Department of Toxic Substances Control
      Ian.utz@dtsc.ca.gov

      Marikka Hughes, Branch Chief
      Berkeley Branch
      Site Mitigation and Restoration Program
      Department of Toxic Substances Control
      Marikka.hughes@dtsc.ca.gov