Rachel S. Doughty, Cal. Bar No. 255904
Richard A. Brody, Cal. Bar No. 100379
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 96707
Telephone: (510) 900-9502
Facsimile: (510) 900-9502
rdoughty@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CASA NIDO PARTNERSHIP, a California Partnership,<br><br>Plaintiff,<br><br>v.<br><br>CATHERINE O'HANKS et al.,<br><br>Defendants.<br>_____<br>CATHERINE O'HANKS,<br><br>Counter-Claimant<br><br>v.<br><br>CASA NIDO PARTNERSHIP et al.,<br><br>Counter-Defendants | Case No. 20-cv-07923-EMC<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT (ECF 203)**<br><br>DATE: January 4, 2024<br>TIME: 1:30 p.m.<br>COURTROOM: 5 - 17th Floor<br>JUDGE: Hon. Edward M. Chen |

## I. INTRODUCTION

Plaintiff's motion (ECF 230) seeks leave to file a second Motion for Summary Judgment as to Defendants Catherine O'Hanks, Sandra Kate Vernell, Earl Ray Anderson, Lynne Marie Garibotti, and the Estate of Jae Kwon (deceased) (hereinafter referred to as the "Five Defendants"). Plaintiff's first motion for summary judgment, which was filed on December 19, 2022, was only against Defendant Sentry Insurance Company, and it concerned issues of insurance coverage. *See* ECF 148. By contrast, the upcoming motion is against the Five Defendants and concerns their liability under each of Plaintiff's causes of action based on CERCLA, the Carpenter-Presley-Tanner Hazardous Substance Act, Innocent Landowner, Water Pollution, Continuing Public Nuisance, Per Se Nuisance, Negligence, and Negligence Per Se. This motion will not seek adjudication of any issues as against Defendant Sentry Insurance Company.

Since December 19, 2022, Defendant O'Hanks filed her answer to Plaintiff's Third Amended Complaint with Counter-Claims and Cross-Claims. *See* ECF 150. Defendant Garibotti answered O'Hanks' amended cross-claims. *See* ECF 158. Plaintiff answered O'Hanks' amended counter-claims. *See* ECF 161. Defendants Earl Ray Anderson and Sandra Kate Vernell were served as new defendants, answering Plaintiff's Third Amended Complaint on March 13, 2023. *See* ECF 177. Both Anderson and Vernell subsequently served their initial disclosures. *See* ECF 195; Doughty Declaration at ¶2.

In September of 2023, Plaintiffs served written discovery (special interrogatories, requests for production of documents, and requests for admission) on Defendants O'Hanks, Anderson, and Vernell. *See* Doughty Decl. at ¶3. After granting each Defendant an extension of time to answer this discovery, responses were received in November of 2023. See id. The discovery focused on information relevant to each of Plaintiff's causes of action against these parties. For example, the discovery sought facts, witnesses, and documents related to the disposal and release of tetrachlorethylene on the dry-cleaning premises, information on the type of equipment used at the facility, identification of maintenance schedules and safety protocols, and more. *See id.* at ¶4.

On November 28, 2023, Plaintiff sent an email to each of the Five Defendants to meet and confer regarding Plaintiff's Motion for Leave to File a Second Motion for Summary Judgment. *See* Exh. 1 to Doughty Decl. None of the Five Defendants responded to this email. *See id.* at ¶5.

Only Defendant O'Hanks has filed an opposition to Plaintiff's motion. This opposition is without merit, and good cause exists to grant Plaintiff's motion.

## II.  ARGUMENT

### A.  Good Cause Exists to Grant Plaintiff's Motion

O'Hanks argues that good cause does not exist to grant Plaintiff's motion, citing to the cases of *Peasley v. Spearman*, Case No. 15-CV-01769-LHK, 2017 WL 5451709, at *3 (N.D. Cal., Nov. 14, 2017) and *Armentero v. Willis*, No. CIV S–08–2790 GGH P, 2013 WL 144253, at **2, 5 (E.D. Cal. Jan. 11, 2013) in support of her position. Neither case is relevant or helpful to O'Hanks' argument. In both cases, a second motion for summary judgment was between the same parties and involved the same causes of action as a first motion for summary judgment. *See Peasley*, 2017 WL 5451709 at **2-3; *Armentero*, 2013 WL 144253, at **2, 14. In other words, they are cases where the defendants were trying to take a second bite of the apple without good cause.

Here, Plaintiff's second motion for summary judgment is against different parties and involves different legal issues. It involves different facts and will include information obtained from recent written discovery responses. Nobody is being called to answer twice, let alone twice on the same issue. The grounds for the second motion are separate and distinct from Plaintiff's previous motion as to Sentry Insurance Company. Accordingly, good cause exists to grant Plaintiff's motion. Allowing this motion is in the interests of substantial justice and judicial economy, will not unduly prejudice any of the Five Defendants, and will not result in any unnecessary delays in the prosecution of this action.

### B.  Potential Disputed Facts Is Not a Basis for Denying Plaintiff's Motion

Defendant O'Hanks argues that Plaintiff's request should be denied because there are triable issues of material fact related to incurred costs for Plaintiff's CERCLA and HSAA claims. First,

Plaintiff's motion is not limited to CERCLA and HSAA claims. Second, whether triable issues exist is a matter to be addressed after the filing of a motion—not before.

## III.   CONCLUSION

For the reasons set forth herein, Plaintiff Casa Nido Partnership respectfully requests that the Court grant this Motion and allow Plaintiff to file a second Motion for Summary Judgment and also allow Plaintiff a page limit of 40 pages (exclusive of the cover page and exclusive of any declarations and exhibits) for that motion.

Dated: December 6, 2023                                  Respectfully Submitted,

                                                               /s/ Rachel Doughty
Rachel S. Doughty, Esq.
Richard A. Brody, Esq.
Attorneys for Plaintiff Casa Nido Partnership,
a California Partnership