Rachel S. Doughty (CBN 255904)
Richard A. Brody (SBN 100379)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fx: (510) 900-9502
rdoughty@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiff/Counter-Defendant
Casa Nido Partnership*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASA NIDO PARTNERSHIP, a California Partnership,<br><br>Plaintiff,<br><br>v.<br><br>CATHERINE O'HANKS; JAE KWON aka JAY KWON aka JAY KWON SHIK aka JAY SHIK KWON; LYNNE MARIE GARIBOTTI aka LYNNE GARIBOTTI BLOWER aka LYNNE G. BLOWER, as trustee the Claudio Garibotti Trust, dated May 1, 1952; and SENTRY INSURANCE COMPANY,<br><br>Defendant.<br><br>―――――――――――――――<br><br>CATHERINE O'HANKS,<br><br>Counter-Claimant<br><br>v.<br><br>CASA NIDO PARTNERSHIP, a California Partnership,<br><br>Counter-Defendant. | Case No. 20-cv-07923-EMC<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO SUBSTITUTE SUCCESSOR IN INTEREST FOR DECEASED DEFENDANT JAE KWON (FED. R. CIV. PR. 25(A)(1))**<br><br>DATE: December 21, 2023<br>TIME: 1:30 p.m.<br>COURTROOM: 5<br>JUDGE: Hon. Edward M. Chen<br><br>Complaint Filed: November 10, 2020 |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO SUBSTITUTE SUCCESSOR IN INTEREST FOR DECEASED DEFENDANT JAE KWON (FED. R. CIV. PR. 25(A)(1))**

Plaintiff Casa Nido Partnership (hereinafter "Casa Nido" or "Plaintiff") respectfully submits this Supplemental Brief pursuant to this Court's Order re: Motion to Substitute Successor in Interest for Deceased Defendant Jae Kwon (ECF No. 209).

## I. STATEMENT OF ADDITIONAL PERTINENT FACTS

Plaintiff Casa Nido is a California General Partnership, consisting primarily of older men and women. Casa Nido is the current owner of an approximately 5,200 square foot parcel (the "Property") located at 12210 San Pablo Avenue in Richmond, California. Casa Nido has owned the Property since 1976. From 1960 through 2015, a dry-cleaning facility was located on the Property. Casa Nido executed leases to allow others to operate the dry-cleaning facility on the Property. Casa Nido never had an ownership interest in any dry-cleaning or laundry business located on the Property. Casa Nido also never controlled or managed any of the business operations of any of the dry-cleaning businesses located at the Property. The building in which the dry-cleaning plant operated was demolished in July 2017, and the Property has remained undeveloped to the present day. Declaration of Richard A. Brody, ¶2.

From approximately 1960 through June 2015, the Property was occupied by a commercial dry-cleaning facility known as Omo's Cleaners or Omo's Dry Cleaners. Unknown to Plaintiff, the dry-cleaning facility generated halogenated solvent wastes including tetrachloroethene ("PCE") and its breakdown product trichloroethene ("TCE") at some point in time between the 1960s and the early 2000s. Declaration of Richard A. Brody, ¶3.

Defendant Catherine O'Hanks ("O'Hanks") owned and operated a dry-cleaning facility known at various times as One Hour Martinizing by Omo, Omo's Dry Cleaners, and Omo's Fabricare Cleaners on the Property from approximately 1960 until 1992. Declaration of Richard A. Brody, ¶4.

Decedent Jae Kwon ("Kwon") owned and operated a dry-cleaning facility on the Property from approximately 1992 to 2007, pursuant to an Assignment of Lease from O'Hanks to Jae Shik Kwon, with Consent of Lessor to Assignment, dated August 23, 1990. Declaration of Richard A. Brody, ¶5.

According to the Declaration of Robert Clark-Riddell, PCE usage at Plaintiff's Property was

1

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO SUBSTITUTE SUCCESSOR IN INTEREST FOR DECEASED DEFENDANT JAE KWON (FED. R. CIV. PR. 25(A)(1)) --- 20-CV-07923-EMC**

documented from 1984 to 1999, including years when Decedent Jae Kwon owned and operated a dry-cleaning establishment at the Property. A May 16, 1994, inspection by the Contra Costa County Health Services Department Environmental Health Division listed recycling of 13 gallons per month of PCE. The inspection report was signed by Jae Shik Kwon and inspector Gabriel Adebiyi. (Declaration of Robert Clark-Riddell, ECF No. 168-1, pages 4-5, ¶14).

Plaintiff's counsel has to date located one insurance policy providing coverage to both Kwon and Casa Nido pertaining to the Property. That policy was issued by Dependable Insurance Company (for which Medmarc Insurance Group is the current responsible party). It appears to be a Commercial Package Policy and bears Policy No. 01-16-75. The named insured is Jae Skik Kwon DBA Omo's Fabric Care. Casa Nido is named as an Additional Insured. O'Hanks is named as the Loss Payee.  Declaration of Richard A. Brody, ¶6.

Casa Nido's counsel made tenders of Indemnity and Defense as an Additional Insured under this policy in March 2022, and again in July 2022.  The tender was denied by Medmarc, which advised Plaintiff's counsel it would not provide a defense or indemnity to Casa Nido in this case.  Declaration of Richard A. Brody, ¶6.

O'Hanks was covered by numerous Comprehensive Business Liability insurance policies during the time that O'Hanks and her now deceased husband owned and operated the dry cleaners on Plaintiff's Property. Since Kwon appears to have owned and operated the dry-cleaning facility at the Property pursuant to an Assignment of Lease from O'Hanks, it stands to reason that Kwon would have also had Comprehensive Business Liability Insurance. Due to his age and infirmity, Mr. Kwon was not deposed prior to his death. Plaintiff's counsel has been unable to obtain insurance information from Mr. Kwon's former court-appointed counsel.  Declaration of Richard A. Brody, ¶7.

## II.     STATEMENT OF ADDITIONAL PROCEDURAL HISTORY

As discussed in Plaintiff's Motion to Substitute Successor in Interest, Ji Beom Kwon is the surviving spouse of Decedent Jae Kwon. (ECF No. 200-1, ¶8). On November 15, 2023, Ji Beom Kwon was personally served with the Notice of Motion and Motion to Substitute Successor in Interest for Deceased Defendant Jae Kwon, the Declaration of Richard A. Brody in Support of

2

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO SUBSTITUTE SUCCESSOR IN INTEREST FOR DECEASED DEFENDANT JAE KWON (FED. R. CIV. PR. 25(A)(1)) --- 20-CV-07923-EMC**

Motion to Substitute Successor in Interest for Deceased Defendant Jae Kwon and the (Proposed) Order Granting Motion to Substitute Successor in Interest for Deceased Defendant Jae Kwon (ECF No. 206).

As also discussed in Plaintiff's Motion to Substitute Successor in Interest, Eunice E. Kwon is one of the adult children of Decedent Jae Kwon. Eunice E. Kwon lives at the same address as Ji Beom Kwon. (ECF No. 200-1, ¶10). On November 19, 2023, Eunice E. Kwon was personally served with the Notice of Motion and Motion to Substitute Successor in Interest for Deceased Defendant Jae Kwon, the Declaration of Richard A. Brody in Support of Motion to Substitute Successor in Interest for Deceased Defendant Jae Kwon, and the (Proposed) Order Granting Motion to Substitute Successor in Interest for Deceased Defendant Jae Kwon (ECF No. 207).

### III.     ARGUMENT

#### A.     BECAUSE THERE IS NO PROBATE PROCEEDING, NO FURTHER PROCESS IS NECESSARY TO NAME KWON'S SUCCESSORS IN INTEREST.

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. Pr. 25(a)(1). California Code of Civil Procedure §377.30 provides that: "A cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest." Under California law, "On motion, the court shall allow a pending action or proceeding against the decedent that does not abate to be continued [. . . ] to the extent provided by statute, against the decedent's successor in interest." Cal. Code Civ. Proc. Code § 377.41(emphasis added).

There is no prior obligation to show any compliance with  California's Probate Code where an estate, as is the case here, is not going through probate. *Neal v. Promontory Park Mv*, 2023 Cal. Super. LEXIS 61151, *2-3. The Suggestion of Death filed by former counsel for Mr. Kwon confirmed that "…probate will not be opened." (ECF No. 197, pg. 2:7-8).

The Suggestion of Death filed by former counsel for Mr. Kwon also did not contain the

3

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO SUBSTITUTE SUCCESSOR IN INTEREST FOR DECEASED DEFENDANT JAE KWON (FED. R. CIV. PR. 25(A)(1)) --- 20-CV-07923-EMC**

name of a successor in interest to Mr. Kwon. (ECF No. 197); *see also* Declaration of Richard A. Brody in Support of Motion to Substitute Successor in Interest (ECF No. 200-1, pg. 2, ¶2). As discussed in Plaintiff's underlying Motion, to be properly served, the statement noting the death must be served on the parties and also on "non-party successors or representatives in the manner provided by Rule 4 for the service of a summons." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). The Suggestion of Death did not comply with this requirement and did not provide notice to Plaintiff's counsel of the non-party successors to Jae Kwon. Thus, Plaintiff has taken all necessary steps to identify Mr. Kwon's successors in interest.

**B.    JI BEOM KWON AND EUNICE E. KWON ARE SUCCESSORS IN INTEREST TO JAE KWON, DECEASED, UNDER CALIFORNIA'S LAWS OF INTESTATE SUCCESSION**

Plaintiff's counsel has been unsuccessful in learning whether Decedent Jae Kwon died leaving a testamentary document that would identify his successor in interest. Certainly there was no suggestion of any in the Suggestion of Death filed with this Court (ECF 197). Accordingly, in the absence of such evidence, the Court must look to California's laws of intestate succession to determine who should be named as successor in interest to Mr. Kwon for purposes of participating in this litigation. *Estate of Britel*, 236 Cal.App.4th 127, 135 (2015)(holding that in California, "Intestate succession is governed entirely by statute" or California Probate Code section 6400 et seq.). California Code of Civil Procedure §377.11 provides that:

> For the purposes of this chapter, "decedent's successor in interest" means the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action.

The situation presented here is similar to that presented in the recent case of *Neal v. Promontory Park Mv,* 2023 Cal. Super. LEXIS 61151 (July 19, 2023). In *Neal,* Plaintiff Patricia Neal filed a Motion to Substitute a Successor in Interest for deceased Defendant Susan Beaver. Plaintiff indicated that there was no probate proceeding. Plaintiff therefore file a motion to substitute Beaver's alleged successor in interest (and only child) Shelley Seay as the real party in interest. The Court granted the motion. *Neal v. Promontory Park Mv,* 2023 Cal. Super. LEXIS

61151, *id* at *1-*3.

Here, the Suggestion of Death filed by former counsel for Mr. Kwon stated that "…probate will not be opened." (ECF No. 197, pg. 2:7-8). The Suggestion of Death did not contain the name of a successor in interest to Mr. Kwon. (ECF No. 197). Thus, Ji Beom Kwon, as the surviving spouse of Decedent Jae Kwon, should be appointed as successor in interests for purposes of this lawsuit. Alternatively, should the Court determine that Ji Beom Kwon is not an appropriate successor in interest, then Eunice E. Kwon, daughter of Decedent Jae Kwon, should be appointed as successor in interest.

**C.  PLAINTIFF'S MOTION SHOULD BE GRANTED IN ORDER TO AVOID IRREPARABLE PREJUDICE TO PLAINTIFF**

As discussed in Plaintiff's underlying motion, Federal Rule of Civil Procedure 25(a)(1) provides as follows:

> (a) Death.
> (1) *Substitution if the Claim Is Not Extinguished*. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Plaintiff Casa Nido has timely made this Motion and has personally served it on Ji Beom Kwon and Eunice E. Kwon. By the time the Motion is heard, more than 90 days will have passed since the Suggestion of Death was filed on September 11, 2023. This Motion is ripe for adjudication.

**IV.  CONCLUSION**

For the reasons set forth herein and in Plaintiff's underlying Motion, Plaintiff's Motion to Substitute Successor in Interest for Deceased Defendant Jae Kwon should be granted.

5

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO SUBSTITUTE SUCCESSOR IN INTEREST FOR DECEASED DEFENDANT JAE KWON (FED. R. CIV. PR. 25(A)(1)) --- 20-CV-07923-EMC**

DATED: December 13, 2023          GREENFIRE LAW, PC

By: /s/ *Richard A. Brody*
Richard A. Brody
Attorney for Plaintiff

Under N.D. Cal. Local Rule 5-1(i)(3), in lieu of a signature, I attest that I obtained approval, on December 13, 2023, from Richard A. Brody for the filing of this pleading.

/s/ *Rachel S. Doughty*
Rachel S. Doughty
ATTORNEY FOR PLAINTIFFS