Rachel S. Doughty (CBN 255904)
Richard A. Brody (SBN 100379)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fx: (510) 900-9502
rdoughty@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiff/Counter-Defendant*
*Casa Nido Partnership*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CASA NIDO PARTNERSHIP, a California Partnership,<br><br>Plaintiff,<br><br>v.<br><br>CATHERINE O'HANKS; JAE KWON aka JAY KWON aka JAY KWON SHIK aka JAY SHIK KWON; LYNNE MARIE GARIBOTTI aka LYNNE GARIBOTTI BLOWER aka LYNNE G. BLOWER, as trustee the Claudio Garibotti Trust, dated May 1, 1952; and SENTRY INSURANCE COMPANY; SANDRA KATE VERNELL (f/k/a SANDRA KATE ANDERSON) and EARL RAY ANDERSON,<br><br>Defendant.<br><br>CATHERINE O'HANKS,<br><br>Counter-Claimant<br><br>v.<br><br>JAE KWON aka JAY KWON aka JAY KWON SHIK aka JAY SHIK KWON; LYNNE MARIE GARIBOTTI aka LYNNE GARIBOTTI BLOWER aka LYNNE G. BLOWER as trustee the Claudio Garibotti Trust dated May 1, 1952; and SENTRY INSURANCE COMPANY,<br><br>Counter-Defendant. | Case No. 20-cv-07923-EMC<br><br>**DECLARATION OF RICHARD A. BRODY IN SUPPORT OF PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO SUBSTITUTE SUCCESSOR IN INTEREST FOR DECEASED DEFENDANT JAE KWON (FED. R. CIV. PR. 25(A)(1))**<br><br>DATE: December 21, 2023<br>TIME: 1:30 p.m.<br>COURTROOM: 5<br>JUDGE: Hon. Edward M. Chen<br><br>Complaint Filed: November 10, 2020 |

1

I, Richard A. Brody do declare and state:

1. I am an attorney at law duly licensed to practice before the United States District Court for the Northern District of California. I am Of Counsel at Greenfire Law, P.C., counsel for Plaintiff Casa Nido Partnership. If sworn as a witness, I could and would testify to my personal knowledge of the facts set forth herein.

2. Plaintiff Casa Nido is a California General Partnership, consisting primarily of older men and women. Casa Nido is the current owner of an approximately 5,200 square foot parcel (the "Property") located at 12210 San Pablo Avenue in Richmond, California. Casa Nido has owned the Property since 1976. From 1960 through 2015, a dry-cleaning facility was located on the Property. Casa Nido executed leases to allow others to operate the dry-cleaning facility on the Property. Casa Nido never had an ownership interest in any dry-cleaning or laundry business located on the Property. Casa Nido also never controlled or managed any of the business operations of any of the dry-cleaning businesses located at the Property. The building in which the dry-cleaning plant operated was demolished in July 2017 and the Property has remained undeveloped to the present day.

3. From approximately 1960 through June 2015, the Property was occupied by a commercial dry-cleaning facility known as Omo's Cleaners or Omo's Dry Cleaners. Unknown to Plaintiff, the dry-cleaning facility generated halogenated solvent wastes including tetrachloroethene ("PCE") and its breakdown product trichloroethene ("TCE") at some point in time between the 1960s and the early 2000s.

4. Defendant Catherine O'Hanks ("O'Hanks") owned and operated a dry-cleaning facility known at various times as One Hour Martinizing by Omo, Omo's Dry Cleaners, and Omo's Fabricare Cleaners on the Property from approximately 1960 until 1992.

5. Decedent Jae Kwon ("Kwon") owned and operated a dry-cleaning facility on the Property from approximately 1992 to 2007, pursuant to an Assignment of Lease from O'Hanks to Jae Shik Kwon, with Consent of Lessor to Assignment, dated August 23, 1990.

6. Plaintiff's counsel has to date located one insurance policy providing coverage to both Kwon and Casa Nido regarding the Property. That policy was issued by Dependable Insurance Company (for which Medmarc Insurance Group is the current responsible party). It

appears to be a Commercial Package Policy and bears Policy No. 01-16-75.  The named insured is Jae Skik Kwon DBA Omo's Fabric Care.  Casa Nido is named as an Additional Insured.  O'Hanks is named as the Loss Payee.

Our office made tenders of Indemnity and Defense as an Additional Insured under this policy in March 2022, and again in July 2022.  The tender was denied by Medmarc, which advised our office that it would not provide a defense or indemnity to Casa Nido in this case.

7.  O'Hanks was covered by numerous Comprehensive Business Liability insurance policies during the time that O'Hanks and her now deceased husband owned and operated the dry cleaners on Plaintiff's Property.  Since Kwon appears to have owned and operated the dry-cleaning facility at the Property pursuant to an Assignment of Lease from O'Hanks, it stands to reason that Kwon would have also had Comprehensive Business Liability Insurance.  Due to his age and infirmity, Mr. Kwon was not deposed prior to his death.  Plaintiff's counsel has been unable to obtain insurance information from Mr. Kwon's former court-appointed counsel, but continues to seek the same.

I make this declaration under penalty of perjury under the laws of the United States of America. Executed this 13th day of December 2023 in Sebastopol, California.

By: /s/ Richard A. Brody
RICHARD A. BRODY

Under N.D. Cal. Local Rule 5-1(i)(3), in lieu of a signature, I attest that I obtained approval, on December 13, 2023, from Richard A. Brody for the filing of this declaration.

/s/ Rachel S. Doughty
Rachel S. Doughty