# OFFICE OF THE CLERK

## UNITED STATES DISTRICT COURT

### Northern District of California

## CIVIL MINUTES AND MINUTE ORDER

**Date:** December 21, 2023     **Time:** 2:39-2:58     **Judge:** EDWARD M. CHEN
                                         19 Minutes

**Case No.:** 20-cv-07923-EMC     **Case Name:** Casa Nido Partnership v. Kwon

**Attorney for Plaintiff:** Richard Brody
**Attorneys for Defendants:** Christopher Dow, John Bauman, Mark Chuang
**Also Present:** Eunice Kwon, Ji Beom Kwon

**Deputy Clerk:** Vicky Ayala     **Court Reporter:** Jennifer Coulthard

## PROCEEDINGS HELD BY ZOOM WEBINAR

Motion to Substitute Successor In Interest – held.

### SUMMARY

Parties stated appearances.

    Pending before the Court is Plaintiff's motion to substitute a successor in interest. Docket No. 209. Plaintiff moves to substitute Ji Beom Kwon, the decedent's surviving spouse, or in the alternative, Eunice E. Kwon, one of the decedent's adult children. Docket No. 206, 207. The Court finds that Ji Beom Kwon may be the appropriate successor under California law of intestate succession.

    Rule 25 of the Federal Rules of Civil Procedure allows for "Substitution of Parties" only upon death, incompetence, or transfer of interest. See Fed. R. Civ. P. 25(a)–(c). Rule 25(a)(1) specifically provides for substitution of parties in the event of death: If a party dies and the claim is not extinguished, the court may order substitution of the proper party. Fed. R. Civ. P. 25(a)(1). Because this case involves state law claims, the Court looks to state law of survivorship.

    California's survival statute is codified at Code of Civil Procedure, section 377.20. It reads in pertinent part as follows: "Except as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." (Code Civ. Proc., § 377.20, subd. (a)). *See Chavez v. Carpenter*, 91 Cal. App. 4th 1436. The claims against the estate may survive. *See Bracken v. Harris & Zide, L.L.P.,* 219 F.R.D. 481 (N.D. Cal., 2004).

There is also question whether, assuming survivability, the Court should grant the Plaintiff's motion to substitute Ji Beom Kwon, or in the alternative, Eunice E. Kwon, as successor in interest to the decedent Defendant, Jae Kwon.  Here, Mr. Kwon died without a will.  It appears that the California law of intestate succession applies.  "Intestate succession is governed entirely by statute." (3 Blaylock et al., Cal. Probate Practice (2015) § 23.06[1][a], p. 23-77; see § 6400.) "The *heirs* of a person are those whom the law appoints to succeed at the decedent's death to his or her estate in case of intestacy, by virtue of the statutes of succession." (14 Witkin, Summary of Cal. Law (10th ed. 2005) Wills and Probate, § 74, p. 137.).  California Probate Code § 6400 et seq. governs intestate succession. The estate passes to the surviving spouse or domestic partner of an intestate decedent; in their absence, the intestate estate passes to the decedent's "issue." § 6402(a).

Because Ji Beom Kwon is the surviving spouse of the decedent, the law may well permit her appointment to succeed the decedent's estate in intestacy.  Ms. Kwon is not currently represented.

The Court provides Ms. Kwon the opportunity to obtain representation in assisting her with her response to the motion.

## ORDER

The Court **ORDERS** that the Federal Pro Bono Project seek to obtain representation for Ji Beom Kwon for at least the limited purpose of responding to the motion.  Any brief from Ms. Kwon shall be filed by 2/15/2024.  The hearing on the motion to substitute a successor in interest is set for 2/22/2024.

The Court VACATES the hearing for Plaintiff's motion for leave to file a second motion for summary judgment set for 1/4/2024.  Docket No. 203.  The Court defers the proceeding pending resolution of this current motion.