UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASA NIDO PARTNERSHIP,<br><br>    Plaintiffs,<br><br>    v.<br><br>JAE KWON, et al.,<br><br>    Defendants. | Case No. 20-cv-07923-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT, AND GRANTING MOTION TO FILE OVERSIZED BRIEF UP TO 30 PAGES**<br><br>Docket No. 203 |

## I. BACKGROUND

Plaintiff Casa Nido moves for leave to file a second motion for summary judgment, this time against the five remaining Defendants: Catherine O'Hanks, Sandra Kate Vernell, Earl Ray Anderson, Lynne Marie Garibotti, and the Estate of Jae Kwon. Docket No. 203 at 2 ("Motion"). The first motion for summary judgment was against Sentry Insurance Company. The Court issued an Order granting in part and denying in part the first summary judgment motion against Sentry Insurance Company. Docket No. 196. The Order only addressed the issue of insurance contract liability. *Id.*

In contrast, the instant second motion for summary judgment against the five individual Defendants concerns the following state statutory and common law claims:

    1. The Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA") (42 U.S.C. §9607(a))
    2. Carpenter-Presley-Tanner Hazardous Substance Act ("HSAA") (Cal. Health & Safety Code)
    3. Innocent Landowner (Cal. Health & Safety Code )
    4. Water Pollution (Porter-Cologne Act) (Cal. Water Code §§ 13304, 13350)
    5. Continuing Public Nuisance (Cal. Civ. Code §§ 1021.5)

      6. Per Se Nuisance (Cal. Civ. Code § 3491)
      7. Negligence
      8. Negligence Per Se

Docket No. 147 (Third Amended Complaint). These statute statutory and common law claims against the five individual Defendants are entirely distinct from and unrelated to the sole insurance contract liability claim against Sentry Insurance in the first motion for summary judgment.

Plaintiff also moves for leave to file an oversized brief of 40 pages, asserting that the 25-page limit under Civil Local Rule 7-2(b) is insufficient to allow full and proper briefing of the issues. Motion at 6, 8.

## II.  DISCUSSION

Federal Rules of Civil Procedure Rule 56 does not prohibit multiple motions for summary judgment. *See* Fed. R. Civ. P. 56. District courts have discretion to entertain successive motions for summary judgment. *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010). In appropriate cases, permitting second motions is logical and promotes just, speedy, inexpensive resolution of suits. *Id.* (citing Fed. R. Civ. P. 1, "allowing a party to file a second motion for summary judgment is logical, and it fosters the 'just, speedy, and inexpensive' resolution of suits.").

This Court's Standing Order states that parties are "limited to filing one summary judgment motion. Any party wishing to exceed this limit must request leave of the Court." Civ. Standing Order – General, U.S. District Judge Edward M. Chen at ¶ 9. Plaintiff seeks such leave here. Allowing Plaintiff to file a second motion for summary judgment is justified because the second motion concerns parties and causes of action that are entirely distinct from those in the first motion. Addressing these distinct parties and causes of action at summary judgment would advance litigation to promote "just, speedy, inexpensive resolution," and would not prejudice the five individual Defendants. This is so even when though one of the Defendants, Jae Kwon, became deceased and has been without representation while this motion was pending. Plaintiff's arguments and cited cases are inapposite. *C.f. Impreglon, Inc. v. Newco Enters.,* 508 F. Supp. 2d 1222, 1225 n.1 (N.D. Ga. 2007) (criticizing plaintiff's filing of three separate motions for summary judgment on different claims, all on same day, rather than one consolidated motion,

noting resulting confusing array of factual statements, denial, and counter-statements, but nevertheless considering all three motions under the court's discretion).

The Court GRANTS Plaintiffs motion for leave to file a second motion for summary judgment, and GRANTS leave to file an oversized brief of up to 30 pages.

The Court VACATES the February 22, 2024 motion hearing on this motion.

This Order disposes of Docket No. 203.

**IT IS SO ORDERED**.

Dated: February 14, 2024

_____
EDWARD M. CHEN
United States District Judge