VENABLE LLP
William M. Sloan (SBN 203583)
wmsloan@venable.com
Sarah M. K. Hoffman (SBN 308568)
smhoffman@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:   415.653.3750
Facsimile:    415.653.3755

Attorneys for JI BEOM KWON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASA NIDO PARTNERSHIP, a California Partnership,<br><br>        Plaintiff,<br><br>   v.<br><br>CATHERINE O'HANKS; JAE KWON aka JAY KWON aka JAY KWON SHIK aka JAY SHIK KWON; LYNNE MARIE GARIBOTTI aka KYNNE GARIBOTTI BLOWER aka LYNNE G. BLOWER, as trustee the Claudio Garibotti Trust, dated May 1, 1952; and SENTRY INSURANCE COMPANY,<br><br>        Defendants. | Case No. 3:20-cv-07923-EMC<br><br>**OPPOSITION TO MOTION TO SUBSTITUTE**<br><br>Assigned to: Judge Edward M. Chen<br>Dept. # Courtroom 5-17th Floor<br><br>*[Filed Concurrently with Declaration of Ji Beom Kwon and Declaration of Sarah M. Hoffman in Support of Opposition to Motion to Substitute]* |

# OPPOSITION TO MOTION TO SUBSTITUTE

## I.  INTRODUCTION

From around 1992 to 2007, Jae Kwon ("Mr. Kwon") operated a drycleaning business at 12210 San Pablo Ave. in Richmond, California (the "Property"). Mr. Kwon leased the premises from Plaintiff Casa Nido Partnership ("Plaintiff"), which still owns the Property. In 2000, thirteen years after Mr. Kwon sold the business, Plaintiff filed this lawsuit. Plaintiff alleged that releases from Mr. Kwon's drycleaning operations had contaminated the Property and sought damages to the tune of seven figures. (ECF No. 1). Mr. Kwon died in August 2023. (ECF No. 197). Plaintiff now seeks to continue this action against his widow, Ji Beom Kwon ("Mrs. Kwon"), notwithstanding that Mr. Kwon declared bankruptcy in 2013, died intestate with no assets, and that Mrs. Kwon was not involved with the drycleaning business and has no knowledge relevant to this lawsuit. Declaration of Ji Beom Kwon ("Kwon Decl.") ¶¶ 2-5.

Plaintiff's motion to substitute is patently defective. Plaintiff asserts, without support, that they are entitled to substitute either Mrs. Kwon, or her daughter Eunice E. Kwon, as successor in interest under Federal Rules of Civil Procedure 25(a)(1). The Court should exercise its discretion to deny Plaintiff's motion to substitute Mrs. Kwon because Plaintiff has not satisfied California Code of Civil Procedure section 377.41, which only allows a successor in interest to be substituted "to the extent provided by statute." Plaintiff has identified no statutory authority allowing it to continue this action against Mrs. Kwon. In any event, Probate Code section 550 allows Plaintiff to continue this action without substituting Mrs. Kwon as a defendant, because Plaintiff is seeking to access insurance coverage Mr. Kwon may have obtained. For the reasons set forth herein, Plaintiff's Motion to Substitute should be denied.

## II.  FACTUAL BACKGROUND

Decedent Mr. Kwon owned an operated a dry-cleaning facility on a 5,200 square foot parcel located at the Property from approximately 1992 to 2007 pursuant to an Assignment of Lease from the previous operator Catherine O'Hanks (who is also a defendant in this lawsuit).

Mr. Kwon sold the dry-cleaning facility in 2007. In February 2013, Mr. Kwon declared bankruptcy.

Thirteen years after Mr. Kwon sold the dry-cleaning business, Plaintiff filed this lawsuit. Mr. Kwon could not afford an attorney, and initially represented himself, with his children's assistance. In May 2022, William Sloan and Sarah Hoffman of Venable LLP were assigned to represent Mr. Kwon via the Federal Pro Bono Program. (ECF No. 115). After counsel were appointed, Mr. Kwon searched for potential insurance policies, filed an answer, prepared initial disclosures, and responded to Plaintiff's interrogatories. (ECF No. 128). In his Responses to Interrogatories Mr. Kwon identified potential insurers and any insurance policies he was aware of. Kwon Decl. ¶ 4. On August 23, 2023, Mr. Kwon passed away. (ECF No. 197). Counsel for Mr. Kwon notified the Court of his passing on September 11, 2023. *Id.*

On November 7, 2023, Plaintiff filed a motion seeking to substitute Mrs. Kwon, or her daughter, for Mr. Kwon in this action (ECF No. 200). The Court directed Plaintiff to file a supplemental brief demonstrating compliance with the Probate Code. (ECF No. 209). Plaintiff filed its brief on December 13, 2023 (ECF No. 211). On January 11, 2024, Venable was reappointed as pro bono counsel for Mrs. Kwon for the limited purpose of assisting her in opposing this application. (ECF No. 218).

### III. ARGUMENT

#### a. This Court should exercise its discretion to deny Plaintiff's motion.

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that if "a party dies and the claim is not extinguished, the court *may* order substitution of the proper party." (Emphasis added.) As the Ninth Circuit has ruled, "substitution or joinder of [parties] . . . rest[s] in the discretion of the district court and [is] not mandatory." *Dodd v. Pioche Mines Consol., Inc.*, 308 F.2d 673, 674 (9th Cir. 1962); *see also In re Bernal,* 207 F.3d 595, 598 (9th Cir. 2000) (Rule

25(c) "leaves the substitution decision to [the] court's sound discretion").[1] And as this Court has acknowledged, California's survival statute and laws of intestate succession are relevant to whether Mrs. Kwon should be substituted here. (ECF No. 217). While the California Code of Civil Procedure generally allows substitution of a decedent's "personal representative" as of right,[2] substitution of a "successor in interest" is only allowed "to the extent provided by statute." Cal. Code. Civ. Proc. § 377.41.[3] Mr. Kwon died intestate, leaving no assets, and no personal representative has been appointed to administer his estate. Kwon Decl. ¶ 4; ECF No. 197. Plaintiff acknowledges that Mrs. Kwon is not the personal representative of Mr. Kwon because no probate has been opened. (ECF No. 211). Plaintiff instead argues that Mrs. Kwon is her husband's successor in interest and, therefore, she can be substituted. *Id.* (citing Cal. Code Civ. Proc. § 377.30).[4] Indeed, this Court has indicated that as Mr. Kwon's widow, Mrs. Kwon may be his successor in interest according to California's intestacy laws. (ECF No. 217).

Even assuming Mrs. Kwon is Mr. Kwon's successor in interest, this is not in itself sufficient to substitute her. Plaintiff misreads the Code, which provides that a successor in

---

[1] Although these decisions involved substitution under Rule 25(c) rather than Rule 25(a), their reasoning applies equally here because Rule 25(c) uses the same non-mandatory language as Rule 25(a): "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."

[2] A "personal representative" is an "executor, administrator, administrator with the will annexed, special administrator, success personal representative, public administrator acting pursuant to Section 7660, or a person who performs substantially the same function under the law of another jurisdiction governing the person's status." Cal. Prob. Code § 58(a).

[3] A decedent's successor in interest" is "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Code. Civ. Proc. § 377.11.

[4] Plaintiffs rely on an unpublished and uncitable state court case in support of their argument that California law allows Mrs. Kwon to be substituted—*Neal v. Promontory Park MV Association*, 2023 Cal. Super. LEXIS 61151. This case must be disregarded because California law prohibits citing to unpublished opinions. Cal. Rules of Court, rule 8.1115 ("an opinion of a California Court of Appeal or superior court appellate division that is not certified for production or ordered published *must not be cited or relied upon* by a court or a party in any other action") (emphasis added). Federal district courts in California typically apply state rules governing citation of unpublished state court opinions. *See, e.g., Rennick v. O.P.T.I.O.N. Care, Inc.*, 77 F.3d 309, 317 9th Cir. 1996) (refusing to consider an unpublished case pursuant to California's publication rules); *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 111 (9th Cir. 2005) (same). In any event, this case is distinguishable because it related to the decedent's medical debts, and Plaintiff provided statutory authority that a successor in interest may be liable for such debts.

interest can only be substituted "to the extent provided by statute." Cal. Code. Civ. Proc. § 377.41. Consequently, in order to substitute a successor in interest (as opposed to a personal representative) a party must point to statutory authority *separate from section 377.41* that authorizes such substitution. As noted in the Law Revision Commission Comments to Cal. Code Civ. Proc. § 377.41, "an action or proceeding may be continued against the decedent's successor in interest only if a statute provides for liability in such cases." *Id.*

Plaintiff impermissibly reads the words "to the extent provided by statute" out of section 377.41 and would render them meaningless. This is inappropriate under "one of the most basic interpretive canons," that a "statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Corley v. United States*, 566 U.S. 303, 304 (2009) (citing *Hibbs v. Winn*, 542 U.S. 88, 101 (2004)). *See also Evans v. McCallister*, 69 F.4th 1101, 1108 (9th Cir. 2023) (explaining that this concept, also known as "the rule against superfluities," instructs courts to interpret a statute to effectuate all its provisions); *Stevens v. CoreLogic, Inc.*, 899 F.3d 666, 673 (9th Cir. 2018) (noting that whenever possible, every clause and word of a statute must be given effect). By failing to provide a statutory authority to substitute Mrs. Kwon separate from section 377.41, Plaintiff reads "to the extent provided by statute" out of this provision.

As such, Plaintiff has not satisfied the section 377.41 criteria for substitution. For Plaintiff to successfully substitute Mrs. Kwon as Mr. Kwon's successor in interest, Plaintiff must first point to some separate authority showing that a CERCLA claim, or any of its other causes of action, may be continued against a successor in interest. Code. Civ. Proc. § 377.41. Plaintiff has provided no authority allowing substitution of a successor in interest for these claims, and *no such authority exists*. Although a person may be liable for the debts of their deceased spouse, per Probate Code section 13550, potential liability under a pending tort action is not a "debt." Indeed, "the fact that an action is begun to recover an alleged debt does not establish the existence of the debt, either as a matter of pleading or as a matter of evidence." *Lyden v. Spohn-Patrick Co.*, 155 Cal. 177, 184 (1909). Here, Plaintiff has filed various tort claims, and statutory

CERCLA claims, which Mr. Kwon disputed.  Such claims do not establish the existence of a debt.

In any event, liability for the debts of the deceased spouse is limited "to the extent that such debts are chargeable against the community property of both spouses, and the separate property of the deceased spouse passing to the surviving spouse without formal probate administration." *Collection Bureau of San Jose v. Rumsey*, 24 Cal. 4th 301, 306 (2000); Probate Code § 13551.  Here, Mr. Kwon's estate has no assets, and Mrs. Kwon has no assets of her own other than clothes and personal items.  Kwon Decl. ¶ 5.  This reality, and the fact Plaintiff cannot satisfy section 377.41 in any event, weigh against the Court exercising its discretion to substitute Mrs. Kwon.

### b. In Addition, Probate Code Section 550 Allows Plaintiff to Continue This Action Without Substituting Mrs. Kwon as a Defendant.

Plaintiff would not, as it claims, be "irreparabl[y] prejudice[d]" if its motion is denied. (ECF No. 211).  Probate Code section 550 specifically allows Plaintiff to continue with this action without substituting Mrs. Kwon as a Defendant, providing:

> (a) Subject to the provisions of this chapter, an action to establish the decedent's liability for which the decedent was protected by insurance may be commenced or continued against the decedent's estate without the need to join as a party the decedent's personal representative or successor in interest.

Plaintiff has stated that it intends to identify and collect on any potential insurance coverage Mr. Kwon may have obtained, and has already been in contact with several potential insurance agencies.  (ECF No. 211-1, ¶¶ 5-7).  Mr. Kwon provided all available insurance information during his lifetime.  Kwon Decl. ¶ 4.  Since his death, Mrs. Kwon has been unable to obtain any additional information about insurance information.  Kwon Decl. at ¶¶ 3-4.  Mr. and Mrs. Kwon had no assets—the only contribution Plaintiff could potentially collect would be from insurance companies.  *Id.* at ¶ 5. Such contributions can and should be pursued under Probate Code section 550.  Substituting Mrs. Kwon is both futile and misguided given the availability of this provision.

Mr. Kwon disclosed all potential insurers and policies in his responses to interrogatories. Kwon Decl. at ¶ 4. Before his death, Mr. Kwon's family reached out to possible insurers, but could not locate any policy; one insurer stated that they did not keep records for more than seven years.[5] Kwon Decl. at ¶ 3. Despite diligent efforts, no insurer or insurance policy has been located beyond those listed in initial disclosures. *Id.* Mr. Kwon's memory was limited and failing due to his age and chronic illness, and Mrs. Kwon was not involved with the drycleaning business at all—certainly she was not privy to the details of decades-old insurance policies. *Id.* at ¶ 4.

In sum, Mrs. Kwon does not have access to any information that is not already in Plaintiff's possession, and can offer no relevant information or financial contribution in this action. Kwon Decl. at ¶ 6. Plaintiff has the identities of potential insurers and details of potential insurance policies and can pursue them. They do not need to substitution Mrs. Kwon (or her family members) to pursue whatever money might be available under applicable insurance policies. These factors also weigh in favor of the Court exercising its discretion to deny substitution.[6]

### IV.  CONCLUSION

This action has already caused immense additional stress for Mrs. Kwon and her family, including while they were supporting Mr. Kwon through a chronic illness that required him to surgeries and constant medical appointments. Kwon Decl. at ¶ 6. Substituting Mrs. Kwon after

---

[5] This underscores the unreasonable nature of Plaintiff's posture—the facts underlying this case occurred at least seventeen years ago, and it is unreasonable for Plaintiff to expect that Mr. Kwon let alone his wife or children) would maintain records from nearly two decades ago.

[6] Indeed, on March 6, 2024, the California Department of Toxic Substances Control ("DTSC"), in the exercise of its enforcement discretion, declined to name Mr. Kwon's estate as a respondent to its "Imminent and Substantial Endangerment Determination and Order and Remedial Action Order" (Docket No. HSA-FY23/24-022), which it issued in relation to the Property in late 2023. DTSC reasoned that "no insurance company has provided a defense for Mr. Kwon in the ongoing federal litigation," the Suggestion of Death filed on September 11, 2023 indicates his estate has minimal to non-existent assets, and that probate will not be opened, and Mr. Kwon was discharged from bankruptcy in 2013. Declaration of Sarah Hoffman, Exh. A (Letter from Dakotah Benjamin, Dept. of Toxic Substances Control, to Paul Kibel, Couns. for Casa Nido P'ship and Rohib Sabnis, Couns. for Catherine O'Hanks (March 6, 2024)).

the death of her husband of 42 years, and forcing her to participate in litigation about which she knows nothing, would serve no purpose other than to prolong her hardships. For the foregoing reasons, Mrs. Kwon respectfully requests that the Court deny Plaintiff's Motion to Substitute.

Dated: March 15, 2024

VENABLE LLP

By: /s/ William M. Sloan
William M. Sloan
Sarah M. K. Hoffman
Attorneys for JI BEOM KWON