VENABLE LLP
William M. Sloan (SBN 203583)
wmsloan@venable.com
Sarah M. K. Hoffman (SBN 308568)
smhoffman@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:   415.653.3750
Facsimile:    415.653.3755

Attorneys for JI BEOM KWON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASA NIDO PARTNERSHIP, a California Partnership,<br><br>              Plaintiff,<br><br>     v.<br><br>CATHERINE O'HANKS; JAE KWON aka JAY KWON aka JAY KWON SHIK aka JAY SHIK KWON; LYNNE MARIE GARIBOTTI aka KYNNE GARIBOTTI BLOWER aka LYNNE G. BLOWER, as trustee the Claudio Garibotti Trust, dated May 1, 1952; and SENTRY INSURANCE COMPANY,<br><br>              Defendants. | Case No. 3:20-cv-07923-EMC<br><br>**DECLARATION OF SARAH M. HOFFMAN IN SUPPORT OF OPPOSITION TO MOTION TO SUBSTITUTE**<br><br>Assigned to: Judge Edward M. Chen<br>Dept. # Courtroom 5-17th Floor |

**DECLARATION OF SARAH M. HOFFMAN**

I, Sarah M. Hoffman, state and declare as follows:

1. This declaration is made in support of Ji Beom Kwon's opposition to Plaintiff's Motion to Substitute her in this case. This declaration is based on my personal knowledge, or where I do not have personal knowledge, on the basis of information and belief. If called as a witness, I could and would testify competently to such matters.

2. I am an attorney duly licensed to practice in the State of California and before this Court. I am an associate at the law firm of Venable LLP, which has been appointed to represent Mrs. Kwon pro bono for the purpose of opposing this motion.

3. Attached as **Exhibit A** is a true and correct copy of a letter from Dakotah Benjamin, at the California Department of Toxic Substances Control ("DTSC"), to Paul Kibel, Counsel for Casa Nido Partnership and Rohib Sabnis, Counsel for Catherine O'Hanks, dated March 6, 2024. I obtained this letter by accessing DTSC's Envirostor database on March 12, 2024. The letter is available at the following link: https://www.envirostor.dtsc.ca.gov/getfile?filename=/public%2Fdeliverable_documents%2F5079563736%2F20240306OmoFabricareDryCleaner.pdf

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 15, 2024, in San Francisco, California.

*Sarah Hoffman*
Sarah M. Hoffman

# EXHIBIT A




**Department of Toxic Substances Control**

**Yana Garcia**
Secretary for
Environmental Protection

Meredith Williams, Ph.D., Director
700 Heinz Avenue
Berkeley, California 94710-2721

**Gavin Newsom**
Governor

March 6, 2024

VIA EMAIL ONLY

Paul Stanton Kibel
Water and Power Law Group PC
Counsel for Casa Nido Partnership
pskibel@waterpowerlaw.com

Rohit Sabnis
Keller and Heckman LLP
Cumis Counsel for Catherine O'Hanks
sabnis@khlaw.com

RE: OMO FABRICARE DRY CLEANER, 12210 SAN PABLO AVENUE, RICHMOND, CONTRA COSTA COUNTY, CALIFORNIA (SITE CODE 202453) (SITE) - IMMINENT AND SUBSTANTIAL ENDANGERMENT DETERMINATION AND ORDER AND REMEDIAL ACTION ORDER, DOCKET NO. HSA-FY23/24-022

Dear Counsel,

The California Department of Toxic Substances Control (DTSC) has reviewed each of your letters dated February 16, 2024, in response to DTSC's February 6, 2024, Notice of Proposed Determination of Non-Compliance (Notice) with the Imminent and Substantial Endangerment Determination and Order and Remedial Action Order, Docket No. HSA-FY23/24-022 (Order), and provides the following response:

DTSC is encouraged to hear Respondent Catherine O'Hanks (Ms. O'Hanks) has obtained insurance coverage related to the Order, and that Respondent Casa Nido Partnership (Casa Nido) and Ms. O'Hanks are in the process of negotiating a cost sharing agreement (CSA). In light of these developments, DTSC will delay issuing a

Paul S. Kibel
Rohit Sabnis
March 6, 2024
Page 2

Final Determination of Non-Compliance at this time. Ms. O'Hanks and Casa Nido are directed to provide a written update on the status of the CSA and name(s) of the Project Coordinator and Project Engineer/Geologist by April 5, 2024. Upon receipt of the parties' update, DTSC will decide whether to issue an amended task schedule or issue a Final Determination of Non-Compliance.

With respect to Casa Nido's Proposed Change #8 and Ms. O'Hanks' Proposed Change #2, that DTSC name additional parties as Respondents to the Order, DTSC once again declines to do so. DTSC has reviewed the documents Casa Nido submitted on December 1, 2023, and nothing included therein provides a new legal or factual basis for naming the Estate of Jae Kwon or Lynn Garibotti as potentially responsible parties to the Order. As explained in DTSC's letter dated November 28, 2023, Health and Safety Code (HSC) section 79020 sets forth the factors DTSC must consider in issuing orders to the "largest manageable number of potentially responsible parties." The factors are:

> (a) The adequacy of the evidence of each potentially responsible party's liability.
>
> (b) The financial viability of each potentially responsible party.
>
> (c) The relationship or contribution of each potentially responsible party to the release, or threat of release, of hazardous substances.
>
> (d) The resources available to the department.

HSC § 79020. DTSC has thoroughly reviewed the available documents and information regarding Mr. Kwon and Ms. Garibotti in the context of these factors, and determined that it would not be appropriate to name them as Respondents to the Order at this time.

Regarding the Estate of Jae Kwon, DTSC's review of the documents Casa Nido provided and other available information indicates that it is unlikely Mr. Kwon's estate has assets or insurance coverage available to respond to the Order. The facts supporting this position include:

- No insurance company has provided a defense for Mr. Kwon in the ongoing federal litigation in the Northern District of California, *Casa Nido Partnership v. Catherine O'Hanks et al.*, Civil Action No. 3:20-CV-7923-EMC, (the Federal Litigation);

Paul S. Kibel
Rohit Sabnis
March 6, 2024
Page 3

- Statements in the September 11, 2023, Suggestion of Death of Defendant Jae Kwon on the Record, filed in the Federal Litigation, indicating that Mr. Kwon's estate has "minimal to non-existent" assets and that probate will not be opened; and

- Mr. Kwon's discharge from bankruptcy in 2013.

As for Ms. Garibotti, the information available to DTSC, including the documents Casa Nido provided, shows that Ms. Garibotti was a beneficiary of a trust that held title to the Site, and not a trustee as Casa Nido has asserted. Additionally, the fact that the Court in the Federal Litigation denied Ms. Garibotti's Motion to Dismiss on procedural grounds does not establish Ms. Garibotti as a liable or viable potentially responsible party to the Order. Therefore, DTSC denies Casa Nido's and Ms. O'Hanks' request to modify the Order to name additional Respondents.

With respect to Casa Nido's Proposed Changes to the Order #s 1-7, DTSC generally rejects the suggested amendments as unnecessary and irrelevant to the Notice and Respondents' wholesale failure to comply with the Order.  Casa Nido's suggestion that the now terminated Voluntary Cleanup Agreement was not "enforceable" is incorrect.

In response to Casa Nido's Proposed Changes #s 2-7, DTSC categorically denies Casa Nido's false assertion that DTSC has "refused to receive and review reports documenting completed interim actions of soil excavation, groundwater amendment installation, vapor barrier installation, and SVE/SSD installation." In fact, it is Casa Nido that has repeatedly and continuously refused to provide the documentation DTSC requested. DTSC directs Casa Nido to its December 5, 2023, Request for Submittals, which was also enclosed with the Notice. Specifically, on page 4 of 6 of DTSC's Request for Submittals, DTSC required:

> Pursuant to section 6.[12] of the Order, Respondents shall submit the requisite technical documentation needed to support DTSC's geologic and engineering review of prior work at the Site. The submittal(s) shall address the enclosed document request (Attachment 3). DTSC acknowledges receipt of Respondent's letter dated December 4, 2023, and its attachment dated November 30, 2023, which indicates that there is additional documentation regarding actions taken at the Site, which has not been submitted to DTSC for review. Pursuant to section 6.7 of the Order, DTSC

Paul S. Kibel
Rohit Sabnis
March 6, 2024
Page 4

> will need to review Order deliverables prior to acceptance or approval, and may modify or comment on such deliverables, as necessary.

Attachment 3 to the Request for Submittals includes a detailed request for documentation of interim actions completed at the Site. Casa Nido has failed to submit any such documentation to DTSC. Accordingly, DTSC rejects Casa Nido's Proposed Changes to the Order #s 2-7.

In response to Casa Nido's Proposed Change #9 and Ms. O'Hanks' Proposed Change #3, regarding fencing and signage at the Site, DTSC directs the parties to its December 5, 2023, Request for Submittals. Specifically, on page 3 of 6, DTSC required:

> Pursuant to section 5.1.3(a) of the Order, Respondents shall install permanent fencing and signage in a manner described in the Order. On October 17, 2023, DTSC observed defaced signage and damaged fencing around the perimeter of the unpaved portion of the Site, which houses the soil vapor extraction/sub-slab depressurization (SVE/SSD) system shed. On December 4, 2023, Respondents requested unspecified upgrades to the existing temporary fencing, rather than installing permanent fencing. **Additional information is needed to evaluate the request**. In the interim, Respondents shall repair existing fencing and signage. (emphasis added).

Consistent with this request, DTSC will consider an alternative proposal for securing the Site, and Respondents Casa Nido and Ms. O'Hanks are directed to provide a workplan with appropriate detail with the update to be submitted by April 5, 2024. In the meantime, Respondents must repair the existing fencing and signage and submit a report documenting the repairs with the update to be submitted by April 5, 2024.

In summary, DTSC responds to your letters dated February 16, 2024, as follows:

- DTSC will delay issuing a Final Determination of Non-Compliance to allow Respondents Casa Nido and Ms. O'Hanks additional time to negotiate a CSA.

- No later than April 5, 2024, Casa Nido and Ms. O'Hanks are directed to jointly submit an update describing the status of the CSA and providing the name(s) of the Project Coordinator and Project Engineer/Geologist.

Paul S. Kibel
Rohit Sabnis
March 6, 2024
Page 5

- No later than April 5, 2024, Casa Nido and Ms. O'Hanks are directed to jointly submit: 1) a workplan for an alternative proposal for securing the Site; and 2) a report documenting repairs to the existing temporary fencing and signage at the Site.

- Upon receipt of these submittals, DTSC will decide whether to issue an amended task schedule for the Order or a Final Determination of Non-Compliance.

- Except as otherwise discussed herein, DTSC rejects the requested changes to the Order.

If you have any questions regarding this letter, please contact me by e-mail at dakotah.griscombenjamin@dtsc.ca.gov or by telephone at 916-938-0903.

Sincerely,

*/Dakotah Griscom Benjamin*

Dakotah Griscom Benjamin, Attorney
Office of Legal Counsel
Department of Toxic Substances Control

cc:     Via Email Only

        Ian Utz, Senior Environmental Scientist
        Site Mitigation and Restoration Program
        Department of Toxic Substances Control
        Ian.utz@dtsc.ca.gov

Paul S. Kibel
Rohit Sabnis
March 6, 2024
Page 6


cc:     (cont.)

   Marikka Hughes, Branch Chief
   Berkeley Branch
   Site Mitigation and Restoration Program
   Department of Toxic Substances Control
   Marikka.hughes@dtsc.ca.gov

   Rachel S. Doughty
   Greenfire Law, PC
   Counsel for Casa Nido Partnership
   rdoughty@greenfirelaw.com

   Christopher J. Dow
   Edlin Gallagher Huie + Blum
   Defense Counsel for Catherine O'Hanks
   cdow@eghblaw.com

   Sage R. Knauft
   James L. Mink
   WFBM, LLP
   Counsel for Respondent Sandra Vernell
   sknauft@wfbm.com

   Daniel P. Costa
   Gurnee Mason Rushford Bonotto & Forestiere LLP
   Counsel for Earl R. Andersen
   dcosta@gurneelaw.com