1  Rachel S. Doughty (CBN 255904)
2  Richard A. Brody (SBN 100379)
   GREENFIRE LAW, PC
3  2748 Adeline Street, Suite A
   Berkeley, CA 94703
4  Ph/Fx: (510) 900-9502
   rdoughty@greenfirelaw.com
5  rbrody@greenfirelaw.com
6  *Attorneys for Plaintiff/Counter-Defendant*
   *Casa Nido Partnership*
7

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10 CASA NIDO PARTNERSHIP, a              Case No. 20-cv-07923-EMC
   California Partnership,
11
          Plaintiff,
12
   v.                                    **PLAINTIFF'S REPLY BRIEF IN SUPPORT OF**
13                                        **MOTION TO SUBSTITUTE SUCCESSOR IN**
   CATHERINE O'HANKS; JAE KWON           **INTEREST FOR DECEASED DEFENDANT JAE**
14 aka JAY KWON aka JAY KWON             **KWON (FED. R. CIV. PR. 25(A)(1))**
   SHIK aka JAY SHIK KWON; LYNNE
15 MARIE GARIBOTTI aka LYNNE             DATE: March 21, 2024
   GARIBOTTI BLOWER aka LYNNE            TIME: 1:30 p.m.
16 G. BLOWER, as trustee the Claudio     COURTROOM: 5
   Garibotti Trust, dated May 1, 1952; and   JUDGE: Hon. Edward M. Chen
17 SENTRY INSURANCE COMPANY,
18        Defendant.                      Complaint Filed: November 10, 2020
19 ─────────────────────────────
20 CATHERINE O'HANKS,
21        Counter-Claimant
22 v.
23 CASA NIDO PARTNERSHIP, a
   California Partnership,
24
          Counter-Defendant.
25
26
27
28

1    Plaintiff Casa Nido Partnership (hereinafter "Casa Nido" or "Plaintiff") submits this Reply

2  Brief to Defendant Ji Beom Kwon's (hereinafter "Mrs. Kwon") Opposition to Plaintiff's Motion to

3  Substitute ("Motion").[1] There has been no substantive argument that the Motion is untimely or that

4  Mrs. Kwon is not Mr. Kwon's successor in interest (*see* this Court's order ECF 217). The remaining

5  issues therefore are (1) whether Casa Nido's claims against Mr. Kwon survived his death, and (2)

6  whether this Court should exercise its discretion under Fed. R. Civ. P. 25(a) to allow Casa Nido to

7  continue its efforts.

8  **I.     Under California's Statutes Governing Intestacy and Community Property, Mrs. Kwon Should Be Substituted and Mr. Kwon's Successor in Interest.**

9       **A.     Mrs. Kwon is Mr. Kwon's Successor in Interest**

10   Mrs. Kwon makes no real argument that she is not decedent Mr. Kwon's "successor in

11  interest." *See* ECF 221, p. 3:20-4:12. The term "successor in interest" is defined as "the beneficiary

12  of the decedent's estate or other successor in interest who succeeds to a cause of action or to a

13  particular item of the property that is the subject of a cause of action." Cal. Code Civ. P. § 377.11.

14  In California, when a decedent dies intestate, a "beneficiary of the decedent's estate" is defined as

15  "the sole person or all of the persons who succeed to a cause of action, or to a particular item of

16  property that is the subject of a cause of action, under Sections 6401 and 6402 of the Probate Code .

17  . . ." Cal. Code Civ. P. § 377.10(b). California's Supreme Court has noted that "[s]ubject to certain

18  exceptions and limitations [which do not apply here], Probate Code sections 13550 and 13551 make

19  a surviving spouse personally liable for the debts of the deceased spouse, but only to the extent such

20  debts are chargeable against the community property of both spouses and the separate property of

---

[1] Plaintiff's Motion is ECF 200, which was filed with the supporting Declaration of counsel for Casa Nido, Richard A. Brody (ECF 200-1). This Court ordered supplemental briefing "on the legal authority that establishes who is the proper party that is the Defendant's successor in this case," ECF 209. Plaintiff filed that supplemental briefing, ECF 211, along with another Declaration of Richard A. Brody in support (ECF 211-1). This Court issued minutes to a hearing held on the matter, ECF 217, and continued the matter so that Mrs. Kwon could be represented in responding to the motion. That opposition was filed, ECF 221, along with supporting declarations of Mrs. Kwon (221-1) and her counsel, Sarah M. Hoffman (ECF 221-2). This reply brief is now filed along with supporting declarations of Casa Nido counsel Rachel Doughty, and Casa Nido partner Ronald Pizioli.

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO SUBSTITUTE SUCCESSOR IN INTEREST FOR DECEASED DEFENDANT JAE KWON (FED. R. CIV. PR. 25(A)(1)) --- 20-CV-07923-EMC**

the deceased spouse passing to the surviving spouse without formal probate administration."

*Collection Bureau of San Jose v. Rumsey*, 24 Cal. 4th 301, 306 (2000). "Probate Code section

13554 then clarifies that these debts may be enforced against the surviving spouse in the same

manner as they could have been enforced against the deceased spouse if he or she had not died." *Id.*

307.

> The entire context of the Probate Code governing liability for debts of a
> deceased spouse supports the conclusion that the Legislature intended to
> reach all property that passes without formal administration, limited only
> by whether the property is community, quasi-community or separate
> property of the decedent, i.e., the character of the property, rather than
> the manner in which title is held. This conclusion is supported by
> Probate Code § 13553, which cuts off the personal liability of the
> surviving spouse who elects to subject all of the decedent's property to
> probate administration (in which case the creditors must look solely to
> the estate to satisfy their claims), and § 13554, which provides that any
> debt of the deceased spouse 'may be enforced against the surviving
> spouse in the same manner as it could have been enforced against the
> deceased spouse if the deceased spouse had not died.'

*Kircher v. Kircher*, 189 Cal. App. 4th 1105, 1111 (2010). And, as discussed in the next section,

debts can be acquired after death.

**B.    Casa Nido's Claims Against Mr. Kwon Survive his Death.**

Mrs. Kwon argues that a specific statute authorizing survivorship of each of Casa Nido's

claims must be identified. That's not the law. California Code of Civil Procedure provides statutory

basis for the general presumption of survival of claims after death. Judge Beeler considered the

relevant portions of California's Code of Civil Procedure in the recent case of *Rivington Partners,*

*LLC v. Rovens,* which is also discussed in Casa Nido's moving papers:

> Under California law, "[a] pending action . . . does not abate by the
> death of a party if the cause of action survives," Cal. Civ. Proc. Code §
> 377.21, and "[e]xcept as otherwise provided by statute, a cause of action
> for or against a person is not lost by reason of the person's death," *id*. §
> 377.20. Where the decedent was the defendant, "all damages are
> recoverable that might have been recovered against the decedent . . .
> except damages recoverable under Section 3294 of the Civil Code or
> other punitive or exemplary damages." *Id.* §377.42.

*Rivington Partners, LLC v. Rovens,* 2022 U.S. Dist. LEXIS 116816, 2022 WL 2391003 *3. There is

not, as Mrs. Kwon suggest, an obligation for Casa Nido to point to some statute particular to each cause of action allowing expressly for that cause of action to continue after death. Instead, California law has accomplished this instead by establishing a presumption across causes of action, as recognized by Judge Beeler. The burden to show otherwise lies in the party alleging otherwise— here, Mrs. Kwon--to demonstrate that there is a statutory *exception* to the presumption of the survival of the claim.

Federal courts *have* so interpreted California's general presumption that a claim survives in similar pollution liability cases involving similar claims (despite Mrs. Kwon's assertion that no such authority exists (*see* ECF 221, p. 5:23)). For example, *Enns Pontiac v. Flores* concerned:

> the alleged release of hazardous solvents used in the dry cleaning industry which created a groundwater plume in Reedley, California. [asserting] claims for: (1) recovery of "response" costs under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") §§ 107(a)(1-4)(B); (2) declaratory relief under federal law; (3) negligence per se; (4) negligence; (5) public and private nuisance; (6) trespass; (7) equitable indemnity; and (8) declaratory relief under state law.

No. 1:07-cv-01043 OWW DLB, 2011 U.S. Dist. LEXIS 97013, at *20 (E.D. Cal. Aug. 29, 2011). The Eastern District Court allowed that case to proceed against widow of intestate defendant dry cleaner operator, citing only to Code of Civil Procedure §§ 366.2, 377.21, and 377.41.

And in *Coldani v. Hamm*, an Eastern District in a case involving damages from polluting dairy operation, the court held that "[u]nder California law, an action pending at the time of a party's death may be continued against the decedent's successor in interest and all damages are recoverable that might have been recovered against the decedent had the decedent lived." No. 2:07-CV-0660-JAM-EFB, 2011 U.S. Dist. LEXIS 58350, at *8 (E.D. Cal. May 31, 2011). The *Coldani* Court did not cite to claim-specific statutes allowing that outcome, but instead noted:

> Under California law, an action pending at the time of a party's death may be continued against the decedent's successor in interest and all damages are recoverable that might have been recovered against the decedent had the decedent lived. Cal. Code of Civ. Proc. § 377.42; *see also* Cal. Code of Civ. Proc. §§ 377.20, 377.41 and Cal. Probate Code § 9370. In this case, the Revocable Trust is Coldani's successor in interest, as Coldani devised the majority of his assets to the Revocable Trust. *See*

Cal. Code of Civ. Proc. § 377.11. Such damages can be recovered from the Revocable Trust pursuant to California Probate Code 19001(a).

*Id*. at *8.

### C.   Equitable Considerations Mitigate Towards Granting Casa Nido's Motion

Mrs. Kwon urges the Court to exercise its discretion to deny Casa Nido's motion.[2] That would be inappropriate in this case. Casa Nido does not dispute that "substitution decision is committed to the discretion of the trial court. *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000). But that discretion is guided:

> Fed. R. Civ. P. 25, Advisory Comm. Notes (1963) (indicating that substitution "will ordinarily be granted" but that the rule provides discretion to account for potential unfairness or prejudice). In exercising that discretion, courts have deduced three requirements from the text of Rule 25(a)(1): (1) the motion must be timely; (2) the motion must seek to substitute a proper party; and (3) the claim must not be extinguished upon the decedent's death

*Underwood v. O'Reilly Auto Enters., LLC*, No. 2:21-cv-01766-GMN-NJK, 2022 U.S. Dist. LEXIS 73053, at *3 (D. Nev. Apr. 20, 2022); *accord Veliz v. Cintas Corp*., No. C 03-1180 RS, 2008 U.S. Dist. LEXIS 79833, at *5 (N.D. Cal. July 17, 2008).

> the Advisory Committee on the 1963 amendments to Fed. R. Civ. P. 25 intended that motions to substitute be freely granted. *See* Fed. R. Civ. P. 25, advisory committee note of 1963 ("A motion to substitute made within the prescribed time will ordinarily be granted, but under the permissive language of the first sentence of the amended rule ('the court may order') it may be denied by the court in the exercise of a sound

---

[2] Mrs. Kwon cites to cases regarding Rule 25(c), not (a), in support of her request that the Court excuse her from liability. Rule 25(c) involves transfer of interest. Presumably, unlike substitution upon death, there is a party from whom transfer is sought in whom liability may remain in the event the request is not granted. That is clearly not the case where a party is deceased. One of the cases cited by Mrs. Kwon explains the purpose of Rule 25(c): "Rule 25(c) is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands." *Educ. Credit Mgmt. Corp. v. Bernal (In re Bernal)*, 207 F.3d 595, 598 (9th Cir. 2000). In other words, it is not designed to cut off a cause of action, but appropriately focus it on the current location of the assets at issue. In this case, those assets transferred by law to Mrs. Kwon upon Mr. Kwon's death intestate and the family's election to not go through probate. *See above*, I.A. Allowing substitution is consistent with the purpose of the rule "to allow the action to continue unabated."

4

discretion if made long after the death . . . and circumstances have arisen rendering it unfair to allow substitution.").

*Torres v. Bayer Corp.* (*In re Baycol Prods. Litig.*), 616 F.3d 778, 783 (8th Cir. 2010). In fact, discretion, when exercised, is generally used to allow extensions of the 90 day filing window, not to leave a party with no recourse. *Jackson v. Nat'l Sec. Techs., LLC*, No. 2:11-cv-02090-JAD-VCF, 2013 U.S. Dist. LEXIS 126737, at *6 (D. Nev. Aug. 14, 2013). There has been no delay whatsoever here. Plaintiff's Motion should be granted because it is timely, Mrs. Kwon is the successor in interest to her deceased husband, and there is no statutory bar to the continuation of these claims following the death of Mr. Kwon—in fact there is a presumption that they survive.

Appeals to compassion on the grounds that Mrs. Kwon is elderly, ill, or did not herself engage in the business do not meaningfully distinguish Mrs. Kwon from the other parties in this case, all of whom are also elderly, ill, and, in the case of Casa Nido's members, mostly inherited their interest in the Site and never used or disposed of dry cleaning chemicals. *See* Pizioli Declaration, filed herewith, ¶¶ 2-6. In fact, Mr. Kwon's lease for the Site obligated Mr. Kwon to "maintain the premises in good and safe condition" including plumbing, to be responsible for repairs, and to indemnify Casa Nido "for any damage or injury . . . to any property, occurring on the premises. . . and . . . to indemnify and hold [Casa Nido] harmless from any claims and damages and in no way accountable no matter how caused." *Id.* at ¶7. To date, the largely elderly members of the Casa Nido Partnership have expended in excess of $1 millionin direct costs to address the environmental hazards created by previous owners of the dry-cleaning businesses at the Site, including Mr. Kwon. *Id.* at ¶4.

Contrary to the assertions made by counsel for Mrs. Kwon, it is necessary that Mrs. Kwon be appointed as successor in interest in this action for several reasons. First, it is necessary for a successor in interest to be appointed to effectuate any potential resolution of this case as to claims against Mr. Kwon. For example, resolution as to claims involving Mr. Kwon may involve an assignment of interests. Casa Nido loses the ability to effectuate any such resolution if a successor in interest is not appointed.

Second, as described previously in the Declaration of Richard A. Brody (ECF No. 211-1),

the only known potential insurer for Mr. Kwon in which Casa Nido is named as an Additional

Insured has denied two separate tenders from Casa Nido's counsel (ECF No. 211-1, pp. 2:26-3:6).

Other insurance has denied tender in this case citing lack of *litigation*. *See* Doughty Declaration,

filed herewith, ¶ 2. Litigation against Kwon may be necessary to unlock insurance funds.

Third, even were an action available under California Probate Code §550, as Mrs. Kwon

suggests, its remedy "…is cumulative and may be pursued concurrently with other remedies." Cal.

Probate Code §550(b). No insurance has yet been identified, and so Probate Code §550 provides no

present remedy to Casa Nido. Even if insurance is identified in the future, Section 550 is limited to

the value of the policy, which the cleanup costs attributable to Mr. Kwon may exceed. While Mrs.

Kwon has now declared she *presently* has no assets, that does not establish that Mr. Kwon did not

transfer his separate or community property in voidable transfers. *See* Cal. Civ. Code § 3439 et seq.

## II.   The Fact of DTSC's Declination to Pursue Mr. Kwon's Estate Supports Granting Casa Nido's Motion

Casa Nido does not object to admission of the March 6, 2024, Department of Toxic

Substance Control's ("DTSC") Letter for the purpose of showing that DTSC has exercised its

discretion to not pursue the assets of Mr. Kwon's estate at this time. [3] That fact--that DTSC is not

now and may never elect to pursue the estate of Mr. Kwon--cuts in favor of granting Casa Nido's

Motion. If Kwon's estate is not obligated to contribute by DTSC order, then the only way that

Kwon's estate (or insurance) will pay an equitable share of the clean up of the Site will be through

this litigation. If insurance for Mr. Kwon is identified, litigation may be necessary to unlock those

assets. As noted above, several insurers have already denied coverage absent *litigation*. Since DTSC

is expressing no present intention to name Mr. Kwon's estate in its order, much less sue the estate

for non-compliance, *this litigation* may be the only avenue to trigger coverage. Doughty Decl. ¶ 2.

---

[3] Casa Nido objects to this Court accepting as truth any inference in the March 6, 2024, DTSC letter regarding Mr. Kwon's assets as hearsay and hearsay within hearsay, and as lacking foundation. DTSC's information regarding Mr. Kwon's assets was derived from material submitted to the agency by Casa Nido and Mrs. O'Hanks, and is not complete as discovery is on-going. Doughty Decl. ¶ 4. DTSC's decision not to pursue the estate of Mr. Kwon at this time does not reflect any conclusion regarding his liability at the Site. Casa Nido has documented that the dry-cleaning business generated toxic solvent wastes during the time that Mr. Kwon operated a dry-cleaning business at the Site. (ECF No. 211-1, Declaration of Richard A. Brody, pg. 2:15-25).

III.     **CONCLUSION**

For the reasons set forth herein and in Casa Nido's prior briefing (*see* n. 1, above), Casa Nido's Motion to Substitute Successor in Interest for Deceased Defendant Jae Kwon should be granted.


DATED: March 19, 2024

GREENFIRE LAW, PC


By: _/s/ *Rachel S. Doughty*___
Rachel S. Doughty
Attorney for Casa Nido