Rachel S. Doughty, Cal. Bar No. 255904
Richard Brody, Cal. Bar No. 100379
Jennifer Rae Lovko, Cal. Bar No. 208855
GREENFIRE LAW
P.O. Box 8055
Berkeley, CA 94707
Telephone: (510) 900-9502
Facsimile: (510) 900-9502
rdoughty@greenfirelaw.com
rbrody@greenfirelaw.com
rlovko@greenfirelaw.com

*Attorneys for Plaintiff/Counter-Defendant*
*Casa Nido*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**UNITED STATES DISTRICT COURT**

| | |
|---|---|
| CASA NIDO PARTNERSHIP, a California Partnership, | Case No. 20-cv-07923-EMC |
| Plaintiff, | |
| v. | **DECLARATION OF RON PIZIALI IN SUPPORT OF PLAINTIFF'S REPLY RE MOTION TO SUBSTITUTE** |
| CATHERINE O'HANKS; JAE KWON aka JAY KWON aka JAY KWON SHIK aka JAY SHIK KWON; LYNNE MARIE GARIBOTTI aka LYNNE GARIBOTTI BLOWER aka LYNNE G. BLOWER, as trustee the Claudio Garibotti Trust, dated May 1, 1952; and SENTRY INSURANCE COMPANY; SANDRA KATE VERNELL (f/k/a SANDRA KATE ANDERSON) and EARL RAY ANDERSON, | DATE: March 21, 2024 TIME: 1:30 p.m. COURTROOM: 5 JUDGE: Hon. Edward M. Chen Complaint Filed: November 10, 2020 |
| Defendant. | |
| CATHERINE O'HANKS, | |
| Counter-Claimant, | |
| v. | |
| JAE KWON aka JAY KWON aka JAY KWON SHIK aka JAY SHIK KWON; LYNNE MARIE GARIBOTTI aka LYNNE GARIBOTTI BLOWER aka LYNNE G. BLOWER as trustee the Claudio Garibotti Trust dated May 1, 1952; and SENTRY INSURANCE COMPANY, | |
| Counter-Defendants. | |

I, Ronald Piziali do declare and state:

1.      If sworn as a witness, I could and would testify to my personal knowledge of the facts set forth herein.

2.      I am a partner of Casa Nido Partnership, which owns 12210 San Pablo Avenue, in Richmond California, the site where Omo's Fabricare Cleaners was located (the "**Site**").

3.      I inherited my interest in Casa Nido Partnership from my mother, who invested in various small real estate holdings with a group of friends. For me, due to the contamination of the Site, my inherited "investment" in Casa Nido has been a financial and time burden.

4.      No member of Casa Nido Partnership ever operated a drycleaner or used dry cleaning chemicals at the Site. Despite the lack of any sort of direct responsibility for the contamination of the Site, Casa Nido Partnership has spent in excess of a $1 million on direct cleanup and regulatory costs related to contamination of the Site with dry cleaning chemicals.

5.      Neither Mr. Kwon nor his estate has ever contributed any effort or money towards the cleanup of the Site. The same is true for the other former owners of the Site and operators of Omo's Cleaners. Only Casa Nido has paid to clean up the contamination caused by Omo's.

6.      The partners of Casa Nido are mostly elderly and infirm. Many inherited their interests from other family members (parents or spouses), including after Omo's had ceased to exist. I am 78 years old. In addition to dealing with the Site, I am the primary caregiver for my wife, who is suffering from dementia and requires around-the-clock care. I have been in the hospital for serious ailments myself over the last twelve months 5 times, including one stay of 21 days, including 8 days in the ICU. Another of our members, who is in her late seventies, has cancer. I know other members have similarly serious health issues.

7.      Attached as **Exhibit A** is what I believe to be a true and correct copy of the lease agreement between Casa Nido Partnership and Jae Kwon. The highlighted sections pertain to the liability and responsibility that Mr. Kwon accepted as a term of his lease, including an obligation to indemnify Casa Nido Partnership.

I make this declaration under penalty of perjury under the laws of the United States of

DECLARATION OF RON PIZIALI IN SUPPORT OF PLAINTIFF'S REPLY RE MOTION TO SUBSTITUTE—20-CV-07923-EMC

America, executed this 19th day of March, 2024 in Saratoga, California.

GREENFIRE LAW, PC

By:  _/s/ Ron Piziali_
RON PIZIALI


Under N.D. Cal. Local Rule 5-1(i)(3), in lieu of a signature, I attest that I obtained approval, on March 19, 2024, from Ron Piziali for the filing of this declaration.


_/s/ Rachel Doughty_
Rachel Doughty
ATTORNEY FOR PLAINTIFFS

DECLARATION OF RON PIZIALI IN SUPPORT OF PLAINTIFF'S REPLY RE MOTION TO SUBSTITUTE—20-CV-07923-EMC

# Exhibit A

*Ono's Cleaners*

## Commercial Lease

1. **PARTIES:** The parties to this Agreement are Casa Nido , herein called Owner, and Jae Kwon, herein called Tenant.

2. **PREMISES:** Owner hereby rents to Tenant and Tenant hereby hires from Owner the premises situated in the City of Richmond, County of Contra Costa , State of California, commonly known as 12210 San Pablo Avenue, Richmond,California 94805:
   legal description: :Lot 28 & 29 and part of Lot 24 Block 5 Richmond Traffic Center: assigned parking: 6 spaces north of premises & 1/2 of those spaces located on Lot 24: Tax Assessor's Parcel # 519-029-026 and #519-029-025: subject to the terms, conditions and covenants set out herein, which are a material part of the consideration for this Agreement.

3. **TERM:** This Agreement shall commence on July 1, 1997 and expire on June 30, 2007. Thereaafter this Agreement will continue on a month-month basis until either party shall terminate the tenancy by giving of written notice to the other of intention to terminate at least 60 days prior to the date of termination.

4. **Rent:** The total rent for the premises shall be Two Hundred Twenty Eight Thousand Dollars and No/100 Dollars. ($228,000.00)., payable as follows:

   a) $ 1700.00 per month, due and payable, in advance, on the first day of each month, commencing July 1, 1997 and ending on June 30, 1999:
   b) $ 1800.00  per month, due and payable, in advance, on the first day of each month, commencing July 1, 1999 and ending on June 30, 2001:
   c) $ 1900.00 per month, due and payable. in advance, on the first day of each month, commencing July 1, 2001 and ending on June 30, 2003:
   d) $ 2000.00 per month, due and payable, in advance, on the first day of each month, commencing July 1, 2003 and ending on June 30, 2005:
   e) $ 2100.00 per month, due and payable. in advance, on the first day of each month, commencing July 1, 2005 and ending on June 30, 2007:
   f) The rent shall be paid to : Casa Nido  10470 San Pablo Avenue El Cerrito, Ca 94530

5. **USE:** The premises are to be used for the operation of a dry cleaning plant and its related laundry & tailoring services and for the operation of a real estate office, and for no other purpose, without prior written consent on of Owner.

6. **USES PROHIBITED:** Tenant shall not use any portion of the  premises for purposes other than those specified herein above, and no use shall be made or permitted to be made upon the premises, nor acts done, which will increase the existing rate of insurance upon the property, or cause cancellation of insurance policies covering said property. Tenant shall not conduct or permit any sale by auction on the premises.

7. **ASSIGNMENT AND SUBLETTING:** Tenant shall not assign this agreement without the prior written consent of the Owner, which shall not be unreasonable withheld. Tenant shall have the right to sublet a portion of the premises, upon written approval by the Owner of the use for the sublet space.

8. **ORDINANCES AND STATUTES:** Tenant shall comply with all statutes, ordinances and requirements of all municipal, state and federal authorities now in force, or which may hereafter be in force, pertaining to the premises, occasioned  by or affecting the use thereof by Tenant. The commencement or pendency of any state or federal court abatement proceeding affecting the use of the premises shall, at the option of the Owner, be deemed a breach hereof.

COMMERCIAL LEASE                                          2

9.  **MAINTENANCE. REPAIRS. ALTERATIONS**:  Tenant acknowledges that the premises are in good order and repair, unless otherwise indicated herein.  Tenant shall, at his own expense and at all times, maintain the premises in good and safe condition, including plate glass, electrical wiring, plumbing and heating installations and any other system or equipment upon the premises and shall surrender the same, at termination hereof, in as good condition as received, normal wear and tear excepted.  Tenant shall be responsible for all repairs required, excepting the roof, exterior walls, structural foundations, and sump pumps, which shall be maintained by Owner.  Tenant shall also maintain in good condition such portions adjacent to the premises, such as sidewalks, driveways and shrubbery, which would otherwise be required to be maintained by Owner.

No improvement or alteration of the premises shall be made without the prior written consent of the Owner.  Prior to the commencement of any substantial repair, improvement, or alteration, Tenant shall give Owner at least two (2) days written notice in order that Owner may post appropriate notices to avoid any liability for liens.

10.  **ENTRY AND INSPECTION**:  Tenant shall permit Owner or Owner's agents to enter upon the premises at reasonable times (regular business hours shall be deemed reasonable times) and upon reasonable notice (24 hours shall be deemed reasonable advance notice), for the purpose of inspecting the same, and will permit Owner at any time within sixty (60) days prior to the expiration of this agreement, to place upon the premises any usual "To Let" or "For Lease" signs, and permit persons desiring to agreement the same to inspect the premises thereafter.

11.  **INDEMNIFICATION OF OWNER**:  Owner shall not be liable for any damage or injury to Tenant, or any other person, or to any property, occurring on the premises or any part thereof, and Tenant agrees to indemnify and hold Owner harmless from any claims for damages and in no way accountable no matter how caused.

12.  **POSSESSION**:  Tenant presently has possession and has been in possession of the premises since  August 1990.

13.  **INSURANCE**:  Tenant, at his expense, shall maintain plate glass and public liability insurance including bodily injury and property damage insuring Tenant and Owner and with minimum coverage as follows:

|  | |
|---|---|
| Liability and Medical Expenses | $ 500,000.00; |
| Medical Expenses per Person | $   5,000.00; |
| Fire Legal Liability per Fire or Explosion | $ 100,000.00. |

To the maximum extent permitted by insurance policies which may be owned by Owner or Tenant, Tenant and Owner, for the benefit of each other, waive any and all rights of subrogation which might otherwise exist.

14.  **UTILITIES**:  Tenant agrees that he shall be responsible for the payment of all utilities, including gas, electricity, water, heat, garbage and any other services delivered to the premises.

Property Address:_____12210 San Pablo Avenue. Richmond. California  94805_____

Casa Nido007285

<u>COMMERCIAL LEASE</u>                                                                      3

15.  <u>SIGNS</u>:  Owner reserves the exclusive right to the roof, side and rear walls of the premises.  Tenant shall not construct any projecting sign or awning without the prior written consent of Owner which consent shall not be unreasonably withheld.

16.  <u>ABANDONMENT</u>:  Tenant shall not vacate or abandon the premises prior to the expiration or termination of this Agreement.  If Tenant does abandon or vacate the premises, or be dispossessed by process of law, or otherwise, any personal property belonging to Tenant left upon the premises shall be deemed to be abandoned, at the option of the Owner and Owner shall have the right of reentry pursuant to the laws of the State of California.

17.  <u>CONDEMNATION</u>:  If any part of the premises shall be taken or condemned for public use, and a part thereof remains which is susceptible of occupation hereunder, this Agreement shall, as to the part taken, terminate as of the date the condemnor acquires possession, and thereafter Tenant shall be required to pay such portion of the rent for the remaining term as the value of the premises remaining bears to the total value of the premises at the date of condemnation; provided however, that Lessor may at his option, terminate this agreement as of the date the condemnor acquires possession.  In the event that the demised premises are condemned in whole, or that such portion is condemned that the remainder is not susceptible for use hereunder, this agreement shall terminate upon the date upon which the condemnor acquires possession.  All sums which may be payable on account of any condemnation shall belong to the Owner, and Tenant shall not be entitled to any part thereof, provided however, that Tenant shall be entitled to retain any amount awarded to him for his trade fixtures or moving expenses.

18.  <u>TRADE FIXTURES</u>:  Any and all improvements made to the premises during the term hereof shall belong to the Owner, except trade fixtures of the Tenant.  Tenant may, upon termination hereof, remove all his trade fixtures, but shall repair or pay for all repairs necessary for damages to the premises occasioned by removal.

19.  <u>DESTRUCTION OF PREMISES</u>:  In the event of a partial destruction of the premises during the term hereof, from any cause, Owner shall forthwith repair the same, provided that such repairs can be made <u>within sixty (60) days</u> under existing governmental laws and regulations, but such partial destruction shall not terminate this Agreement, except that Tenant shall be entitled to a proportionate reduction of rent while such repairs are being made, based upon the extent to which the making of such repairs shall interfere with the business of Tenant on the premises.  If such repairs cannot be made <u>within said sixty (60) days</u>, Owner, at his option, may make the same within a reasonable time, this Agreement continuing in effect with the rent proportionately abated as aforesaid, and in the event that Owner shall not elect to make such repairs which cannot be made <u>within sixty (60) days</u>, this Agreement may be terminated at the option of either party.

In the event that the building in which the demised premises may be situated is destroyed to an extent of not less than one-third of the replacement costs thereof, Owner may elect to terminate this Agreement whether the demised premises be injured or not.  A total destruction of the building in which the premises may be situated shall terminate this Agreement.

Property Address:_____12210 San Pablo Avenue, Richmond, California  94805_____

Casa Nido007286

**OMO'S FABRICARE CLEANERS**
12210 SAN PABLO AVE (510) 237-9723
RICHMOND, CA 94805

2694

11-35-1210

DATE JULY 3 2003

PAY TO THE ORDER OF CASA NIDO & JAMES REALTY                    $ 2000 00/100

two-thousand 00/100                                             DOLLARS

**Bank of America.**
Mira Vista
4300 MacDonald Ave
Richmond CA
510 649.9600

FOR_____

⑈002694⑈ ⑆121000358⑈ 04787⑈04481⑈

Casa Nido007287