UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASA NIDO PARTNERSHIP,<br><br>    Plaintiffs,<br><br>    v.<br><br>JAE KWON, et al.,<br><br>    Defendants. | Case No. 20-cv-07923-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE A SUCCESSOR IN INTEREST**<br><br>Docket No. 209 |

## I.    INTRODUCTION AND BACKGROUND

A.    Factual Background

Casa Nido is a partnership that has owned a 5,200 square foot parcel located at 12210 San Pablo Avenue, Richmond, California since 1976 (the "Property"). Casa Nido leased the Property to dry-cleaning operations from 1960 to 2015.

From around 1960 to 1992, Catherine O'Hanks operated a commercial dry-cleaning facility on the Property. Docket No. 211-1 at ¶ 4 (Brody Decl.). Then, following a lease assignment, from 1992 to 2007 Jae Kwon took over the facility. *Id.* at ¶ 5. At some point throughout that time, the dry-cleaning operations generated halogenated solvent wastes, including tetrachloroethene ("PCE") and trichloroethene (TCE). *Id.* at ¶ 3. Documentation indicates PCE usage on the Property during the years Jae Kwon operated the dry-cleaning facility. Docket No. 168-1 at 4-5 (Clark-Riddell Decl.). The dry-cleaning facility building was demolished in July 2017, and the Property remains undeveloped. *Id.* at ¶ 2.

Jae Kwon died in August 2023. Docket No. 221-1 at ¶ 1 (Ji Beom Kwon Decl.). He has a surviving spouse, Ji Beom Kwon ("Ms. Kwon"), and daughter Eunice Kwon. The undisputed evidence at this juncture establishes that Mr. Kwon died with no assets in his estate, and probate

1  was not opened. *Id.* at ¶ 5. Ms. Kwon submitted a declaration under oath that she has no assets
2  other than her clothes and personal items, meaning that she did not inherit any assets from Mr.
3  Kwon. *Id.*
4    Relevant to this case are the insurance policies issued to Casa Nido, Ms. O'Hanks, and Mr.
5  Kwon. Ms. O'Hanks had multiple insurance policies during her operation of the dry-cleaning
6  facility. Plaintiff states that Mr. Kwon would have also had similar insurance coverage since he
7  owned and operated the dry-cleaning facility pursuant to the lease assignment from O'Hanks;
8  however, due to Kwon's circumstances surrounding his death, they claim that no insurance
9  information has been obtained. Brody Decl. at ¶ 7. But it appears that Plaintiff has the identities
10 of *potential* insurers and insurance policies. Mr. Kwon previously identified all insurance
11 companies that may have issued an insurance policy to him, and all policies that may have covered
12 the business, in his interrogatory responses. Ji Beom Kwon Decl. ¶ 4. Ms. Kwon believes that
13 Mr. Kwon had insurance for the drycleaning business, though has been unable to find the specific
14 insurer or policy. *Id.* at ¶ 3.

15 II.  Procedural Background

16   Casa Nido previously filed a motion for summary judgment against Sentry Insurance
17 Company which insured Ms. O'Hanks; the Court granted the motion in part. Docket No. 196.
18 Casa Nido filed its Third Amended Complaint against five remaining individual Defendants:
19 Catherine O'Hanks, Sandra Kate Vernell, Earl Ray Anderson, Lynne Marie Garibotti, and the
20 Estate of Jae Kwon. Docket No. 147. The claims of relief against all Defendants are:

1. The Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA") (42 U.S.C. §9607(a))
2. Carpenter-Presley-Tanner Hazardous Substance Act ("HSAA") (Cal. Health & Safety Code)
3. Innocent Landowner (Cal. Health & Safety Code )
4. Water Pollution (Porter-Cologne Act) (Cal. Water Code §§ 13304, 13350)
5. Continuing Public Nuisance (Cal. Civ. Code §§ 1021.5)
6. Per Se Nuisance (Cal. Civ. Code § 3491)
7. Negligence
8. Negligence Per Se

Plaintiff will also file a second motion for summary judgment against the remaining five

2

Defendants. *See* Docket No. 219.

Currently before the Court is Plaintiff's motion to substitute a successor in interest. Docket No. 209. Plaintiff moves to substitute for the decedent Ms. Kwon, and in the alternative, Eunice Kwon, as the successor in interest. *Id.*

### III.     ANALYSIS

A.     Rule 25(a) Substitution of Parties

Rule 25(a)(1) specifically provides for substitution of parties in the event of death:

> If a party dies and the claim is not extinguished, the court *may* order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1)(emphasis added). The language of Rule 25(a), as emphasized above, is discretionary. As discussed below, the Court finds substitution is not warranted here.

The Court must first determine whether the claims herein survive Mr. Kwon's death (are they automatically extinguished upon his death) and if they do survive, against whom can the claims be asserted.

1.     Survival Action

Rule 25(a) is a procedural rule only and does not substantively define or control whether an action survives the death of a party. *First Idaho Corp. v. Davis,* 867 F.2d 1241, 1242–1243 (9th Cir. 1989). Generally, state substantive law governs whether a state law claim survives the death of party. *In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig.,* 244 F.R.D. 558, 558–559 (N.D. Cal. 2007). California Civil Procedure Code § 377.20 states the presumption that a claim survives the death of a party:

> Except as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period.

Cal. Civ. Pro. Code § 377.20.[1] In other words, the cause of action does not terminate automatically

---

[1] Neither party addresses the statute of limitations as a defense, so the Court assumes such argument waived. *See* Fed. R. Civ. Pro. 8 (listing statute of limitations as an affirmative defense that is waived if not pled in the answer).

3

1  upon the death of the defendant unless otherwise provided by statute. Plaintiffs misinterpret
2  Section 377.20 as a successor liability statute, but it is not. While Section 377.20 states that a
3  cause of action may survive against a decedent defendant, it does not determine against whom a
4  claim may be asserted upon the death, i.e. who can be substituted as the "proper party." That is
5  distinct and separate question from survivorship of a claim. It is addressed in the following
6  section.

### 2. Substitution of the Proper Party

Uunder Rule 25(a), the Court looks to state substantive law of Cal. Civ. Pro. Code § 377.41 to determine against whom a claim may be asserted upon the death of the defendant, i.e., who can be substituted as the "proper party." Section 377.41 permits successor liability against either a personal representative of the decedent's estate or an individual successor-in-interest, and distinguishes between them:

> On motion, the court shall allow a pending action or proceeding against the decedent that does not abate to be continued against the decedent's personal representative or, *to the extent provided by statute, against the decedent's successor in interest,* except that the court may not permit an action or proceeding to be continued against the personal representative unless proof of compliance with Part 4 (commencing with Section 9000) of Division 7 of the Probate Code governing creditor claims is first made.

Cal. Civ. Proc. Code § 377.41 (emphasis added). There is thus a presumption that the matter can continue against the estate of the decedent (whether it is, for example, a trust of the decedent or the probated or intestate estate of the decedent). It is a different matter when the claim is asserted against the successor in interest, who is not a representative of the estate, but a successor such as an heir. In that instance, the claim may be asserted against a successor in interest only "to the extent provided by statute." *Id.*

Here, the surviving spouse Ms. Kwon cannot have successor liability as the decedent's personal representative under Section 377.41 because there is no estate of the decedent. *See* Docket No. 221-1 at ¶ 5 (Ji Beom Kwon Decl.). Further, Plaintiff is trying to sue Ms. Kwon personally as a successor, not as a representative of the decedent's estate. Therefore, Ms. Kwon can only have successor liability as the successor in interest, as an heir, "to the extent provided by

4

statute." *See* Cal. Civ. Proc. Code § 377.41.

However Plaintiff has failed to identify any statutes permitting their causes of action to be continued against a successor in interest under Section 377.41. *See Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998)("The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and the plaintiff meets that state's requirements for bringing a survival action.").

### 3. CERCLA

Although Section 377.41 applies to state law claims and not to federal claims such as CERCLA, the same result obtains. Plaintiffs have pointed to federal law that applies a different analysis – that liability of an individual successor in interest does not lie absent some statutory authorization. Nothing in CERCLA provides such authorization.

Congress enacted CERCLA in 1980 "in response to the serious environmental and health risks posed by industrial pollution." *Burlington N. & Santa Fe Ry. Co. v. United States,* 556 U.S. 599, 602 (2009). CERCLA provides for the "liability, compensation, cleanup, and emergency response for hazardous substances released into the environment and the cleanup of inactive hazardous waste disposal sites." *Carson Harbor Vill., Ltd. v. Cnty. of Los Angeles,* 433 F.3d 1260, 1265 (9th Cir. 2006). Under CERCLA, individuals may be held liable as: "any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of," among others. 42 U.S.C.A. § 9607(a)(2). A successor in interest who is not the owner of the property or operator of the business from which the toxic substance emanated, or any other person identified under 42 U.S.C.A. § 9607(a), is not liable under the statute.

In contrast to an individual heir, trusts that own or have owned property may, by definition, be liable as owners under 42 U.S.C.A. § 9607(a)(1) or (2) for cleanup costs if the property became contaminated with hazardous substances. *See Quadion Corp. v. Mache,* 738 F. Supp. 270, 20 Envtl. L. Rep. 21333 (N.D. Ill. 1990) (a trust, the 70% shareholder of a previous facility owner, could be liable under CERCLA as owner); *Environmental Litigation (Cal. Civ. Prac.)* § 3:41 (2023). But a trust as property owner is analogous to a personal representative liable

for claims under Cal. Civ. Proc. Code § 377.41; this is distinct from a mere successor in interest. In *Cal. Dep't of Toxic Substances Control v. Dee M. Mclemore Tr.*, 2019 U.S. Dist. LEXIS 190340 (N.D. Cal. 2019), Judge Alsup of this court observed this distinction, finding that the surviving spouse had successor liability to the plaintiff under CERCLA as a trustee of the decedent's trust, but not as an individual beneficiary. *Id.* at *3-4.

To be sure, there are potential bases of successor liability in the corporate context. *See United States v. Chem–Dyne Corp.,* 572 F.Supp. 802, 808 (S.D. Ohio 1983) ("It is not surprising that, as a hastily conceived and briefly debated piece of legislation CERCLA failed to address many important issues, including corporate successor liability. The meager legislative history available indicates that Congress expected the courts to develop a federal common law to supplement the statute."). As a general proposition, successors through merger of consolidation are liable under CERCLA for the acts of their predecessors, a result not surprising under general rules of corporate successor liability. *Smith Land & Imp. Corp. v. Celotex Corp.,* 851 F.2d 86, 91 (3d Cir. 1988). But these rules of corporate successor liability have no application to individual heirs.

Here, unlike the surviving spouse's role as a trustee in *Cal. Dep't of Toxic Substances Control,* Ms. Kwon is not a trustee of the decedent's trust or a personal representative of the decedent's estate. She cannot have successor liability as a personal representative under Section 377.41 or as a trustee of the estate under CERCLA. But similar to the surviving spouse's role as an individual beneficiary, here, Ms. Kwon has no liability as an individual successor-in-interest of the decedent. The CERCLA statute does not expressly provide for, nor has Plaintiff pointed to any case law construing it to provide personal liability of an individual successor-in-interest.

    4.    <u>Remaining Causes of Action</u>

Nor does any other statute pertaining to the state law claims asserted herein (HSAA, Porter-Cologne Act, Nuisance, Negligence) authorize successor liability against a successor in interest.

B.    <u>Probate Code Section 550</u>

Defendants correctly assert that California Probate Code Section 550 permits Plaintiff to

1    continue with this action without substituting Ms. Kwon as a Defendant.  Under Sections 550,
2    when a creditor's claim is based on a liability of the decedent for which the decedent was covered
3    by insurance, the creditor may pursue an action against the insurer. Cal. Prob. Code § 550.
4    　　　　Here, Plaintiff has previously stated they intend to identify and collect on any insurance
5    coverage that the decedent may have obtained.  Docket No. 211-1, ¶¶ 5-7.  Plaintiff can still
6    pursue an action against a potential insurer of the decedent under Section 550 without naming Ms.
7    Kwon.  And at the hearing, the Court also advised Plaintiff of their right to take a third-party
8    deposition of Ji Beom Kwon in pursuit of an action against an insurer.

C.    Conclusion

　　　　There is no legal basis for substituting Ms. Kwon as a defendant on the basis of her being an heir to the decedent under either California law or CERCLA.  Even if the law could be read as somehow permitting successor liability, the Court exercises its discretion to deny the motion under Rule 25(a).  Ms. Kwon has stated under oath that neither the decedent nor her have any assets and that they have exercised due diligence to uncover any applicable insurance policy.  Plaintiff has not proffered any evidence suggesting this declaration is false in any way, and have failed to show how substituting Ms. Kwon into the action, especially in light of Plaintiff's rights under Section 550, would advance the litigation or materially further its interest.

## IV.　CONCLUSION

　　　　The Court DENIES Plaintiff's motion to substitute Ji Beom Kwon or, in the alternative, Eunice Kwon, for the decedent as defendant in this suit.

　　　　This Order disposes of Docket No. 209.

**IT IS SO ORDERED**.

Dated: April 2, 2024

_____
EDWARD M. CHEN
United States District Judge