Rachel S. Doughty (CBN 255904)
Jennifer Rae Lovko (CBN 208855)
Richard A. Brody (CBN 100379)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fx: (510) 900-9502
rdoughty@greenfirelaw.com
rlovko@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NOTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASA NIDO PARTNERHSIP, a California Partnership,<br><br>Plaintiff,<br><br>v.<br><br>CATHERINE O'HANKS; SENTRY INSURANCE COMPANY; SANDRA KATE VERNELL (f/k/a SANDRA KATE ANDERSON) and EARL RAY ANDERSON,<br><br>Defendants.<br><br>AND ALL RELATED COUNTER AND CROSS CLAIMS | Case No. 20-cv-07923-EMC<br><br>**DECLARATION OF RACHEL S. DOUGHTY**<br><br>Date:       August 22, 2024<br>Time:      1:30 p.m.<br>Judge:     Edward M. Chen<br>Courtroom.: 5 – 17th Floor<br><br>Complaint Filed: November 10, 2020 |

1

I, Rachel S. Doughty, do declare and state:

1. If sworn as a witness, I could and would testify to my personal knowledge of the facts set forth herein.

2. Casa Nido Partnership first contacted Defendant Catherine O'Hanks in August of 2018 in an attempt to resolve payment for past and future costs incurred as a result of PCE discharges and releases that occurred at 12210 San Pablo Avenue, Richmond, California (Site) during her ownership or operation of a drycleaning business at the Site.

3. Since 2018 and the subsequent filing of the current action, none of the Defendants or their insurers have committed themselves to any liability for past costs incurred by Plaintiff as a result of the discharge and release of PCE at the Site. O'HANKS also has not claimed inability to pay. However, the parties are actively negotiating coverage of future costs pursuant to direction given by Judge Joseph C. Spero, with reservation of right to argue ultimate liability and coverage.

4. In addition to discovery and cross-motions for summary judgment between Plaintiff and Defendant Sentry Insurance Company, the parties participated in mediation on October 18, 2022. It was wholly unsuccessful.

5. Included as Exhibit 1 of Plaintiff's Compendium of Exhibits is a true and correct copy of Plaintiff Casa Nido Partnership's First Set of Requests for Admission to Defendant Catherine O'Hanks.

6. Included as Exhibit 2 of Plaintiff's Compendium of Exhibits is a true and correct copy of Defendant Catherine O'Hanks' Objections and Responses to Plaintiff's Requests for Admission, Set One.

7. Included as Exhibit 3 of Plaintiff's Compendium of Exhibits is a true and correct copy of Plaintiff Casa Nido Partnership's Second Set of Special Interrogatories to Defendant Catherine O'Hanks.

8. Included as Exhibit 4 of Plaintiff's Compendium of Exhibits is a true and correct copy of Defendant Catherine O'Hanks' Objections and Responses to Plaintiff's Special Interrogatories, Set Two.

9. Included as Exhibit 5 of Plaintiff's Compendium of Exhibits is a true and correct

copy of photographs of the subject site produced by Defendant Catherine O'Hanks.

10. Included as Exhibit 6 of Plaintiff's Compendium of Exhibits is a true and correct copy of Plaintiff Casa Nido Partnership's First Set of Requests for Admission to Sandra Kate Vernell (F/K/A Sandra Kate Anderson).

11. Included as Exhibit 7 of Plaintiff's Compendium of Exhibits is a true and correct copy of Defendant Sandra Kate Vernell's Responses to Plaintiff Casa Nido Partnership's Request for Admission, Set One.

12. Included as Exhibit 8 of Plaintiff's Compendium of Exhibits is a true and correct copy of Plaintiff Casa Nido Partnership's First Set of Special Interrogatories to Defendant Sandra Kate Vernell (F/K/A Sandra Kate Anderson).

13. Included as Exhibit 9 of Plaintiff's Compendium of Exhibits is a true and correct copy of Defendant Sandra Kate Vernell's Responses to Plaintiff's Special Interrogatories, Set One.

14. Included as Exhibit 10 of Plaintiff's Compendium of Exhibits is a true and correct copy of Plaintiff Casa Nido Partnership's First Set of Requests for Production and Copying of Documents to Defendant Sandra Kate Vernell (F/K/A Sandra Kate Anderson).

15. Included as Exhibit 11 of Plaintiff's Compendium of Exhibits is a true and correct copy of Defendant Sandra Kate Vernell's Responses to Plaintiff's Requests for Production and Copying of Documents, Set One.

16. Included as Exhibit 12 of Plaintiff's Compendium of Exhibits is a true and correct copy of Plaintiff Casa Nido Partnership's Second Set of Requests for Admission to Sandra Kate Vernell (F/K/A Sandra Kate Anderson).

17. Included as Exhibit 13 of Plaintiff's Compendium of Exhibits is a true and correct copy of Defendant Sandra Kate Vernell's Responses to Plaintiff Casa Nido Partnership's Request for Admission, Set Two.

18. Included as Exhibit 14 of Plaintiff's Compendium of Exhibits is a true and correct copy of Plaintiff Casa Nido Partnership's Second Set of Special Interrogatories to Defendant Sandra Kate Vernell (F/K/A Sandra Kate Anderson).

19. Included as Exhibit 15 of Plaintiff's Compendium of Exhibits is a true and correct

copy of Defendant Sandra Kate Vernell's Responses to Plaintiff's Special Interrogatories, Set Two.

20. Included as Exhibit 16 of Plaintiff's Compendium of Exhibits is a true and correct copy of Plaintiff Casa Nido Partnership's First Set of Requests for Admission to Defendant Earl Ray Anderson.

21. Included as Exhibit 17 of Plaintiff's Compendium of Exhibits is a true and correct copy of Defendant Earl Ray Anderson's Response to Request for Admissions, Set One.

22. Included as Exhibit 18 of Plaintiff's Compendium of Exhibits is a true and correct copy of Plaintiff Casa Nido Partnership's First Set of Special Interrogatories to Defendant Earl Ray Anderson.

23. Included as Exhibit 19 of Plaintiff's Compendium of Exhibits is a true and correct copy of Defendant Earl Ray Anderson's Response to Special Interrogatories, Set One.

24. Included as Exhibit 20 of Plaintiff's Compendium of Exhibits is a true and correct copy of Plaintiff Casa Nido Partnership's First Set of Requests for Production and Copying of Documents to Defendant Earl Ray Anderson.

25. Included as Exhibit 21 of Plaintiff's Compendium of Exhibits is a true and correct copy of Defendant Earl Ray Anderson's Response to Request for Production of Documents, Set One.

26. Included as Exhibit 37 of Plaintiff's Compendium of Exhibits is a true and correct copy of Imminent and Substantial Endangerment Determination and Order and Remedial Action Order (Docket No. HSA-FY23/24-022, October 6, 2023).

27. Included as Exhibit 42 of Plaintiff's Compendium of Exhibits is a true and correct copy of a commercial lease provided to Plaintiff by Defendant Catherine O'Hanks.

//

//

//

28. DTSC and Plaintiff entered into a voluntary cleanup agreement (VCA) in May of 2017. A true and correct copy of the VCA is included as Exhibit 41 of Plaintiff's Compendium of Exhibits. The VCA was terminated in 2023 after Defendant Catherine O'Hanks would not commit to become an additional party to the VAC.

I make this declaration under penalty of perjury under the laws of the United States of America, executed this 16th day of May 2024, in Berkeley, California.

GREENFIRE LAW, PC

By: _____
RACHEL S. DOUGHTY