Rachel S. Doughty (CBN 255904)
Jennifer Rae Lovko (CBN 208855)
Richard A. Brody (CBN 100379)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fx: (510) 900-9502
rdoughty@greenfirelaw.com
rlovko@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NOTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASA NIDO PARTNERHSIP, a California Partnership,<br><br>Plaintiff,<br><br>v.<br><br>CATHERINE O'HANKS; SENTRY INSURANCE COMPANY; SANDRA KATE VERNELL (f/k/a SANDRA KATE ANDERSON) and EARL RAY ANDERSON,<br><br>Defendants.<br><br>AND ALL RELATED COUNTER AND CROSS CLAIMS. | Case No. 20-cv-07923-EMC<br><br>**[PROPOSED] ORDER** |

Plaintiff Casa Nido Partnership's Second Motion for Partial Summary Judgment came on regularly for hearing on August 22, 2024, at 1:30 p.m. before the Honorable Judge Edward M. Chen, in the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 5, 17th Floor, San Francisco, California.

This is an environmental cleanup case brought by Plaintiff Casa Nido Partnership (Casa Nido), which is the current owner of the building and property at 12210 San Pablo Avenue in Richmond, California (Site). Plaintiff brings this Motion against Defendants Catherine O'Hanks, Sandra Kate Vernell, and Earl Ray Anderson on Plaintiff's First, Second, Fourth, Fifth, Sixth, and Seventh Claims for Relief (ECF 147 (Third Amended Complaint).

Having considered the moving, opposition, and reply briefs, and following oral argument, and good cause appearing, IT IS HEREBY ORDERED that:

(1) Summary Judgment is GRANTED as to Plaintiff's First Claim for Relief based on the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). The Court finds that show that (a) the Site is a "facility," (b) Catherine O'Hanks, Sandra Kate Vernell, and Earl Ray Anderson each fall into one of the four classes of persons subject to liability, (c) a release or threatened release of a hazardous substance has occurred at the facility, and (d) the release or threatened release has caused the Plaintiff to incur necessary response costs consistent with the National Contingency Plan ("NCP") in the amount of $1,346,911.97. Allocation of liability for these past costs and anticipated future response costs is 10% to Casa Nido and 90% jointly and severally to Catherine O'Hanks, Sandra Kate Vernell, and Earl Ray Anderson.

(2) Summary Judgment is GRANTED as to Plaintiff's Second Claim for Relief based on the Carpenter-Presley-Tanner Hazardous Substance Account Act (HSAA). The Court finds that (a) the property is a "site," (b) Catherine O'Hanks, Sandra Kate Vernell, and Earl Ray Anderson each fall into one of the four classes of person subject to liability, (c) a release or threatened release of a hazardous substance has occurred at the facility, and (d) the release or threatened release has caused the Plaintiff to incur necessary response costs consistent with the NCP in the amount of $1,346,911.97. Allocation of liability for these past costs and anticipated future response costs is 10% to Casa Nido and 90%

jointly and severally to Catherine O'Hanks, Sandra Kate Vernell, and Earl Ray Anderson.

(3) Summary Judgment is GRANTED as to Plaintiff's Fourth Claim for Relief based on California Water Code §§ 13304 and 13350. The Court finds that (a) Catherine O'Hanks, Sandra Kate Vernell, and Earl Ray Anderson each caused or permitted the discharge of waste into state waters, and (b) each discharge created a condition of pollution or nuisance. A permanent injunction is issued requiring Defendants to investigate and remediate contamination on and around the Site.

(4) Summary Judgment is GRANTED as to Plaintiff's Fifth and Sixth Claims for Relief based on continuing public nuisance and nuisance per se. The Court finds that Defendants' discharge and release of hazardous substances, including but not limited to PCE, constitutes a continuing public nuisance within the meaning of California Civil Code, §§ 3479 and 3480. This contamination has resulted in special injury to the Plaintiff, resulting in the building on the Site being demolished and Plaintiff's use of the premises harmed. Further, because Defendants' actions violated California Water Code section 13000 *et seq.*, Defendants' discharge and release of hazardous substances constitutes nuisance per se. Defendants Catherine O'Hanks, Sandra Kate Vernell, and Earl Ray Anderson are jointly and severally liable to Plaintiff for all past and future damages, including the loss of rent associated with being unable to lease the Site. A permanent injunction is issued requiring Defendants to abate the continuing public nuisance.

(5) Summary Judgment is GRANTED as to Plaintiff's Seventh and Eighth Claims for Relief based on negligence and negligence per se. The Court finds that (a) Catherine O'Hanks, Sandra Kate Vernell, and Earl Ray Anderson each owed Plaintiff a duty of care as lessees of the property, (b) Catherine O'Hanks, Sandra Kate Vernell, and Earl Ray Anderson each breached the duty of care they owed Plaintiff, and (c) as a direct and proximate result of Defendants' breach of their duty of care, Plaintiff has suffered, and will continue to suffer harm because Plaintiff's property has been damaged, Plaintiff has been required to respond to the contamination. and the contamination has interfered with

Plaintiff's right to quiet enjoyment of the Property. Further, Defendants conduct violated 42 U.S.C. § 9607(a); Cal. Health & Saf. Code, §§ 25300, 25363; Cal. Water Code, §§ 13304, 13350; and Cal. Civil Code §§ 3479, 3480, and as such, they are per se negligent Defendants are jointly and severally liable to Plaintiff for all past and future damages, including the costs Plaintiff has incurred addressing the contamination and the loss of rent associated with being unable to lease the Site.

The Court further finds that Catherine O'Hanks, Sandra Kate Vernell, and Earl Ray Anderson are responsible and obligated to defend and indemnify Plaintiff from all third-party claims and liabilities (including but not limited to "agency oversight costs" charged by the Regional Water Board or the Department of Toxic Substances Control) related to PCE contamination or soil vapors that may have migrated onto adjacent or nearby properties.

DATE:

By: _____
The Honorable Edward M. Chen