DANIEL P. COSTA, SB# 110919
GURNEE MASON RUSHFORD
BONOTTO & FORESTIERE LLP
2240 Douglas Boulevard, Suite 150
Roseville, California 95661
Telephone: (916) 797-3100
Facsimile:  (916) 797-3131
Emails: dcosta@gurneelaw.com

Attorneys for Defendant/Cross-Defendant,
EARL RAY ANDERSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASA NIDO PARTNERSHIP, a California Partnership,<br><br>    Plaintiff,<br><br>vs.<br><br>CATHERINE O'HANKS; JAE KWON aka JAY WON aka JAY KWON SHIK aka JAY SHIK KWON; LYNNE MARIE GARIBOTTI aka LYNNE MARIE GARIBOTTI aka LYNNE GARIBOTTI BLOWER aka LYNNE G. BLOWER, individually, and as trustee the Claudio Garibotti Trust, dated May 1, 1952; SENTRY INSURANCE COMPANY, SANDRA KATE VERNELL (f/k/a SANDRA KATE ANDERSON and EARL RAY ANDERSON<br><br>    Defendants. | Case No.: 3:20-CV-7923-EMC<br><br>**DEFENDANT EARL RAY ANDERSON'S OPPOSITION TO CASA NIDO'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: August 22, 2024<br>Time: 1:30 p.m.<br>Judge: Edward M. Chen<br>Courtroom: 5 - 17th Floor<br><br>Third Amended Complaint filed: December 16, 2022 |

1

COMES NOW Defendant EARL RAY ANDERSON ("Anderson") and hereby submits his opposition to Plaintiff CASA NIDO PARTNERSHIPS ("Casa Nido") Second Motion for Partial Summary Judgment.

## I. INTRODUCTION

This matter involves recovery of costs to remediate real property located at 12210 San Pablo Avenue in Richmond, California ("Subject Property") as a result of contamination due to the release of hazardous wastes. Each of Casa Nido's causes of action relate in some way to recovery of such costs based on the premise that Anderson was an "owner" and/or "operator" of a Dry-Cleaning facility called "OMO's" at the Subject Property for a short period of time between 1977 and 1980. Casa Nido claims that during this short time period and on Anderson's supposed watch, hazardous materials were released at the Subject Property.

The evidence provided by Casa Nido as it relates to Anderson falls well short of establishing liability against Anderson since there remain triable issues of material fact with respect to Anderson's so-called involvement with the Subject Property, his status as an "owner" and/or "operator" of the Subject Property and whether any releases of hazardous materials actually occurred during this brief time period.

For these reasons, Casa Nido has failed to satisfy its burden that there exists no genuine dispute as to any material fact and that Casa Nido is entitled to Judgment as a matter of law. As such, Casa Nido's Motion should be denied in its entirety.

## II. APPLICABLE FEDERAL LEGAL STANDARDS REGARDING MOTIONS FOR SUMMARY JUDGMENT

Summary Judgment is appropriate when the moving party can "show that there is no genuine dispute as to any material fact and the movant is entitled to Judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "initially bears the burden of proving the absence of a genuine issue of material fact." In re *Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265(1986)). The moving party may accomplish this by

"citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials," or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party can not produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A),(B).

As indicated in Casa Nido's moving papers, as to a non-moving parties defense, the moving party "must produce either evidence negating an essential element of the non-moving parties claim or defense or show that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at Trial." *Nissan Fire and Marine Insurance Company v. Fritz Companies*, 210 F. 3d 1099, 1102 (9th Cir. 2000).

As set forth below, Casa Nido has failed to establish by competent admissible evidence that Anderson is liable to Casa Nido pursuant to each of Casa Nido's causes of action, since triable issues of material fact exist regarding Anderson's alleged involvement with the Subject Property and whether or not any releases of hazardous materials occurred during his alleged involvement with the Subject Property. At most, the evidence presented by Casa Nido is conclusionary without any evidentiary support.

### III. TRIABLE ISSUES OF MATERIAL FACT EXIST RELATING TO ANDERSONS STATUS AS AN ALLEGED OWNER AND/OR OPERATOR OF THE SUBJECT PROPERTY

Casa Nido alleges that between August of 1977 and June of 1980 Anderson was an "owner" and/or "operator" of the OMO's Dry-Cleaning facility located on the Subject Property. This is based on the Declaration of Anderson's ex-wife Co-Defendant SANDRA KATE VERNELL ("Vernell") (See Declaration of Vernell) and a purported "Sales Agreement" dated July 30, 1977. (See Exhibit 12 of Plaintiff's Compendium of Exhibits).

Anderson disputes these facts and claims that he was neither an "owner" and/or "operator" of the Subject Property at any time. (See Exhibits 16, 17, 18, and 19 of Casa

Nido's Compendium of Exhibits). As such, there exist triable issues of material fact with respect to these issues.

As clearly stated in the Declaration of Vernell, the subject of ownership is a matter of dispute and was hotly contested back in 1979-1980. While it is true that Anderson and Vernell did execute a Sales Agreement to purchase the Dry-Cleaning facility located at the Subject Property in 1977, this Agreement was never completed due to non-performance and according to Court Orders issued during this relevant time period, possession of the facility was ultimately granted back to the sellers Co-Defendant O'Hanks and her late husband, Roy O'Hanks. (See Exhibit 12 of Casa Nido's Compendium of Exhibits).

Furthermore, Anderson had no personal involvement in operating the Dry-Cleaning facility at the Subject Property. This was handled by Vernell as indicated in her Declaration, first as an employee, then as a manager-trainee, and then as a manager of the Dry-Cleaning business at the Subject Property. There is simply no evidence whatsoever that Anderson ever "operated" the Dry-Cleaning business. This is simply a conclusion without any supporting facts. (See Anderon's Responses to Special Interrogatories which are set forth in Casa Nido's Compendium of Exhibits as Exhibit 19).

In light of the above, triable issues of material fact exist with respect to the alleged "ownership" and/or "operation" of the Dry-Cleaning business on the Subject Property. As such, Casa Nido's Second Motion for Partial Summary Judgment should be denied in its entirety.

### IV. CASA NIDO HAS FAILED TO PROVIDE ANY EVIDENCE TO ESTABLISH THAT A RELEASE OF HAZARDOUS MATERIALS OCCURRED AT THE SUBJECT PROPERTY DURING THE PERIOD OF TIME THAT VERNELL AND/OR ANDERSON ALLEGEDLY OWNED AND/OR OPERATED THE DRY-CLEANING BUSINESS

Absent from Casa Nido's Memorandum of Points of Authorities in Support of its Second Motion for Summary Judgment is any evidence establishing that a "release"

occurred at the Subject Property during the very brief time period when Anderson and/or Vernell allegedly were involved with the Subject Property.

Although Vernell readily admits that she was involved with "operating" the Dry-Cleaning business during this time period, there is no evidence that any releases occurred during this brief time. In fact, Vernell flatly denies that any releases took place while she was involved with the Subject Property. There is simply no evidence suggesting or even implying that a release occurred as a result of Anderson's actions or during any time he was allegedly involved with the Dry-Cleaning facility.

In fact, other than presenting evidence that hazardous materials have contaminated the soil at the Subject Property, Casa Nido has presented no evidence as to when this contamination occurred. Apparently, it was first discovered by Casa Nido in 2014. For these reasons, Casa Nido's Second Motion for Partial Summary Judgment should be denied in its entirety.

V. **EVEN IF THE COURT WERE TO RULE IN CASA NIDO'S FAVOR, EQUITABLE PRINCIPLES AND THE INTERESTS OF JUSTICE COMPEL THAT ANDERSON'S PROPORTIONATE SHARE OF LIABILITY WOULD BE MINIMALLY LOW**

At best, Casa Nido has established that from around August 1977 through June of 1980 Anderson may have been a purported owner of the Dry-Cleaning business located at the Subject Property by virtue of signing a Sales Agreement in July of 1977. (See Exhibits attached to Exhibit 12 of Casa Nido's Compendium of Exhibits). However, the terms and conditions as well as the performance of the Sales Agreement were hotly contested between Vernell and Anderson on the one hand, and Co-Defendant KATHERINE O'HANKS ("O'Hanks") and her late husband Roy O'Hanks on the other hand, such that the O'Hanks were granted possession of the premises as a result of litigation in 1980.

As mentioned in Casa Nido's Motion, the Subject Property was occupied by a Commercial Dry-Cleaning facility from approximately 1960 through June of 2015, a

DEFENDANT EARL RAY ANDERSON'S OPPOSITION TO CASA NIDO'S
SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT

period of 55 years. Given that Anderson's only alleged involvement at the site was for 2 years at best, his proportionate share of liability would admittedly be minimal. Recently, and without admitting any liability, Anderson agreed to a cost sharing allocation of 1.5% with respect to future remediation at the site pursuant to the DTSC Order. Anderson submits that this would be an appropriate allocation of his alleged contribution if liability should attach.

## VI. CONCLUSION

For the reasons set forth above, there exist triable issues of material fact with respect to Anderson's involvement at the former OMO's Dry-Cleaning facility located at the Subject Property including his status as an "owner" and/or "operator" and whether any "releases" occurred during this brief time period. Therefore, Casa Nido's Second Motion for Partial Summary Judgment should be denied in its entirety as it pertains to Anderson.

Dated: July 19, 2024

GURNEE MASON RUSHFORD
BONOTTO & FORESTIERE LLP

By: _____
DANIEL P. COSTA
Attorneys for Defendant/Cross-Defendant,
EARL RAY ANDERSON

# PROOF OF SERVICE

COURT: United States District Court – Northern California District
CASE NAME: *Casa Nido Partnership v. Catherine O'Hanks, et al.*
ACTION NO.: 4:20-CV-7923-EMC

I am a citizen of the United States. My business address is 2240 Douglas Boulevard, Suite 150, Roseville, California 95661. I am employed in the County of Placer where this mailing occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served the foregoing document(s) described as:

**DEFENDANT EARL RAY ANDERSON'S OPPOSITION TO CASA NIDO'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT**

on said date at my place of business, a true copy thereof enclosed in a sealed envelope prepaid for first-class mail for collection and mailing that same day in the ordinary course of business, addressed to the parties as follows:

| **ATTORNEY FOR PLAINTIFFS:** | **ATTORNEYS FOR CATHERINE O'HANKS:** |
|---|---|
| Rachel S. Doughty<br>Jessica L. Blome<br>Richard A. Brody<br>GREENFIRE LAW, PC<br>2748 Adeline Street, Suite A<br>Berkeley, CA 94703<br>(510) 900-9502<br>rdoughty@greenfirelaw.com<br>jblome@greenfirelaw.com<br>rbrody@greenfirelaw.com<br>service@greenfirelaw.com | William Noel Edlin<br>Christopher Dow<br>Edlin Gallagher Huie Blum<br>500 Washington Street, Suite 700<br>San Francisco, CA 94111<br>(415) 397-9006<br>nedlin@eghblaw.com<br>cdow@eghblaw.com |
| **ATTORNEY FOR LYNNE MARIE GARIBOTTI:** | **ATTORNEYS FOR CATHERINE O'HANKS:** |
| Shannon B. Jones<br>Mark A. Chuang<br>Jones Law Group, PC<br>208 W. El Pintado Road<br>Danville, CA 94526<br>T: (25) 837-2315<br>shannon@rjoneslawgroup.esq<br>bhumi@joneslawgourp.esq | Rohit A. Sabnis<br>Keller and Heckman LLP<br>Three Embarcadero Center, Suite 1420<br>San Francisco, CA 94111<br>(415) 948-2807<br>sabnis@khlaw.com |

PROOF OF SERVICE

| ATTORNEYS FOR SANDRA KATE VERNELL (formerly known as Sandra Kate Anderson): | ATTORNEYS FOR SENTRY INSURANCE CO.: |
|---|---|
| Sage R. Knauft<br>James Landon Mink<br>WFBM, LLP<br>255 California Street, Suite 525<br>San Francisco, CA 94111<br>sknauft@wfbm.com<br>jmink@wfbm.com | Linda Wendell Hsu<br>John Bauman<br>Selman Leichenger Edson Hsu Newman & Moore LLP<br>33 New Montgomery, Suite 1850<br>San Francisco, CA 94105<br>(415) 979-0400<br>lhsu@selmanlaw.com<br>bauman@selmanlaw.com |

[ ]  (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Roseville, California.

[X]  (BY ELECTRONIC TRANSMISSION) I caused such document(s) to be sent electronically to the above named at the e-mail addresses indicated.

[ ]  (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to whom it is to be served.

[X]  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 19, 2024, at Roseville, California.

_____
Cheyenne Randall
crandall@gurneelaw.com

PROOF OF SERVICE