SHANNON B. JONES (SBN 149222)
**JONES LAW GROUP, P.C.**
208 W. El Pintado Road
Danville, CA, 94526
T: (925) 837-2315
Email: shannon@joneslawgroup.esq

Attorneys for Defendant, Cross-Defendant
and Cross-Claimant LYNNE MARIE GARIBOTTI
aka LYNNE GARIBOTTI BLOWER
aka LYNNE G. BLOWER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASA NIDO PARTNERSHIP, a California Partnership,<br><br>        Plaintiff,<br><br>        v.<br><br>CATHERINE O'HANKS; JAE KWON aka JAY KWON aka JAY KWON SHIK aka JAY SHIK KWON; LYNNE MARIE GARIBOTTI aka LYNNE GARIBOTTI BLOWER aka LYNNE G. BLOWER, as trustee the Claudio Garibotti Trust, dated May 1, 1952; and SENTRY INSURANCE COMPANY,<br><br>        Defendants.<br><br>AND RELATED CROSS-ACTIONS. | Case No. 3:20-cv-07923-EMC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT, PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 877.6, BY LYNNE MARIE GARIBOTTI**<br><br>Date:    February 20, 2025<br>Time:   1:30 p.m.<br>Crtm:   5, 17th Floor / SF Division<br>Judge:  Edward M. Chen |

Defendant, Cross-Defendant, and Cross-Claimant LYNNE MARIE GARIBOTTI aka LYNNE GARIBOTTI BLOWER aka LYNNE G. BLOWER ("Garibotti") respectfully submits the following memorandum of points and authorities in support of her motion for an order determining that her settlement with Plaintiff was made in good faith.

## I.     **INTRODUCTION**

In its Third Amended Complaint ("TAC"), Plaintiff Casa Nido Partnership ("Casa Nido") premises Ms. Garibotti's liability on her association with a trust that Casa Nido claims is

liable for pollution on real property that Casa Nido now owns. Ms. Garibotti, however, was only a beneficiary of the trust alleged in the Third Amended Complaint, and was never a trustee. Beneficiaries of trusts cannot be liable for the trust's liabilities. *Mottashed v. Central & Pac. Imp. Corp.*, 8 Cal. App. 2d 256, 259-260 (1935); *California Department of Toxic Substances Control v. Dee M. McLemore Trust*, 2019 WL 5684535, at *3 (N.D. Cal. 2019). Ms. Garibotti is in her 80's, on a fixed income and has no applicable insurance.

At a settlement conference earlier this year, Plaintiff and Ms. Garibotti reached a settlement of $20,000, subject to a finding by the Court that the settlement was made in good faith. By this motion, Ms. Garibotti is requesting that the Court terminate Catherine O'Hanks' counterclaims, as well as any other potential counter-claims, against Ms. Garibotti and allow this settlement to move forward. Given that there is no liability on the part of Ms. Garibotti, the settlement is reasonable and within the ballpark of good faith.

## II.    STATEMENT OF FACTS

Casa Nido's claims arise from a trust (the "Garibotti Trust") alleged in the TAC. (Casa Nido Am. Compl. [DKT 41] ¶7.) More specifically, the claims arise from the real property located at 12210 San Pablo Avenue, Richmond, California ("the Property") allegedly owned by the Garibotti Trust from 1952 to 1976. (Casa Nido Am. Compl. [DKT 41] ¶¶ 7, 9.)

Ms. Garibotti, however, was only ever a beneficiary of the Garibotti Trust. (Declaration of Lynn Garibotti Para 3. Trust Agreement Exhibit 1 and 2.) Letter from Garner to Garibotti Blower[1] (July 20, 1977).) She was never a trustee. (Garibotti Decl., Para 3.)

The Garibotti Trust was created on May 1, 1952. (Garibotti Decl., Para 2.) (Exhibit 1 to Garibotti's Decl.) Ms. Garibotti, who was born in 1942, was a beneficiary of the Garibotti Trust upon its creation, and remained so until her thirty-fifth birthday. (Garibotti Decl., Para 2.) On her thirty-fifth birthday in 1977, the Garibotti Trust dissolved on its own terms. (Garibotti Decl., Para 2.) Letter from Garner to Garibotti Blower (July 20, 1977) attached as Exhibit 2 to Garibotti's Decl.) Consequently, for the entire period upon which Casa Nido premises its claims

[1] In 1977, Ms. Garibotti used the name Ms. Garibotti Blower.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT, PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 877.6, BY LYNNE MARIE GARIBOTTI

against Ms. Garibotti (1952-1976), Ms. Garibotti was a beneficiary, not a trustee, of the Garibotti Trust.  (Garibotti Decl., Para 3.)

### III.    PROCEDURAL HISTORY

The Complaint in this action was filed on November 10, 2020.  A First Amended Complaint was filed on July 9, 2021.  On August 9, 2021, Ms. Garibotti filed a Motion to Dismiss.  On November 1, 2021, the Court denied Garibotti's Motion to Dismiss but noted [TO ADD].  On December 1, 2021, Plaintiff filed a Second Amended Complaint.  On December 5, 2021, Catherine O'Hanks filed a Cross-Claim against all Defendants, including Ms. Garibotti.  On November 15, 2021, Ms. Garibotti filed an Answer to the Complaint and Counterclaim.  On December 16, 2022, Plaintiff filed a Third Amended Complaint.  On December 30, 2022, Catherine O'Hanks filed a Cross-Claim against Ms. Garibotti.  On January 18, 2023, Ms. Garibotti filed an Answer to that Cross-Claim denying all liability.  On July 12, 2024, a settlement conference was held before magistrate, Judge Joseph C. Spero.  A settlement was reached between Garibotti and Plaintiff in the amount of $20,000.  (Declaration of Shannon B. Jones, Para. 2.)

### IV.    THE SETTLEMENT

#### A.    Settling Parties

The parties to the settlement are Garibotti and her successors, assigns, beneficiaries, and heirs, on the one hand, and Plaintiff and its successors, assigns, beneficiaries, and heirs, on the other.  (Jones' Decl., Para. 3.)

#### B.    The Terms of the Settlement

The terms of the settlement include the following:  Garibotti to pay Plaintiff the amount of Twenty Thousand Dollars ($20,000), an executed written release and settlement agreement, whereby Plaintiff release Garibotti from all claims, and a requirement that the settlement be determined by this Court to be in good faith.  (Jones' Decl., ¶4.)

/ / /

/ / /

/ / /

/ / /

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT, PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 877.6, BY LYNNE MARIE GARIBOTTI

**C.    List of Parties Who Have Appeared in the Action**

The following parties have appeared in this case:  Casa Nido Partnership; Jae Kwon; Catherine O'Hanks; Lynn Garibotti; Century Insurance Company; Sandra Kate Vernell; Earl Ray Anderson; JiBeom Kwon.

## V.    LEGAL ARGUMENT

**A.    The Settlement Warrants a Good Faith Determination**

1.    Legal Standard

In evaluating whether a settlement is in good faith, the Court will consider:  (1) a rough approximation of the plaintiff's total recovery and the settlor's proportionate liability; (2) the amount paid in settlement; (3) the settling defendant's relative insolvency and insurance coverage; (4) uncertainty of liability and the nature of the damages; (5) the existence of collusion or fraud aimed at injuring the interests of the non-settling defendants; and (6) a recognition that a settlor should pay less in settlement than the settlor would if found liable at trial.  (*See Tech-Bilt, Inc. v. Woodward-Clyde & Assoc.* (1985) 38 Cal.3d 488, 499; see also *Standard Pacific of San Diego v. A.A. Baxter Corp.* (1986) 176 Cal.App.3d 577, 583.)  Not every factor applies in every case. (See *Dole Food Co., Inc. v. Superior Court* (2015) 242 Cal.App.4th 894, 909.)

The evidence considered on a motion for good faith settlement determination is limited to information available to the settling parties when they settled.  (See *Toyota Motor Sales U.S.A., Inc. v. Superior Court* (1990) 220 Cal.App.3d 864, 878.)  Any party objecting to a proposed settlement has the burden to prove an absence of good faith.  (*See* Code Civ. Proc., §877.6(d); *North County Contractor's Assn. v. Touchstone Ins. Services* (1994) 27 Cal.App.4th 1085, 1091.)

If the non-settling defendants do not oppose a motion for a good faith settlement determination, a "barebones motion which sets forth the ground of good faith accompanied by a declaration which sets forth a brief background of the case is sufficient." (See *City of Grand Terrace v. Superior Court* (1987) 192 Cal.App.3d 1251, 1261.)

/ / /

/ / /

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT, PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 877.6, BY LYNNE MARIE GARIBOTTI

2.  Application of CCP 877.6 in Federal Court

The Ninth Circuit has held that California Code of Civil Procedure section 877 constitutes substantive law and, therefore, that federal courts look to California law to decide whether a settlement was made in good faith with respect to the state law tort claims.  Id.  (citing Fed. Savings & Loan Ins. Corp. v. Butler, 904 F.2d 505, 511 (9th Cir.1990)).  Although California Code of Civil Procedure section 877.6 is the procedural mechanism for section 877, "the case law is clear that state settlement provisions amount to substantive, rather than purely procedural, law." Slaven v. BP Am., Inc., 958 F. Supp. 1472, 1477–78 (C.D. Cal. 1997).

3.  Appointment of Liability Under CERCLA

CERCLA is silent as to whether contribution protection and the reduction of the remaining liability applies to settlement agreements between private parties.  In the absence of express authority, the Ninth Circuit looked to another CERCLA provision for the authority to allocate costs and afford contribution protection in settlements between private parties:  "In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate."  42 U.S.C. § 9613(f)(1).

In AmeriPride Servs. Inc. v. Tex. E. Overseas Inc., 782 F.3d 474, 487 (9th Cir. 2015) the Ninth Circuit held that "a district court has discretion under [this provision] to determine the most equitable method of accounting for settlements between private parties in a contribution action."  When considering the equitable allocation of costs, courts weigh the so-called "Gore Factors." They are "(1) the ability of the parties to demonstrate that their contribution to a discharge, release or disposal of a hazardous waste can be distinguished; (2) the amount of the hazardous waste involved; (3) the degree of toxicity of the hazardous waste involved; (4) the degree of involvement by the parties in the generation, transportation, treatment, storage, or disposal of the hazardous waste; (5) the degree of care exercised by the parties with respect to the hazardous waste concerned, taking into account the characteristics of such hazardous waste; and (6) the degree of cooperation by the parties with Federal, State, or local officials to prevent any harm to the public health or the environment."  TDY Holdings, LLC v. United States, 885 F.3d 1142, 1146, n. 1 (9th Cir. 2018).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT, PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 877.6, BY LYNNE MARIE GARIBOTTI

**B.    The Settlement is Proportionate, Given the Settlement Amount and the Uncertainty of Liability**

The settlement should be within the "reasonable range of the settling tortfeasor's proportional share of comparative liability for the plaintiff's injuries." (See *Tech-Bilt, Inc. v. Woodward-Clyde & Assoc.* (1985) 38 Cal.3d 488, 499.)  A settlement may be in good faith "even if the settling tortfeasor does not pay a sum precisely commensurate with its proportionate share of liability."  (See *Far West Financial Corp. v. D & S Co.*, (1988) 46 Cal.3d 796, 816.)  Further, in determining proportionate liability, the court evaluates the amount of settlement in proportion to the probable recovery, as opposed to the amount demanded by the plaintiff.  (See *Kohn v. Superior Court* (1983) 142 Cal.App.3d 323, 327.)  Where a plaintiff's damages figures are exaggerated, the court can ignore those amounts in determining whether or not a settlement is "in the ballpark." (See *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 964.)  "The ultimate determination of good faith is whether the settlement is grossly disproportionate to what a reasonable person at the time of settlement would estimate the settlor's liability to be."  (See *City of Grand Terrace v. Superior Court* (1987) 192 Cal.App.3d 1251, 1262.)  Even a disproportionately low settlement may be justified by a showing that damages or liability are speculative. (See *Tech-Bilt*, 38 Cal.3d at 499; see also *Cahill*, 194 Cal.App.4th at 965 ("In this case the court could rationally conclude…that Cahill's lack of any viable theory of causation, and thus liability, against Owners based on the remote clearance violation…would provide Cahill little, if any chance, of recovery at trial.").)

1.   As a Beneficiary, Garibotti Has No Liability

Casa Nido's claims against Ms. Garibotti are premised on the Third Amended Complaint's allegations that: (1) the Garibotti Trust owned the site at issue from 1952 to 1976; and (2) Ms. Garibotti was a trustee of the Garibotti Trust.  In fact, however, Ms. Garibotti was only ever a beneficiary of the Garibotti Trust, and never a trustee.  Garibotti Decl., Para 3.) California law is clear: a beneficiary is not responsible for a trust's liabilities.  *Mottashed.*, 8 Cal. App. 2d at 259-260; *Dee M. McLemore Trust*, 2019 WL 5684535, at *3.

*Dee M. McLemore Trust* is similar to, and dispositive of, Casa Nido's claims

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT, PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 877.6, BY LYNNE MARIE GARIBOTTI

against Ms. Garibotti.  There, Judge William Alsup of this Court analyzed claims of liability under CERCLA based upon the defendant's status as the beneficiary of a trust.  After analyzing California law, Judge Alsup held "beneficiaries do not constitute owners for purposes of CERCLA liability" and granted the defendant's motion to dismiss for failure to state a claim on the grounds that a trust beneficiary is not liable for the liabilities of a trust under California law.  *Id.* at *3.

The same analysis is required in this case, which involves similar claims against Ms. Garibotti and the same operative legal principles:  Ms. Garibotti, as a beneficiary of the Garibotti Trust, is not liable for the trust's liabilities, including all those alleged in the TAC.

2. <u>This Court May Decide the Equitable Allocation of Costs Under CERCLA</u>

"[A] district court has discretion under § 9613(f)(1) to determine the most equitable method of accounting for settlements between private parties in a contribution action." *Ameripride Services, Inc. v. Texas Eastern Overseas, Inc.*, 782 F.3d 474, 487 (9th Cir. 2015).  Courts typically choose between the pro tanto approach and the proportionate share approach, "competing methods of accounting for a settling party's share when determining the amount of a nonsettling defendant's liability." *Id.* at 484.  *AmeriPride* gives district courts discretion to use either the pro tanto or proportionate share approaches:  "[T]he court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate." *Id.*  at 486.  While the decision is within the district court's discretion, electing to use a method that would "produce plainly inequitable results could constitute abuse of discretion." *Id.* at 488.

The "Gore Factors" applicable to the present case are the parties' contribution and involvement in the generation, treatment, storage, or disposal of the hazardous waste and the degree of care exercised by the parties with respect to the hazardous waste concerned. *TDY Holdings, LLC v. United States*, 885 F.3d 1142, 1146, n. 1 (9th Cir. 2018).

The proposed settlement agreement is an equitable allocation of costs under CERCLA based on Garibotti's lack of fault.  Applying the Gore Factors, Garibotti's contribution and involvement in the generation, treatment, storage, or disposal of the hazardous waste is minimal, and it is therefore, within the Court's discretion to approve the Garibotti's settlement.

/ / /

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT, PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 877.6, BY LYNNE MARIE GARIBOTTI

**C.** **The Settlement Is Appropriate Under the Remaining _Tech-Bilt_ Factors**

**1.** **Insolvency and Insurance Coverage**

Ms. Garibotti is in her 80s, retired, and on a limited fixed income. She does not have applicable insurance. (See Garibotti Decl., Para. 6.)

**2.** **There is No Fraud or Collusion**

This settlement was reached at a settlement conference before Judge Spero. There was no fraud nor collusion (see Jones Decl., Paras. 2 and 5.)

**3.** **Recognition that Settlor Should Pay Less in Settlement**

A settling party should pay less in settlement than that party would pay if found liable at trial. (See _Tech-Bilt, Inc. v. Woodward-Clyde & Assoc._ (1985) 38 Cal.3d 488, 499.) As set forth above, it is extremely unlikely that any party would be able to establish that Garibotti is liable for any of Plaintiff's alleged damages, and the settlement represents a "discount" of the amount of any such alleged liability. Even if that were not the case, the law recognizes that a settling party paying less in settlement than the amount of damages for which it is allegedly liable does not disqualify a settlement from a judicial determination that it is in good faith. (See _Tech-Bilt, Inc. v. Woodward-Clyde & Assoc._ (1985) 38 Cal.3d 488, 499.)

**VII.** **CONCLUSION**

The settlement satisfies the criteria set forth in _Tech-Bilt_. The settlement payment to be made by Garibotti is well within the _Tech-Bilt_ ballpark, given the lack of evidence of any wrongdoing by Garibotti. The settlement also satisfies the fundamental policy of encouraging and protecting settlements. Accordingly, the settlement should be found to be in good faith, and any

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT, PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 877.6, BY LYNNE MARIE GARIBOTTI

1   claims against Garibotti by alleged joint tortfeasors or co-obligors for equitable contribution or

2   partial, comparative fault, or implied or equitable indemnity should be forever barred.

3   Dated: December 31, 2024          JONES LAW GROUP, P.C.

4

5                                      By: _____

6                                          SHANNON B. JONES
                                           Attorneys for Defendant, Cross-Defendant
6                                          and Cross-Claimant LYNNE MARIE
                                           GARIBOTTI aka LYNNE GARIBOTTI
7                                          BLOWER aka LYNNE G. BLOWER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DETERMINATION OF
GOOD FAITH SETTLEMENT, PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 877.6, BY LYNNE
MARIE GARIBOTTI

**PROOF OF ELECTRONIC SERVICE**
**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT**
*Casa Nido Partnership v. O'Hanks, et al.*
**Case No. 4:20-cv-07923-EMC**

**DECLARATION**

1.    I am at least 18 years old.  My business address is 208 W. El Pintado Road, Danville, CA 94526.

2.    My electronic service address is bhumi@joneslawgroup.esq with a copy to shannon@joneslawgroup.esq (all addresses must be used for any electronic service).

3.    I electronically served the following documents: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT, PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 877.6 BY LYNNE MARIE GARIBOTTI.**

4.    On the date set forth within the signature block below, I electronically served the documents listed above in 3 as follows (name(s) of person(s) served, attorney(s) through whom service was made (if applicable), and email address(es) of person(s) served):

| | |
|---|---|
| Rachel Susanna Doughty, Esq.<br>Jessica L. Blome, Esq.<br>Richard A. Brody, Esq.<br>Greenfire Law, PC<br>P.O. Box 8055<br>Berkeley, CA  94707<br>rdoughty@greenfirelaw.com<br>jblome@greenfirelaw.com<br>rbrody@greenfirelaw.com<br>administrative@greenfirelaw.com<br>astrauss@greenfirelaw.com<br>service@greenfirelaw.com | *Attorneys for Plaintiff and Cross-Defendant*<br>*Casa Nido Partnership* |
| Paul S. Kibel, Cal. Bar No. 168454<br>WATER AND POWER LAW GROUP, P.C.<br>2140 Shattuck Avenue, Suite 801<br>Berkeley, CA 94704<br>pskibel@waterpowerlaw.com | *Co-Counsel for Plaintiff and Cross-Defendant*<br>*Casa Nido Partnership* |
| William Noel Edlin, Esq.<br>Jesper I. Rasmussen, Esq.<br>Christopher J. Dow, Esq.<br>Andrew D. Perez, Esq.<br>Edlin Gallagher Huie & Blum<br>500 Washington Street, Suite 700<br>San Francisco, CA 94111<br>nedlin@eghblaw.com<br>jrasmussen@eghblaw.com | *Attorneys for Defendant, Counter-Claimant*<br>*and Cross-Claimant Catherine O'Hanks* |

cdow@eghblaw.com
aperez@eghblaw.com
eempero@eghblaw.com
eserve@eghblaw.com

Rohit A. Sabnis, Esq.                    *Co-Counsel for Defendant, Counter-Claimant*
Keller and Heckman LLP                   *and Cross-Claimant Catherine O'Hanks*
Three Embarcadero Center, Suite 1420
San Francisco, CA 94111
sabnis@khlaw.com

William M. Sloan, Esq.                   *Jae Kwon's Successors in Interest*
Sarah M. Hoffman, Esq.
Venable, LLP
101 California Street, Suite 3800
San Francisco, CA 94111
smhoffman@venable.com
wmsloan@venable.com

James L. Mink, Esq.                      *Attorneys for Defendant Sandra K. Vernell*
Sage R. Knauft, Esq.
WFBM, LLP
255 California Street, Suite 525
San Francisco, CA 94111
jmink@wfbm.com
sknauft@wfbm.com

Daniel P. Costa, Esq.                    *Attorneys for Earl Ray Anderson*
Gurnee Mason Rushford Bonotto & Forestie
2240 Douglas Boulevard, Suite 150
Roseville, CA 95661
dcosta@gurneelaw.com
crandall@gurneelaw.com

Linda Wendell Hsu, Esq.                  *Attorneys for Defendant, Counter-Defendant*
John E. Bauman, Esq.                     *Sentry Insurance Company*
Selman Leichenger Edson Hsu
Newman & Moore LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105-4537
lhsu@selmanlaw.com
jbauman@selmanlaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:    December 31, 2024

B. DAHYA
Name of Declarant                        Signature of Declarant

PROOF OF SERVICE