1  SHANNON B. JONES (SBN 149222)
   **JONES LAW GROUP, P.C.**
2  208 W. El Pintado Road
   Danville, CA, 94526
3  T: (925) 837-2315
4  Email: shannon@joneslawgroup.esq

5  Attorneys for Defendant, Cross-Defendant
   and Cross-Claimant LYNNE MARIE GARIBOTTI
6  aka LYNNE GARIBOTTI BLOWER
   aka LYNNE G. BLOWER
7

8                 UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10 | CASA NIDO PARTNERSHIP, a California | Case No.  3:20-cv-07923-EMC
11 | Partnership, |
   | | **DECLARATION OF LYNNE MARIE**
12 | Plaintiff, | **GARIBOTTI IN SUPPORT OF THE**
   | | **MEMORANDUM OF POINTS AND**
13 | v. | **AUTHORITIES IN SUPPORT OF**
   | | **MOTION FOR GOOD FAITH**
14 | CATHERINE O'HANKS; JAE KWON aka | **SETTLEMENT**
   | JAY KWON aka JAY KWON SHIK aka JAY |
15 | SHIK KWON; LYNNE MARIE GARIBOTTI | Date:     February 20, 2025
   | aka LYNNE GARIBOTTI BLOWER aka | Time:     1:30 p.m.
16 | LYNNE G. BLOWER, as trustee the Claudio | Crtm:     5, 17th Floor / SF Division
   | Garibotti Trust, dated May 1, 1952; and | Judge:    Edward M. Chen
17 | SENTRY INSURANCE COMPANY, |
18 | Defendants. |
19 | |
   | AND RELATED CROSS-ACTIONS. |
20

21         I, Lynne Marie Garibotti, declare:

22         1.     I am a Defendant, Counter-Complainant, and Counter-Defendant in this

23 action.  I have personal knowledge of the facts set forth herein and if called upon to testify, I could

24 and would competently testify thereto.

25         2.     I was born in 1942.  The Garibotti Trust was created on or about May 1,

26 1952.  I was a beneficiary of the Garibotti Trust upon its creation and remained so until my 35th

27 birthday.  On my 35th birthday, which occurred in 1977, the Garibotti Trust dissolved on its own

28 terms.

1          3.     For the entire period upon which Plaintiff premises its claims against me

2    (1952 to 1976), I was a beneficiary, not a trustee of the Garibotti Trust.  Attached hereto as Exhibit

3    1 and 2 are true and correct copies of the trust and letter confirming my role.

4          4.     In or about 1976, the Garibotti Trust sold the real property located at 12210

5    San Pablo Avenue, Richmond, California ("the Property").  At the time of the sale, I was a

6    beneficiary of the Trust and not a trustee.

7          5.     I was not involved in any decisions regarding the Property nor did I ever

8    manage, control, or participate in the management or disposition of the Property.

9          6.     I am on a fixed income and do not have any applicable insurance.

10         I declare under the penalty of perjury under the laws of the State of California that

11   the foregoing is true and correct.  Executed this _31_ day of December, 2024 at *Danville*

12   California.

13

14                              *Lynne M. Garibotti*

15                              LYNNE MARIE GARIBOTTI

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF LYNNE MARIE GARIBOTTI IN SUPPORT OF THE MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTON FOR GOOD FAITH SETTLEMENT

# EXHIBIT 1

*Lynne Garibotti*

<u>TRUST AGREEMENT</u>

THIS AGREEMENT, made this ___1___ day of *May*, 1952, by and between <u>CLAUDIO GARIBOTTI</u> of Lafayette, California, hereinafter called "Trustor," and <u>CLARENCE J. GARIBOTTI</u> of Walnut Creek, California, hereinafter called "Trustee,"

W I T N E S S E T H:

That the Trustor hereby has, contemporaneously with the execution hereof, conveyed to the Trustee the real property described in Schedule A hereunto attached and made a part hereof, and has assigned to the Trustee all of Trustor's right, title and interest in and to the leases therein referred to. The said property together with any other property that may later become subject to this trust shall constitute the trust estate and shall be held, administered and distributed by the Trustee as provided herein.

<u>First</u>: The Trustor shall have the right at any time to add to this trust other property acceptable to the Trustee, which additional property upon its receipt and acceptance by the Trustee shall become a part of the trust estate.

<u>Second</u>: This trust is irrevocable and no power to amend any of the provisions of this trust agreement is reserved by the Trustor.

<u>Third</u>: This trust is primarily for the benefit of Lynne Marie Garibotti, grandchild of the Trustor, and who for all purposes of this trust shall be deemed to have been born on August 4, 1942.

<u>Fourth</u>: Until said Lynne Marie Garibotti has attained the age of 21 years, the Trustee shall in his sole and absolute

discretion apply the income of the trust estate for the care, education, support and maintenance of said Lynne Marie Garibotti and shall have the power to expend such amounts from the principal of the trust estate, up to the whole thereof, as in his sole and absolute discretion shall be necessary or desirable in the event of any unusual illness, accident or other financial emergency of said Lynne Marie Garibotti. Undistributed income shall be accumulated and added to the principal of the trust estate.

Fifth: When said Lynne Marie Garibotti has attained the age of 21 years, the Trustee shall pay to her the net income of the trust estate, but not in excess of $500 per month, and the Trustee may in his sole and absolute discretion pay to or apply for the benefit of the said Lynne Marie Garibotti such amounts of the principal of the trust estate, up to the whole thereof, as in his sole and absolute discretion may be for the best interests of said Lynne Marie Garibotti. Undistributed income shall be accumulated and added to the principal of the trust estate.

Sixth: When said Lynne Marie Garibotti has attained the age of 35 years, this trust shall terminate and all the trust estate in the hands of the Trustee shall forthwith be delivered to the said Lynne Marie Garibotti free of trust.

Seventh: In the event that said Lynne Marie Garibotti does not survive the termination of this trust, as hereinabove provided, then upon her death this trust shall terminate and all the trust estate, including the undistributed income thereof, shall be transferred and delivered by the Trustee to the then living issue, per stirpes, of said Lynne Marie Garibotti. Should there be no such issue, the Trustee shall transfer and deliver the said property to the then Trustee of that certain trust for the benefit of Claude James Garibotti, grandchild of Trustor, established by agreement of even date herewith, by and between

-2-

Claudio Garibotti, as Trustor, and Clarence J. Garibotti, as
Trustee, to be held, administered and distributed for the uses
and purposes therein set forth; but if said trust for the bene-
fit of Claude James Garibotti be then wholly terminated, then to
said Claude James Garibotti if he survives the termination of
this trust, and if not, to the issue, per stirpes, of the said
Claude James Garibotti surviving the termination of this trust.
Should the said Claude James Garibotti leave no such issue,
then the Trustee shall transfer and deliver the trust estate,
including undistributed income thereon, to the heirs at law
of said Lynne Marie Garibotti, excluding, however, any surviving
spouse of the said Lynne Marie Garibotti.

Eighth:  The rights, powers and duties of the Trustee
with respect to the management and investment of the trust estate
shall be as follows:

(a)  The Trustee is authorized to retain in the trust
for such time as he may deem advisable any property received by
him hereunder during the existence of this trust.

(b)  The Trustee shall have full power with respect to
the property of the trust estate or any part thereof and upon such
terms and in such manner as he may deem advisable to sell, convey,
exchange, convert, improve, repair, manage and control; to operate
any business or other income-producing property; to lease for
terms within or beyond the term of this trust and for any purpose,
including exploration for and removal of gas, oil, minerals and
timber and to participate in community oil leases and unitization
agreements; to borrow money for any trust purpose and to encumber
or hypothecate by mortgage, deed of trust, pledge or otherwise; to
lend money with or without security; to carry insurance of such
kinds and in such amounts as the Trustee may deem advisable at

the expense of the trust; to compromise or otherwise adjust any claims against or in favor of the trust; to commence or defend such litigation with respect to the trust or any property of the trust estate as he may deem advisable at the expense of the trust; to invest and reinvest the trust estate in such property as the Trustee may deem advisable, whether or not of the character permitted by law for the investment of trust funds; and with respect to securities held in trust to vote, give proxies and pay assessments or other charges, to participate in foreclosures, reorganizations, consolidations, mergers, and liquidations and incident thereto to deposit securities with and transfer title to any protective or other committee upon such terms as the Trustee may deem advisable and to exercise or sell stock subscription or conversion rights; and the Trustee shall have such additional powers as may now or hereafter be conferred by law or as may be necessary to enable the Trustee to administer this trust in accordance with the provisions of this trust agreement.

(c)   The Trustee may hold any property constituting a part of the trust estate in his name as Trustee under this agreement, or in his name as Trustee without disclosure of the existence or terms of this agreement, or in his own name, or in the name of a nominee or nominees, or in such form that ownership will pass by delivery.

(d)   All taxes, assessments, fees, charges and other expenses incurred by the Trustee in the administration or protection of this trust including the compensation of the Trustee, as hereinafter provided, shall be a charge upon the trust estate and shall be paid by the Trustee in full out of the principal or in full out of the income of the trust estate or partially out of each of them in such manner and proportions as the Trustee in his absolute discretion may determine to be advisable, prior to

-4-

final distribution of the trust estate; and the determination
of the Trustee with respect to all such matters shall be con-
clusive upon all persons howsoever interested in this trust.

(e)  The Trustee shall have full power and authority
to determine in his absolute discretion what shall constitute
principal and net income under the terms of this trust, and the
determination of the Trustee with respect to all such matters
shall be conclusive upon all persons howsoever interested in
this trust.

(f)  The Trustee in the discharge of his duties shall
have the right to consult with legal counsel as to any matter
concerning the trust and shall not be liable or responsible for
any action that he may in good faith take or refrain from tak-
ing pursuant to such advice.  The Trustee shall determine and
pay said counsel a reasonable compensation and shall be entitled
to reimbursement therefor and for such other expenses and charges
as he may deem necessary or proper to incur in connection there-
with.

(g)  In any case in which the Trustee is required pur-
suant to the provisions hereof to divide the trust estate into
parts or shares or to distribute the same, the Trustee is
authorized and empowered in his absolute discretion to make such
division or distribution in kind or partly in money and partly
in kind, and for the purpose of such division the judgment of
the Trustee concerning the propriety thereof and the relative
value for the purpose of division or distribution of the property
so allotted shall be binding and conclusive upon all persons
interested therein.

(h)  The Trustee shall accept and hold, manage and
distribute pursuant to the terms hereof any property which may

-5-

be distributed to him pursuant to the terms of that certain
trust agreement of even date herewith for the benefit of Claude
James Garibotti, hereinabove referred to.

Ninth: No beneficiary of this trust shall have any
right to alienate, encumber or hypothecate his or her interest
in the principal or income of the trust in any manner, nor shall
such interest of any beneficiary be subject to claims of his or
her creditors or liable to attachment, execution or other process
of law.

Tenth: No purchaser from or other person dealing with
the Trustee shall be responsible for the application of any pur-
chase money or other thing of value paid or delivered to him, but
the receipt of the Trustee shall be a full discharge; and no pur-
chaser from or other person dealing with the Trustee and no
issuer or transfer agent or other agent of any issuer of any
securities to which any dealing with the Trustee shall relate,
shall be under any obligation to ascertain or inquire into the
power of the Trustee to purchase, sell, exchange, transfer,
mortgage, pledge, lease, distribute or otherwise in any manner
dispose of or deal with any securities or any other property held
by the Trustee or comprised in the trust estate.

Eleventh: The Trustee shall have the right to resign
at any time by the delivery of his resignation in writing to
the successor trustees hereinafter named, and upon such resig-
nation, or if for any other reason the Trustee shall cease to
act as such, Anna Josephine Garibotti and Oakland Bank of Com-
merce shall forthwith become successor trustees hereunder. If
for any reason said Anna Josephine Garibotti shall fail or cease
to act as such trustee, Paul Sedar Martinez shall forthwith become

-6-

successor trustee.  If for any reason said Paul Sedar Martinez shall fail or cease to act as such, Oakland Bank of Commerce shall forthwith become sole successor trustee.  Said successor trustees, while acting as such, shall succeed to all the rights, powers, and duties of Clarence J. Garibotti as Trustee hereunder.

Twelfth:  The individual trustee and individual successor trustees herein named shall not be entitled to compensation for their services as such, but the corporate trustee shall be entitled to reasonable compensation for its services as such.

Thirteenth:  This trust has been accepted by the Trustee and will be administered in the State of California, and its validity, construction, and all rights thereunder shall be governed under the laws of that state.  If any provision of this trust agreement should be invalid or unenforceable, the remaining provisions set forth shall continue to be fully effective.

IN WITNESS WHEREOF,  the Trustor and Trustee have executed this agreement the day and year first above written.

_____
Trustor

_____
Trustee

-7-

STATE OF CALIFORNIA,      }
                          }  ss.
County of Contra Costa    }

        On this __1__ day of May , 1952, before me,
Ata Williamson , a notary public in and for said county
and state, residing therein, duly commissioned and sworn, per-
sonally appeared CLAUDIO GARIBOTTI, known to me to be the person
described in and whose name is subscribed to the within instru-
ment, and acknowledged to me that he executed the same.

        IN WITNESS WHEREOF, I have hereunto set my hand and
affixed my official seal at my office in the county and state
aforesaid the day and year in this certificate first above
written.

                    NOTARY PUBLIC
                    in and for the County of
                    State of California

              My Commission Expires August 2, 1955

-8-

## SCHEDULE A

That real property in the City of El Cerrito, County of Contra Costa, State of California, described as follows:

Lot 10 in Block 1, as designated on the map entitled "The Henderson Tapscott Tract No. 1, Contra Costa Co., Cal.", which map was filed in the office of the Recorder of the County of Contra Costa, State of California, on April 1, 1907, in Volume 1 of Maps, at page 1.

That real property in the County of Contra Costa, State of California, described as follows:

Lot 36, as designated on the map entitled "Map of Unit No. 1 of Acalanes Center Subdivision, Contra Costa County, California", which map was filed in the office of the Recorder of the County of Contra Costa, State of California, on May 23, 1946 in Volume 29 of Maps, at page 35.

That real property situate in the Township of Vallejo, County of Solano, State of California, to wit:

Lot 9 in Block 1, as said lot and block are shown on that certain map entitled, "HIGHWAY HOMES ADDITION TO EAST VALLEJO, SOLANO COUNTY, CALIFORNIA", which map was filed for record in the office of the County Recorder of Solano County, California, Feb. 3, 1920, in Book 5 of Maps, page 23.

Excepting therefrom all that portion thereof conveyed to the State of California for highway purposes by deed dated Jan. 24, 1945, and recorded Feb. 20, 1946, in Book 339 of Official Records, page 76, Instrument No. 2833.

Lease dated June 14, 1950, between Claudio Garibotti and Albina Garibotti, Lessors, and Thomas G. Groves, Helen Groves, Arthur R. Blissner, and Ina Blissner, Lessees, demising certain real property in the County of Contra Costa, State of California.

Lease dated June 23, 1947, between Claudio Garibotti and Albina Garibotti, Lessors, and Richfield Oil Corporation, Lessee, demising certain real property in the Township of Vallejo, County of Solano, State of California.

-5-

# EXHIBIT 2

# UNION BANK

**Trust Department**

*50 California Street, Post Office Box 45500, San Francisco, California 94145*
*Telephone (415) 445-6130*

July 20, 1977

<u>Via Air Mail</u>

Mrs. Lynne Garibotti Blower
Via Caspiuccio Castracane No. 150
Lastra A. Signa
Firenze, Italia  50055

<u>Re: 1-5208</u>

Dear Mrs. Blower:

As you are aware, the trust for your benefit will terminate on your thirty-fifth birthday, August 4, 1977.

Pursuant to discussions we had in September of 1976, the Sacramento and San Pablo Avenue, Richmond, properties have been sold.  In each instance the trust took back a first deed of trust note.

Title to the notes and remaining assets will be reconveyed according to your wishes.  Will you kindly provide us with specific written instructions indicating the exact name or names into which the notes and real property should be conveyed.

Subsequent to August 4, 1977, we shall deliver cash assets, also according to your instructions.

Should you have any questions, please do not hesitate to get in touch.

Very truly yours,

James B. Garner
Assistant Vice President

JBG/bc
cc: Mrs. Anna J. Garibotti
    Co-Trustee

# U N I O N   B A N K

July 20, 1977

Via Air Mail

Mrs. Lynne Garibotti Blower
Via Caspiuccio Castracane No. 150
Lastra A. Signa
Firenze, Italia  50055

Re: 1-5208

Dear Mrs. Blower:

As you are aware, the trust for your benefit will terminate on your
thirty-fifth birthday, August 4, 1977.

Pursuant to discussions we had in September of 1976, the Sacramento and
San Pablo Avenue, Richmond, properties have been sold.  In each instance
the trust took back a first deed of trust note.

Title to the notes and remaining assets will be reconveyed according to
your wishes.  Will you kindly provide us with specific written instructions
indicating the exact name or names into which the notes and real property
should be conveyed.

Subsequent to August 4, 1977, we shall deliver cash assets, also according
to your instructions.

Should you have any questions, please do not hesitate to get in touch.

Very truly yours,

James B. Garner
Assistant Vice President

JBG/bc
cc: Mrs. Anna J. Garibotti
    Co-Trustee

**PROOF OF ELECTRONIC SERVICE**
**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT**
*Casa Nido Partnership v. O'Hanks, et al.*
**Case No. 4:20-cv-07923-EMC**

**DECLARATION**

1.     I am at least 18 years old.  My business address is 208 W. El Pintado Road, Danville, CA 94526.

2.     My electronic service address is bhumi@joneslawgroup.esq with a copy to shannon@joneslawgroup.esq (all addresses must be used for any electronic service).

3.     I electronically served the following documents: **DECLARATION OF LYNNE MARIE GARIBOTTI IN SUPPORT OF THE MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR GOOD FAITH.**

4.     On the date set forth within the signature block below, I electronically served the documents listed above in 3 as follows (name(s) of person(s) served, attorney(s) through whom service was made (if applicable), and email address(es) of person(s) served):

| | |
|---|---|
| Rachel Susanna Doughty, Esq.<br>Jessica L. Blome, Esq.<br>Richard A. Brody, Esq.<br>Greenfire Law, PC<br>P.O. Box 8055<br>Berkeley, CA  94707<br><br>rdoughty@greenfirelaw.com<br>jblome@greenfirelaw.com<br>rbrody@greenfirelaw.com<br>administrative@greenfirelaw.com<br>astrauss@greenfirelaw.com<br>service@greenfirelaw.com | *Attorneys for Plaintiff and Cross-Defendant*<br>*Casa Nido Partnership* |
| Paul S. Kibel, Cal. Bar No. 168454<br>WATER AND POWER LAW GROUP, P.C.<br>2140 Shattuck Avenue, Suite 801<br>Berkeley, CA 94704<br><br>pskibel@waterpowerlaw.com | *Co-Counsel for Plaintiff and Cross-Defendant*<br>*Casa Nido Partnership* |
| William Noel Edlin, Esq.<br>Jesper I. Rasmussen, Esq.<br>Christopher J. Dow, Esq.<br>Andrew D. Perez, Esq.<br>Edlin Gallagher Huie & Blum<br>500 Washington Street, Suite 700<br>San Francisco, CA 94111 | *Attorneys for Defendant, Counter-Claimant*<br>*and Cross-Claimant Catherine O'Hanks* |

PROOF OF SERVICE

1  nedlin@eghblaw.com
2  jrasmussen@eghblaw.com
   cdow@eghblaw.com
3  aperez@eghblaw.com
   eempero@eghblaw.com
4  eserve@eghblaw.com

5  Rohit A. Sabnis, Esq.                     *Co-Counsel for Defendant, Counter-Claimant*
   Keller and Heckman LLP                    *and Cross-Claimant Catherine O'Hanks*
6  Three Embarcadero Center, Suite 1420
   San Francisco, CA 94111
7
   sabnis@khlaw.com
8
   William M. Sloan, Esq.                    *Jae Kwon's Successors in Interest*
9  Sarah M. Hoffman, Esq.
   Venable, LLP
10 101 California Street, Suite 3800
   San Francisco, CA 94111
11
   smhoffman@venable.com
12 wmsloan@venable.com

13 James L. Mink, Esq.                       *Attorneys for Defendant Sandra K. Vernell*
   Sage R. Knauft, Esq.
14 WFBM, LLP
   255 California Street, Suite 525
15 San Francisco, CA 94111

16 jmink@wfbm.com
   sknauft@wfbm.com
17
   Daniel P. Costa, Esq.                     *Attorneys for Earl Ray Anderson*
18 Gurnee Mason Rushford Bonotto & Forestie
   2240 Douglas Boulevard, Suite 150
19 Roseville, CA 95661

20 dcosta@gurneelaw.com
   crandall@gurneelaw.com
21
   Linda Wendell Hsu, Esq.                   *Attorneys for Defendant, Counter-Defendant*
22 John E. Bauman, Esq.                      *Sentry Insurance Company*
   Selman Leichenger Edson Hsu
23 Newman & Moore LLP
   33 New Montgomery, Sixth Floor
24 San Francisco, CA 94105-4537
25
   lhsu@selmanlaw.com
26 jbauman@selmanlaw.com
27
28

1    I declare under penalty of perjury under the laws of the State of California that the foregoing is

2    true and correct.

3    Date:        December 31, 2024

4

5        B. DAHYA                                                                                    _____
        Name of Declarant                                                             Signature of Declarant

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE