UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASA NIDO PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>CATHERINE O'HANKS, et al.,<br><br>Defendants. | Case No. 20-cv-07923-EMC<br><br>**ORDER GRANTING DEFENDANT GARIBOTTI'S MOTION FOR SETTLEMENT IN GOOD FAITH**<br><br>Docket No. 264 |

## I. INTRODUCTION

This is a CERCLA liability case related to the release of hazardous substances on a property on San Pablo Avenue in Richmond, California ("Property"). In December 2024, Plaintiff Casa Nido Partnership ("Plaintiff" or "Casa Nido") and Defendant Lynne Garibotti ("Defendant" or "Garibotti") reached a settlement with the following terms: "Garibotti to pay Plaintiff the amount of Twenty Thousand Dollars ($20,000), an executed written release and settlement agreement, whereby Plaintiff release[s] Garibotti from all claims, and a requirement that the settlement be determined by this Court to be in good faith." Dkt. 266-1 at 2 (Jones Decl.). Now pending before the Court is Defendant's motion for settlement in good faith under California Code of Civil Procedure §§ 877 and 877.6. Defendant's motion is unopposed. *See* Dkt. 269 (Notice of Non-Opposition). For the following reasons, the Court **GRANTS** Defendant's motion.

## II. LEGAL STANDARD

California Code of Civil Procedure §§ 877 and 877.6 governs the effect of settlements by a joint tortfeasor or co-obligor. *Tech–Bilt, Inc. V. Woodward–Clyde & Assoc.*, 38 Cal.3d 488, 492, 213 Cal.Rptr. 256, 698 P.2d 159 (1985). Section 877 provides:

> Where a release, dismissal with or without prejudice, or a covenant

> not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort, or to one or more other co-obligors mutually subject to contribution rights, it shall have the following effect:
>
> (a) It shall not discharge any other such party from liability unless the terms so provide, but it shall reduce the claims against the others in the amount stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for it whichever is the greater.
>
> (b) It shall discharge the party to whom it is given from all liability for any contribution to any parties.

Cal. Civ. Proc. Code § 877. Thus, "Section 877 abrogated the common law rules that precluded the contribution among joint tortfeasors and that a release given to one joint tortfeasor would release all joint tortfeasors." *Gackstetter v. Frawley*, 135 Cal.App.4th 1257, 1270, 38 Cal.Rptr.3d 333 (2006).

For the settlement to bar any other joint tortfeasor or co-obligor from bringing any further claims against the settling party for contribution or indemnity, the Court must determine, *inter alia*, that the settlement was made in good faith. Cal.Code of Civ. P. § 877.6(c). Together, the statutes support "the encouragement of settlements and the equitable allocation of costs among multiple tortfeasors." *Tech–Bilt, Inc.*, 38 Cal.3d 498–99.

To determine whether a settlement has been made in good faith under § 877.6(b), "California courts consider (1) 'a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability'; (2) 'the amount paid in settlement'; (3) 'the allocation of settlement proceeds among plaintiffs'; and (4) 'a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial.'" *Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1064 (9th Cir. 2011) (citing *Tech–Bilt, Inc. v. Woodward–Clyde Associates*, 38 Cal.3d 488, 499, 213 Cal.Rptr. 256, 698 P.2d 159 (1985)). California courts also consider "the financial conditions and insurance policy limits of settling defendants, as well as the existence of collusion, fraud, or tortious conduct aimed to injure the interests of non-settling defendants." *Id.* Further, any "party asserting the lack of good faith shall have the burden of proof on that issue." Cal. Civ. Proc. Code § 877.6(d).

Regarding the evidence the Court considers to determine the issue, "the court must look at

the state of the evidence as it exists at the time the motion for a good faith determination is heard." *Toyota Motor Sales U.S.A., Inc. v. Superior Ct.*, 220 Cal. App. 3d 864, 871, 269 Cal. Rptr. 647, 650–51 (Ct. App. 1990), as modified (June 5, 1990). "The issue of the good faith of a settlement may be determined by the court on the basis of affidavits served with the notice of hearing, and any counter affidavits filed in response, or the court may, in its discretion, receive other evidence at the hearing." Cal. Civ. Proc. Code § 877.6(b).

### III.    DISCUSSION

#### A.    Amount Paid in Settlement and Settlor's Proportional Liability

The parties have not apprised the Court of "a rough approximation of plaintiff['s] total recovery." *Mason,* 632 F.3d at 1064. Thus, the Court evaluates whether the amount Ms. Garibotti would pay under the settlement is proportionate to her liability. *See Mason*, 632 F.3d at 1064 (holding that the district court did not abuse its discretion in determining that a settlement was made in good faith under Cal. Civ. Proc. Code § 877.6(b) by evaluating whether the distribution of settlement payments reflected the parties' respective "degree[s] of liability").

The $20,000 proposed settlement payment reflects Ms. Garibotti's relatively nominal liability. CERCLA imposes liability on "owner[s] and operator[s]" of contaminated property. 42 U.S.C.A. § 9607. However, Ms. Garibotti is neither. In its Third Amended Complaint, Casa Nido argues that Ms. Garibotti is responsible for the hazardous waste contamination at issue because she is the "sole beneficiary and successor trustee of the Claudio Garibotti Trust…which held title to the Property [at issue] from 1952 until 1976." Dkt. 147 at 3-4 (Third Amended Complaint). Casa Nido alleges that she is responsible because she "manag[ed] the Property from 1952 to 1976." *Id.* at 4. However, Ms. Garibotti states in her declaration that, from 1952 to 1976, she was a "beneficiary, not a trustee of the Garibotti Trust" and was neither "involved in any decisions regarding the Property nor did [she] ever manage, control, or participate in the management or disposition of the Property." Dkt. 266 at 2 (Garibotti Decl. ¶¶ 3, 5).

In *California Dep't of Toxic Substances Control v. Dee M. McLemore Tr.* (No. C 19-01116-WHA), the court evaluated whether a defendant could be "individually liable under CERCLA § 107 [(on liability for the release of hazardous substances)] as a beneficiary." 2019

3

WL 5684535, at *3 (N.D. Cal. Nov. 1, 2019) (dismissing claims related to trustee and beneficiary liability for CERCLA claims). Judge Alsup held that "beneficiaries do not constitute owners for purposes of CERCLA liability" because "trust beneficiary do[] not have full fee title to the property" that a trust owns. *California Dep't of Toxic Substances Control v. Dee M. McLemore Tr.*, 2019 WL 5684535, at *3 (citing *Beyer v. Tahoe Sands Resort*, 129 Cal. App. 4th 1458, 1476 (2005)). Thus, "beneficiaries rarely possess more than a few of the proverbial 'sticks in the bundle of rights'" that real owners hold. *Id.* Because Ms. Garibotti was a trust beneficiary at the time the Garibotti Trust owned the Property, she stated that she did not manage the property, and beneficiaries lack the traditional ownership rights of real owners, Ms. Garibotti is unlikely to satisfy the definitions of an "owner" or "operator" for purposes of determining liability under CERCLA. 42 U.S.C.A. § 9607. Thus, Ms. Garibotti has little to no liability for the release of hazardous substances at issue. Therefore, the relatively nominal proposed settlement payment of $20,000 reflects Ms. Garibotti's "proportionate liability." *Mason*, 632 F.3d at 1064.

### B. **Settlement Payment Versus Liability at Trial**

A "settlor should pay less in settlement than he would if he were found liable after a trial.'" *Mason*, 632 F.3d at 1064. However, Ms. Garibotti is unlikely to be held liable for the release of hazardous substances at issue because she fails to satisfy the "owner" or "operator" requirement for CERCLA liability. Thus, this factor is moot.

### C. **Financial Conditions and Insurance Policy Limits**

Ms. Garibotti is in her 80s and on a "limited fixed income." Dkt. 265 at 8. Consequently, the proposed settlement of $20,000 is reasonable given her financial conditions. Further, she does not have any applicable insurance, so the settlement amount does not exceed any policy limit. *See* Dkt. 266 at 2 (Garibotti Decl. stating "I am on a fixed income and do not have any applicable insurance"). Therefore, the factors of the settlor's financial conditions and applicable insurance policy limits support a finding that the settlement was made in good faith under California Code of Civil Procedure § 877.6.

### D. **Existence of Collusion, Fraud, or Tortious Conduct**

Finally, there is no evidence of collusion, fraud, or tortious conduct. Dkt. 266-1 at 2 (Jones

4

Decl.) The settlement was "reached at a settlement conference before Judge Spero." *Id*. Thus, the lack of fraud or collusion favors a finding that the settlement was made in good faith.

## IV. CONCLUSION

For the reasons above, the Court **GRANTS** Defendant Garibotti's motion for settlement in good faith under California Code of Civil Procedure §§ 877 and 877.6.

**IT IS SO ORDERED**.

Dated: February 14, 2025

_____
EDWARD M. CHEN
United States District Judge